**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| SHANITA D. SWANSON, Natural Mother and | ) | |
| Administrator of the Estate of Anthony J. Mitchell, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| Plaintiff, | ) | 20EV006691 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| FULTON COUNTY, GA, GRADY EMS, LLC, | ) | |
| JAMES LUSTER, JEREMIAH WHITEHEAD, | ) | |
| WILLIAM ROBERTS, JAMES BAUMGARTNER, | ) | |
| and JEREMY HOLLAND, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT'S NOTICE OF FILING OF REMOVAL

TO:   Clerk, State Court of Fulton County
      Plaintiff's Attorney of Record, Michael D. Harper, Esq.

COME NOW, Defendant FULTON COUNTY, GEORGIA, by and through its respective undersigned counsel, and without submitting to the jurisdiction of this Court, hereby advises this Court that on this day, March 10, 2021, it filed a Notice of Removal of this action with the United States District Court for the Northern District of Georgia, Atlanta Division, a true and correct copy of which is attached as Exhibit "A", effectuating the removal from this Court of the above-captioned action to the United States District Court for the Northern District of Georgia, Atlanta Division in accordance with 28 U.S.C. § 1446(d).

By virtue of law, the aforesaid case is now removed and all further proceedings in this Court are stayed.

Respectfully submitted, this 10th day of March, 2021.

**OFFICE OF THE FULTON COUNTY ATTORNEY**

Kaye Woodard Burwell
Interim County Attorney
Georgia Bar No. 775060

Ashley Palmer
Senior Assistant County Attorney
Georgia Bar No. 603514

*/s/ Jonathan Loegel*
Jonathan Loegel
Assistant County Attorney
Georgia Bar No. 755706
jonathan.loegel@fultoncountyga.gov

*Counsel for Defendant*
*Fulton County, GA*

141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
404-612-0246 (office)
404-730-6324 (facsimile)

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| SHANITA D. SWANSON, Natural Mother and | ) | |
| Administrator of the Estate of Anthony J. Mitchell, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| Plaintiff, | ) | 20EV006691 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| FULTON COUNTY, GA, GRADY EMS, LLC, | ) | |
| JAMES LUSTER, JEREMIAH WHITEHEAD, | ) | |
| WILLIAM ROBERTS, JAMES BAUMGARTNER, | ) | |
| and JEREMY HOLLAND, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on March 10, 2021, the undersigned counsel served a copy of

the foregoing **DEFENDANT'S NOTICE OF FILING OF REMOVAL** upon counsel for all

parties of record by depositing a copy of same in the United States Mail with adequate postage

affixed thereon and addressed as follows:

**MICHAEL D. HARPER, P.C.**
Michael D. Harper
3481 Lakeside Dr. N.E., Suite 2406
Atlanta, Georgia 30326
mharper@mharperlaw.com

*Attorney for Plaintiff*

**GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, LLP**
Harvey S. Gray
Alex Joseph
950 East Paces Ferry Road, N.E.
Suite 1700 – Salesforce Tower
Atlanta, Georgia 30326
(404) 870-7376 (Gray)
(404) 870-7389 (Joseph)
(404) 870-7374 (Fax)

hgray@grsmb.com
ajoseph@grsmb.com

*Attorneys for Defendants James Luster and Jeremiah Whitehead*

**THOMAS KENNEDY SAMPSON & TOMPKINS LLP**
Jeffrey E. Tompkins
Marriah N. Paige
3355 Main Street
Atlanta, Georgia 30337
(404) 688-4503
j.tompkins@tkstlaw.com
m.paige@tkstlaw.com

*Attorneys for Defendants Grady EMS, LLC; James Baumgartner; and Jeremy Holland*

This 10th day of March, 2021.

*/s/ Jonathan Loegel*
Jonathan Loegel
Assistant County Attorney
Georgia Bar No. 755706
jonathan.loegel@fultoncountyga.gov

***Counsel for Defendant***
***Fulton County, GA***

141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
404-612-0246 (office)
404-730-6324 (facsimile)

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

EXHIBIT A

| | |
|---|---|
| SHANITA D. SWANSON, Natural Mother and Administrator of the Estate of Anthony J. Mitchell, )<br><br>    Plaintiff, )<br><br>v. )<br><br><br>FULTON COUNTY, GA, GRADY EMS, LLC, JAMES LUSTER, JEREMIAH WHITEHEAD, WILLIAM ROBERTS, JAMES BAUMGARTNER, and JEREMY HOLLAND, )<br><br>    Defendants. ) | CIVIL CASE NO.<br><br>_____ |

## DEFENDANT FULTON COUNTY, GEORGIA'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA:

COMES NOW, the Defendant, FULTON COUNTY, GEORGIA, pursuant to 28 U.S.C. §§ 1331, 1441(c)(1)(A) and 1446 et seq., and files this notice of removal from the State Court of Fulton County, State of Georgia, Civil Action No. 20EV006691. The Defendant shows the Court the following grounds for removal:

1.

Plaintiff filed an amended complaint in this action in the State Court of

1

Fulton County on February 11, 2021, adding a claim for liability under 42 U.S.C.
§ 1983 against Defendant Fulton County, Georgia.  The original complaint, filed
November 10, 2020, alleged only state law claims and did not involve any issues
of federal law or require the interpretation of any federal law.  True and correct
copies of the Summons, Complaint, Amended Complaint, and all other process and
pleadings filed in this action as of February 22, 2021 are attached hereto as
"Exhibit A."

2.

Defendant Fulton County, Georgia was served with the Amended Complaint
on February 11, 2021.

3.

This action is a civil action of which this Court has original jurisdiction
under 28 U.S.C.  § 1331 and is one which may be removed to this Court under the
provisions of 28 U.S.C. § 1441 because Plaintiff's claim against Fulton County
Georgia arises under 42 U.S.C. § 1983 and alleges that Plaintiff's civil rights have
been violated due to Defendant's "unconstitutional ministerial policies and
procedures."

4.

All other defendants who have been served with Summons and Complaint

2

consent and have joined in the Notice of Removal, as evidenced by the joinders of Defendants JAMES LUSTER, JEREMIAH WHITEHEAD, WILLIAM ROBERTS, JAMES BAUMGARTNER, JEREMY HOLLAND, and GRADY EMS, LLC, filed concurrently herewith.

5.

This Court has supplemental jurisdiction over the Plaintiff's state law claims against the above defendants because they derive from a common nucleus of operative fact with the Federal law claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1996).

6.

A removal notice together with a copy of this notice of Removal shall be filed with the Clerk of the State Court of Fulton County, Georgia and shall be served on Plaintiff.

7.

By reason of the foregoing, Defendant Fulton County, Georgia is entitled to remove this action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

WHEREFORE, Defendant Fulton County, Georgia prays that this Notice of Removal be filed, that this action be removed to proceed in this Court, and that no further proceedings be had in that case styled *SHANITA D. SWANSON, Natural*

3

*Mother and Administrator of the Estate of Anthony J. Mitchell v. FULTON COUNTY, GA, GRADY EMS, LLC, JAMES LUSTER, JEREMIAH WHITEHEAD, WILLIAM ROBERTS, JAMES BAUMGARTNER, and JEREMY HOLLAND*, State Court of Fulton County, State of Georgia, Civil Action No. 20EV006691.

Respectfully submitted, this 10th day of March, 2021.

**OFFICE OF THE FULTON COUNTY ATTORNEY**

Kaye Woodard Burwell
Interim County Attorney
Georgia Bar No. 775060
kaye.burwell@fultoncountyga.gov

Ashley J. Palmer
Senior Assistant County Attorney
Georgia Bar No. 603514
ashley.palmer@fultoncountyga.gov

***/s/ Jonathan Loegel***
Jonathan Loegel
Assistant County Attorney
Georgia Bar No. 755706
jonathan.loegel@fultoncountyga.gov

**Attorneys for Defendant Fulton County, Georgia.**

141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (office)
(404) 730-6324 (facsimile)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| SHANITA D. SWANSON, Natural Mother and Administrator of the Estate of Anthony J. Mitchell, | ) ) ) ) | |
| | ) | CIVIL CASE NO. |
| Plaintiff, | ) | |
| | ) | _____ |
| v. | ) | |
| | ) | |
| | ) | |
| FULTON COUNTY, GA, GRADY EMS, LLC, JAMES LUSTER, JEREMIAH WHITEHEAD, WILLIAM ROBERTS, JAMES BAUMGARTNER, and JEREMY HOLLAND, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF FONT, TYPE AND SERVICE**

THIS IS TO CERTIFY that on the 10th day of March, 2021, the undersigned counsel presented this document in Times New Roman, 14 point type in accordance with L.R. 5.1(C). I further certify that I electronically filed this certificate of service with the Clerk of Court using the CM/ECF system and served a copy of the foregoing **DEFENDANT FULTON COUNTY, GEORGIA'S NOTICE OF REMOVAL** upon Plaintiff by depositing a true and correct copy of same in the United States Mail with adequate postage affixed thereto, addressed as

follows:

**MICHAEL D. HARPER, P.C.**
Michael D. Harper
3481 Lakeside Dr. N.E., Suite 2406
Atlanta, Georgia 30326
mharper@mharperlaw.com

*Attorney for Plaintiff*

**GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, LLP**
Harvey S. Gray
Alex Joseph
950 East Paces Ferry Road, N.E.
Suite 1700 – Salesforce Tower
Atlanta, Georgia 30326
(404) 870-7376 (Gray)
(404) 870-7389 (Joseph)
(404) 870-7374 (Fax)
hgray@grsmb.com
ajoseph@grsmb.com

*Attorneys for Defendants James Luster and Jeremiah Whitehead*

**THOMAS KENNEDY SAMPSON & TOMPKINS LLP**
Jeffrey E. Tompkins
Marriah N. Paige
3355 Main Street
Atlanta, Georgia 30337
(404) 688-4503
j.tompkins@tkstlaw.com
m.paige@tkstlaw.com

*Attorneys for Defendants Grady EMS, LLC; James Baumgartner; and Jeremy
Holland*

This 10th day of March, 2021.

*/s/ Jonathan Loegel*

Jonathan Loegel
Assistant County Attorney
Georgia Bar No. 755706
jonathan.loegel@fultoncountyga.gov

**OFFICE OF THE FULTON COUNTY ATTORNEY**
141 Pryor Street, S.W.
Suite 3048
Atlanta, Georgia 30303
404-612-0234 (office)
404-730-6324 (facsimile)

P:\CALitigation\Police\Swanson, Shanita v. Fulton Co et.al 20EV006691 (JDL)\Drafts\Swanson Removal 03.10.21 NOR Swanson.doc

7

EXHIBIT A

# CASE SUMMARY

EXHIBIT A

### CASE NO. 20EV006691

| | | | |
|---|---|---|---|
| **Shanita Swanson** | | § | Location: **State Court** |
| **VS.Fulton County, Georgia,Grady EMS, LLC** | | § | Judicial Officer: **Richardson, Eric** |
| | | § | Filed on: **11/10/2020** |
| | | § | |

---

## CASE INFORMATION

Case Type: **TORT**

Case
Status: **11/10/2020  Open**

---

## PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | Swanson, Shanita D. | **Harper, Michael Dexter** |
| | | *Retained* |
| | | 404-869-6104(W) |
| | | |
| **Defendant** | Baumgartner, James | **TOMPKINS, JEFFREY E** |
| | | *Retained* |
| | | 404-688-4503(W) |
| | | |
| | Fulton County, Georgia | **LOEGEL, JONATHAN D.** |
| | | *Retained* |
| | | 404-612-0246(W) |
| | | |
| | Grady EMS, LLC | **TOMPKINS, JEFFREY E** |
| | | *Retained* |
| | | 404-688-4503(W) |
| | | |
| | Holland, Jeremy | **TOMPKINS, JEFFREY E** |
| | | *Retained* |
| | | 404-688-4503(W) |
| | | |
| | Luster, James | **Gray, Harvey S.** |
| | | *Retained* |
| | | 404-870-7373(W) |
| | | |
| | Roberts, William | |
| | | |
| | Whitehead, Jeremiah | **Gray, Harvey S.** |
| | | *Retained* |
| | | 404-870-7373(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT |
|---|---|
| 11/10/2020 | COMPLAINT |
| | *Complaint For Wrongful Death* |
| 11/10/2020 | Summons |
| | *Summons* |
| 01/14/2021 | SERVICE |
| | *Waiver of Service by Fulton County, GA* |
| 01/14/2021 | SERVICE |
| | *Waiver of Service by Defendants Grady EMS, LLC, J. Baumgartnet and J. Holland* |
| 01/15/2021 | ANSWER |
| | *Answer* |
| 01/15/2021 | Motion (OBTS) |
| | *Motion to Dismiss* |
| 01/15/2021 | |

STATE COURT
# CASE SUMMARY
## CASE NO. 20EV006691

ANSWER
*Answer of Grady EMS, LLC; James Baumgartner; and Jeremy Holland*

01/25/2021   SERVICE
*Waiver of Service by Defendant James Luster*

01/25/2021   SERVICE
*Waiver of Service by Defendant Jeremiah Whitehead*

02/11/2021   COMPLAINT
*Amended Complaint*

02/19/2021   CERTIFICATE OF SERVICE
*Rule 5.2 Certificate of Service of Discovery*

02/22/2021   ANSWER
*Answer of James Luster and Jeremiah Whitehead*

03/04/2021   ORDER
*Standing Case Management Order*

*Printed on 03/05/2021 at 2:07 PM*

State Court of Fulton County
**E-FILED**
20EV006691
11/10/2020 3:38 PM
LeNora Ponzo, Clerk
Civil Division

# IN THE STATE COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| SHANITA D. SWANSON, Natural Mother and Administrator of the Estate of Anthony J. Mitchell, | ) ) ) |
| *Plaintiff,* | ) Civil Action No:_____ ) |
| V. | ) ) |
| FULTON COUNTY, GA, GRADY EMS, LLC, JAMES LUSTER, JEREMIAH WHITEHEAD, WILLIAM ROBERTS, JAMES BAUMGARTNER and JEREMY HOLLAND, | ) ) ) ) ) |
| *Defendants.* | ) |

## **COMPLAINT FOR WRONGFUL DEATH**

COME NOW Plaintiff, in the above-styled action and files this Complaint and demand

for jury trial, showing the Court the following:

## **PARTIES, JURISDICTION, AND VENUE**

### 1.

Plaintiff, Shanita D. Swanson, is a resident of Fulton County, Georgia, and she is the

Natural mother, sole legal guardian, and Estate Administrator of Anthony J. Mitchell, deceased.

### 2.

Plaintiff intends to bring each and every claim permissible under Georgia law. Plaintiff

seeks all medical expenses, pain and suffering, and all compensatory, special, consequential,

economic, general, and compensation for the value of the life of Anthony J. Mitchell,

and other damages permissible under Georgia law.

3.

Defendant Fulton County, Georgia employs the Fulton County Police Officers involved in this case, and it is responsible for the funding and operation of the Fulton County Police Department.  Defendant Fulton County, Georgia may be served with process through Robb Pitts, Fulton County Commission Chairman at 141 Pryor Street SW10th Floor Atlanta, Georgia 30303, and is subject to the jurisdiction of this court.

4.

On April 10, 2020, Plaintiff gave ante litem notice to Fulton County, GA, and Plaintiff has complied with all conditions precedent to bringing this action against Fulton County, Georgia. (A copy of the ante litem notice is attached as Exhibit "A.")

5.

Defendant Grady EMS, LLC may be served through its registered agent, Timothy Jefferson, at 80 Jesse Hill Jr. Dr. SE, P.O. Box 26145, Atlanta, Georgia 30303, and is subject to the jurisdiction of this court.

6.

Defendant JAMES LUSTER, was a Captain with the City of South Fulton, GA Fire Department at all times relevant to this action, and he was involved with the care, of lack thereof, provided to decedent Anthony J. Mitchell, and is subject to the jurisdiction of this court.

7.

Defendant JEREMIAH WHITEHEAD, was a Sergeant with the City of South Fulton Fire Department at all times relevant to this action, and he was involved with the care, of lack thereof, provided to decedent Anthony J. Mitchell, and is subject to the jurisdiction of this court.

8.

Defendant WILLIAM ROBERTS, was a Firefighter with the City of South Fulton Fire Department at all times relevant to this action, and he was involved with the care, of lack thereof, provided to decedent Anthony J. Mitchel , and is subject to the jurisdiction of this court.

9.

Defendant JAMES BAUMGARTNER was an Advanced Emergency Medical Services Technician (AEMT) with Grady EMS, LLC at all times relevant to this action, and he was involved with the care, of lack thereof, provided to decedent Anthony J. Mitchell, and is subject to the jurisdiction of this court.

10.

Defendant JEREMY HOLLAND was a paramedic with Grady EMS, LLC, at all times relevant to this action, and he was involved with the care, of lack  thereof, provided to decedent Anthony J. Mitchell, and is subject to the jurisdiction of this court.

11.

Jurisdiction and venue are proper as to Fulton County, Georgia.

**FACTUAL SUMMARY**

12.

Anthony Mitchell was a 19-year-old male with Autism.

13.

On November 16, 2019, Anthony Mitchell arrived to the Bojangles Restaurant located at 5628 Fulton Industrial Blvd. SW, Atlanta, GA 30336 to have a meal.

14.

While dining at the restaurant, Anthony Mitchell was taunted by Bojangles Restaurant employees.

15.

As a result of being a taunted, a confrontation ensued between the Anthony Mitchell and the restaurant employees.

16.

On November 16, 2019, law enforcement agency representatives responded to a call for service for an irate customer inside Bojangles Restaurant located at 5628 Fulton Industrial Blvd. SW, Atlanta, GA 30336.

17.

The first Fulton County Police Department (FCPD) officer arrived at the business at approximately 2139 hours.

18.

Upon arrival, the officer observed Anthony Mitchell, a 19-year-old male with Autism, sitting against the outside of the restaurant, with obvious traumatic injuries to his face.

19.

Upon review of the video surveillance footage from Bojangles Restaurant, Mr. Mitchell was involved in an altercation with employees of the restaurant beginning at 2130 hours.

20.

The altercation escalated into a physical fight between Mr. Mitchell and at least 5 employees of the restaurant.

21.

The physical fight resulted in obvious injuries to Mr. Mitchell's face and head according to FCPD officers.

22.

Mr. Mitchell was bleeding from the mouth as a result of the fight.

23.

Additional officers arrived to the scene and then restrained Mr. Mitchell in handcuffs with his arms behind his back, tied a Bojangles apron around his face (which appeared to be a modified hood) and pressed a police officer's knee into Mr. Mitchell's back, while Mr. Mitchell was inside the restaurant.

24.

The officers then walked Mr. Mitchell out of the restaurant, bypassed a police vehicle that Mr. Mitchell could have been placed in, walked Mr. Mitchell through the parking lot and put Mr. Mitchell on the concrete ground in a prone position with an officer's knee in his back and the apron tied across his face.

25.

The position that Mr. Mitchell was placed in compromised Mr. Mitchell's breathing.

26.

The police officers moved Mr. Mitchell to the parking lot at approximately 2146 hours.

27.

At 2158 hours, , the City of South Fulton County Fire Department (FCFD) Engine 13 staffed by Captain James Luster, Sergeant Jeremiah Whitehead and Firefighter William Roberts,

were dispatched to the restaurant to treat Mr. Mitchell and arrived on scene of the subject event at 2203 hours.

28.

Upon arrival on scene, Captain Luster, Sergeant Whitehead and Firefighter Roberts, found Mr. Mitchell in the prone position in the parking lot of the business.

29.

Captain Luster, Sergeant Whitehead and Firefighter Roberts, noted that Mr. Mitchell was the victim of a possible assault and had incurred traumatic injuries, including bleeding they could see.

30.

Based on the information available to Engine 13 personnel, Mr. Mitchell was a patient with obvious injuries at the time Captain Luster, Sergeant Whitehead and Firefighter Roberts arrived on scene.

31.

Captain Luster recorded in the incident report that they discussed Mr. Mitchell's presentation and negotiated with the FCPD officers to leave the scene without providing Mr. Mitchell with any emergency medical assessment, emergency medical treatment, or emergency medical transportation.

32.

Captain Luster, Sergeant Whitehead and Firefighter Roberts did not record any of the information related to the subject event in the appropriate medical legal reporting format indicated for prehospital emergency medical services patients like Mr. Mitchell.

33.

Therefore, the incident report created by Captain Luster represents the only documentation of the encounter with Mr. Mitchell related to the subject event and the Engine 13 personnel.

34.

The separation of the patient/caregiver relationship between Mr. Mitchell and Captain Luster, Sergeant Whitehead and Firefighter Roberts took place when they left the scene and Mr. Mitchell was left lying on the ground in the parking lot.

35.

Based on their incident report, Engine 13 departed the scene at 2207 hours which means the total time Captain Luster, Sergeant Whitehead and Firefighter Roberts spent on scene was 4 minutes.

36.

Approximately 13 minutes after the departure of Captain Luster, Sergeant Whitehead and Firefighter Roberts, Grady Emergency Medical Services (Grady EMS) Ambulance Number 800, staffed by Advanced Emergency Medical Technician (AEMT) James Baumgartner and Paramedic Jeremy Holland, arrived on scene at 2220 hours, approximately 34 minutes after Mr. Mitchell was handcuffed and placed prone on the ground in the parking lot.

37.

The video surveillance from the restaurant parking lot shows the Grady EMS ambulance pull up to the location of the parked patrol vehicles.

38.

Grady EMS AEMT Baumgartner and Grady EMS Paramedic Holland are seen exiting the ambulance without any medical equipment and walking to the location of Mr. Mitchell and the police officers on scene.

39.

The video footage shows AEMT Baumgartner and Paramedic Holland of Grady EMS standing in the parking lot for several minutes, then returning to the ambulance, getting into the driver's seat and passenger seat, and leaving the scene.

40.

The Grady EMS ambulance departed the scene at 2207 hours, approximately 7 minutes after arriving at the restaurant.

41.

During their 7 minutes on scene, AEMT Baumgartner and Paramedic Holland of Grady EMS never performed the appropriate prehospital assessment of Mr. Mitchell's condition or traumatic injuries, never provided Mr. Mitchell with indicated medical treatment of his traumatic injuries, and never provided Mr. Mitchell with emergency medical transportation to the closest emergency department staffed and equipped to treat Mr. Mitchell's condition.

42.

Additionally, AEMT Baumgartner and Paramedic Holland of Grady EMS never completed any medical documentation about the call for service regarding Mr. Mitchell and his traumatic injuries.

43.

The separation of the patient/caregiver relationship between Mr. Mitchell and AEMT Baumgartner and Paramedic Holland of Grady EMS was never documented in a medical document, and Mr. Mitchell was once again left lying on the ground in the parking lot without any medical care when Grady EMS employees departed the scene.

44.

Mr. Mitchell's mother, Shanita Swanson, was contacted by FCPD officers on scene of the subject event.

45.

FCPD officers awaited on scene for Ms. Swanson to arrive at the restaurant to take her son home after the physical fight.

46.

Without any medical caregivers on scene, custody of Mr. Mitchell was transferred to his legal guardian, Ms. Swanson, and both drove back to their residence.

47.

Incident reports and medical records establish that Mr. Mitchell received care on November 17, 2019 from Grady Memorial Hospital, Grady EMS, and the City of South Fulton County Fire Department.

48.

Approximately 10 minutes after arriving home with Mr. Mitchell, Ms. Swanson went to check on Mr. Mitchell and found him unconscious and unresponsive in his bedroom.

49.

A 911 call for service was placed from Mr. Mitchell's residence at approximately 2307 hours.

50.

The units dispatched to the Mitchell residence were the same City of South Fulton County Fire Department Engine 13 personnel, Captain James Luster, and Sergeant Jeremiah Whitehead, Firefighter William Roberts, and Grady EMS Ambulance 800 employees AEMT James Baumgartner, and Paramedic Jeremy Holland.

51.

All the first responders listed above, were the same EMS personnel that responded to the initial subject event on November 16, 2019 at the Bojangles's Restaurant.

52.

Upon arrival at Mr. Mitchell's residence, Mr. Mitchell was in cardiac arrest and CPR was in progress by family members.

53.

According to the prehospital records, it took 10 minutes for the first EMS personnel to arrive on scene and they were Captain James Luster, and Sergeant Jeremiah Whitehead, Firefighter William Roberts with the City of South Fulton County Fire Department.

54.

The Grady EMS ambulance with Grady EMS AEMT James Baumgartner and Grady EMS Paramedic Jeremy Holland did not arrive on scene at Mr. Mitchell's residence until 17 minutes after the initial dispatch.

55.

According to the Patient Care Report completed by Grady EMS Paramedic Holland regarding Mr. Mitchell, the Grady EMS employees made patient contact with Mr. Mitchell at 2327 hours; 20 minutes after the initial 911 call.

56.

At the time of patient contact, Mr. Mitchell was in cardiac arrest and had no detectable heart rhythm.

57.

Mr. Mitchell was treated by Grady EMS employees and the firefighters from City of South Fulton County Fire Department, which was similar to the Advanced Cardiac Life Support (ACLS) guidelines according to the Patient Care Report.

58.

During the course of treatment provided by Grady EMS Paramedic Holland for Mr. Mitchell's cardiac arrest event, there are three separate forms of Intravenous (IV) access that were established during the treatment and transportation process.

59.

The total time Grady EMS AEMT James Baumgartner and Grady EMS Paramedic Jeremy Holland spent with Mr. Mitchell during the cardiac arrest event was 60 minutes.

60.

The Grady EMS Patient Care Report does not clarify the failures with respect to patient treatment and management, and failure to provide timely transportation to Mr. Mitchell based on the belief by the caregivers that Mr. Mitchell was suffering from a traumatic cardiac arrest event.

61.

Mr. Mitchell arrived at Grady Memorial Hospital at 0027 hours on November 17, 2019 still in cardiac arrest.

62.

According to hospital records, a Trauma Team was activated to manage Mr. Mitchell's care upon his arrival at the emergency department.  However, 4 minutes after arrival at the Grady Memorial Hospital Emergency Department, Mr. Mitchell was pronounced dead.

## COUNT I: NEGLIGENCE AGAINST FULTON COUNTY, GEORGIA

63.

Fulton County Police Officers owed a duty of care to Anthony Mitchell, to treat Mr. Mitchell in a reasonable and prudent manner and to adhere to reasonable police policies and procedures when treating injured Fulton County citizens and special needs Fulton County citizens.

64.

The Fulton County officers breached their duty to exercise reasonable care in a number of ways, including, but not limited to:

a) Putting a hood on Mr. Mitchell's injured and bloody face while simultaneously holding him down faced down on the ground, which compromised Mr. Mitchell's breathing and led to the cardiac issues which caused his death.

b) Putting a knee in Mr. Mitchells back after having placed a hood on Mr. Mitchell's injured and bloody and injured face while simultaneously holding him down faced down on the ground, which compromised Mr. Mitchell's breathing and led to the cardiac issues which caused his death.

c)   Participated in the obstruction of firefighters, paramedics and EMS personnel from rendering life-saving aid to Anthony Mitchell.

d)   Failure to properly assess a known special needs citizen, Anthony Mitchell, which contributed to negligent treatment of Mr. Mitchell which led to the cardiac issues that caused the death of Anthony Mitchell.

65.

Fulton County Police officers negligent acts and omissions proximately caused the death of Anthony J. Mitchell.

66.

Fulton County Police Department may be liable for the negligent hiring of the officers at issue.

67.

Fulton County Police Department may be liable for the negligent retention of the officers at issue.

68.

Fulton County Police Department may be liable for failing to train and or create reasonable and proper safety procedures when encountering known special needs, autistic citizens like Anthony Mitchell.

## **COUNT II:  VICARIOUS LIABILITY FOR FULTON COUNTY, GA**

69.

Fulton County, Georgia is liable for the tortious acts and omissions of the police officers and police department involved in the chase at issue under the doctrine of respondeat superior.

70.

Fulton County, Georgia is liable for the tortious acts and omissions of the police officers involved in the apprehension and treatment of Anthony Mitchell because Fulton County had control over the time, manner, and method of the officers' actions.

71.

Fulton County is liable for the tortious acts and omissions of the officers involved in the chase the officers were agents of Fulton County, Georgia.

## COUNT III: NEGLIGENCE AGAINST JAMES LUSTER, JEREMIAH WHITEHEAD, WILLIAM ROBERTS, JAMES BAUMGARTNER and JEREMY HOLLAND

72.

JAMES LUSTER, JEREMIAH WHITEHEAD, WILLIAM ROBERTS, JAMES BAUMGARTNER and JEREMY HOLLAND failed to exercise that degree of skill and care ordinarily required by firefighters in general, under like conditions, and similar circumstances in their treatment of Anthony Mitchell. The prehospital care personnel of Grady Hospital and Grady EMS grossly deviated from the standard of care ordinarily required by emergency medical services personnel, under like conditions, and similar circumstances for a high-risk patient like Anthony Mitchell specifically related to prehospital patient consent, prehospital emergency medical assessment, prehospital emergency medical management, prehospital emergency medical treatment and prehospital emergency medical transportation.

73.

It was a gross deviation from the standard of care for prehospital emergency medical services personnel by failing to establish consent for care for Anthony Mitchell, considering Mr.

Mitchell was a dependent adult without capacity to consent to, or withhold consent for, emergency medical assessment, treatment, and transportation.  Mr. Mitchell was a trauma patient with obvious injuries and a significant mechanism of injury and was known by officers on scene to have a medical history of Autism.

74.

It was a gross deviation from the standard of care for prehospital emergency medical services personnel by failing to perform a primary assessment and secondary assessment of Mr. Mitchell's traumatic injuries, which should have included the assessment of the mechanism of injury for Mr. Mitchell, Mr. Mitchell's initial baseline vital signs, pertinent focused assessment of traumatic injuries sustained by Mr. Mitchell, additional vital signs for Mr. Mitchell's condition, and the reassessment of Mr. Mitchell's condition.

75.

It was a gross deviation from the standard of care for prehospital emergency medical services personnel by failing to provide any care or treatment to Mr. Mitchell despite the presence of open wounds and bleeding that was in plain sight at the time of patient contact.

76.

It was a gross deviation from the standard of care for prehospital emergency medical services personnel by failing to provide any care or treatment of Mr. Mitchell's known traumatic injuries, as well as the omission of care and treatment of any injuries suffered by Mr. Mitchell discovered subsequent to a primary and secondary assessment performed in accordance with the standard of care.

77.

It was a gross deviation from the standard of care for prehospital emergency medical services personnel by failing to transport Mr. Mitchell to the appropriate emergency department, staffed and equipped to manage Mr. Mitchell's traumatic injuries.

78.

It was a gross deviation from the standard of care for prehospital emergency medical services personnel by failing to release Mr. Mitchell to an appropriate healthcare representative, guardian, conservator, or legal representative after the on scene emergency medical services personnel chose not to transport Mr. Mitchell, despite the presence of traumatic injuries, including bleeding that was in plain sight.

79.

It was a gross deviation from the standard of care for prehospital emergency medical services personnel by failing to accurately and appropriately complete a medical legal prehospital patient care report or record for any of the information related to Mr. Mitchell during the subject event.  Mr. Mitchell was a trauma patient with obvious injuries and a significant mechanism of injury.  Moreover, Mr. Mitchell was a dependent adult, who did not receive any assessment, care, treatment, or transportation for his traumatic injuries.  The result of the omission of care was abandonment of Mr. Mitchell by Grady EMS AEMT James Baumgartner and Grady EMS Paramedic Jeremy Holland.

80.

The collective acts and omissions of Grady Hospital, Grady EMS AEMT James Baumgartner and Grady EMS Paramedic Jeremy Holland, during the subject event, was a gross deviation in the standard of care and represented a reckless disregard for Anthony Mitchell.

81.

The prehospital care personnel Captain James Luster, Sergeant Jeremiah Whitehead and Firefighter William Roberts, grossly deviated from the standard of care ordinarily required by emergency medical services personnel, under like conditions, and similar circumstances for a high-risk patient like Anthony Mitchell specifically related to prehospital patient consent, prehospital emergency medical assessment, prehospital emergency medical management, and prehospital emergency medical treatment.

82.

It was a gross deviation from the standard of care for prehospital emergency medical services personnel by failing to establish consent for care for Anthony Mitchell, considering Mr. Mitchell was a dependent adult without capacity to consent to, or withhold consent for, emergency medical assessment, treatment, and transportation.  Mr. Mitchell was a trauma patient with obvious injuries and a significant mechanism of injury and was known by officers on scene to have a medical history of Autism.

83.

It was a gross deviation from the standard of care for prehospital emergency medical services personnel by failing to perform a primary assessment and secondary assessment of Mr. Mitchell's traumatic injuries, which should have included the assessment of the mechanism of injury for Mr. Mitchell, Mr. Mitchell's initial baseline vital signs, pertinent focused assessment of traumatic injuries sustained by Mr. Mitchell, additional vital signs for Mr. Mitchell's condition, and the reassessment of Mr. Mitchell's condition.

84.

It was a gross deviation from the standard of care for prehospital emergency medical services personnel by failing to provide any care or treatment to Mr. Mitchell despite the presence of open wounds and bleeding that was in plain sight at the time of patient contact.

85.

It was a gross deviation from the standard of care for prehospital emergency medical services personnel by failing to provide any care or treatment of Mr. Mitchell's known traumatic injuries, as well as the omission of care and treatment of any injuries suffered by Mr. Mitchell discovered subsequent to a primary and secondary assessment performed in accordance with the standard of care.

86.

It was a gross deviation from the standard of care for prehospital emergency medical services personnel by failing to release Mr. Mitchell to an appropriate healthcare representative, guardian, conservator, or legal representative after the on scene emergency medical services personnel chose not to transport Mr. Mitchell, despite the presence of traumatic injuries, including bleeding that was in plain sight.

87.

It was a gross deviation from the standard of care for prehospital emergency medical services personnel by failing to accurately and appropriately complete a medical legal prehospital patient care report or record for any of the information related to Mr. Mitchell during the subject event.  Mr. Mitchell was a trauma patient with obvious injuries and a significant mechanism of injury.  Moreover, Mr. Mitchell was a dependent adult, who did not receive any assessment, care, treatment, or transportation for his traumatic injuries.  The result of the

omission of care was abandonment of Mr. Mitchell by Captain Luster, Sergeant Whitehead and Firefighter Roberts.

88.

The collective acts and omissions of Captain James Luster, Sergeant Jeremiah Whitehead and Firefighter William Roberts during the subject event, was a gross deviation in the standard of care and represented a reckless disregard for Anthony Mitchell and led to the cardiac issues which caused the death of Anthony J. Mitchell.

89.

The negligence of JAMES LUSTER, JEREMIAH WHITEHEAD, WILLIAM ROBERTS, JAMES BAUMGARTNER and JEREMY HOLLAND, Inc. includes, but is not limited to, the negligent acts and omissions set forth in the affidavit of John B. Everlove filed contemporaneously with this complaint as Exhibit "B," pursuant to the requirements of O.C.G.A. § 9-11-9.1, and is incorporated herein as if fully restated.

## COUNT IV: VICARIOUS LIABILITY FOR GRADY EMS, LLC

90.

At all times relevant to this action, JAMES BAUMGARTNER and JEREMY HOLLAND treated Plaintiff while acting as agents or employees of Defendant Grady EMS, LLC.

91.

Defendant Grady EMS, LLC is responsible for their negligence under the doctrine of *respondeat superior*, agency or apparent agency.

## COUNT V: DAMAGES

92.

Defendants are liable for the death of Mr. Jackson under the laws of the State of Georgia.

93.

As a proximate and foreseeable result Defendant's actions and negligence, Plaintiff is entitled to recover for the pre-death pain and suffering and the wrongful death of Anthony Mitchell, and all other elements of damages allowed under Georgia law.

94.

Shanita D. Swanson is the Estate Administrator of the Estate of Anthony Mitchell Jackson, and is the proper party to bring the claims for Anthony Mitchell's pre-death pain and suffering, his funeral expenses and his medical expenses.

95.

Shanita D. Swanson is the biological mother and was the sole legal guardian of Anthony Mitchell, and is the proper party to bring a claim for the wrongful death of Anthony Mitchell.

96.

Defendants are liable to Plaintiff for the full value of the life of Anthony J. Mitchell.

**WHEREFORE**, Plaintiff prays that she have a trial on all issues and judgment against Defendants as follows:

(a)     Process issue as provided by law;

(b)     That Plaintiff recovers the full value of the life of the decedent;

(b)     That Plaintiff recovers for the decedent's pre-death mental and physical pain and suffering, funeral expenses and medical expenses;

(c)     That Plaintiff recovers such other and further relief as is just and proper;

(d)     That all issues be tried before a jury.

This 10th day of November, 2020.

Respectfully Submitted,

/s/ Michael D. Harper
MICHAEL D. HARPER
Georgia Bar No. 328378
Attorney for Plaintiff

Michael D. Harper, P.C.
3481 Lakeside Dr. N.E., Suite 2406
Atlanta, Georgia 30326
Telephone: (404) 271-6618
Facsimile: (404) 600-2146
Email: mharper@mharperlaw.com

State Court of Fulton County
**E-FILED**
20EV006691
11/10/2020 3:38 PM
LeNora Ponzo, Clerk
Civil Division

Law Offices

# MICHAEL D. HARPER, P.C.

1075 Peachtree Street, N.E., SUITE 3650
ATLANTA, GEORGIA 30309-3934

Telephone: (404) 965-3565
Facsimile: (404) 965-3765

Mharper@mharperlaw.com
www.mharperlaw.com

April 10, 2020

**VIA CERTIFIED MAIL NO. 7010 2780 0002 0838 1047**

Chairman Robb Pitts
Fulton County Board of Commissioners
141 Pryor Street SW
10th Floor
Atlanta, Georgia 30303

**VIA CERTIFIED MAIL NO. 7011 2000 0001 7301 8719**

Darryl Halbert, Chief
Fulton County Police Department
4701 Fulton Industrial Blvd.
Atlanta, Georgia 30336

Re: Amended Ante Litem Notice Regarding Anthony J. Mitchell (Deceased)

Dear Chief Halbert and the Fulton County Board of Commissioners:

This law firm, represents the Estate of Anthony J. Mitchell (deceased).   Pursuant to O.C.G.A § 36-11-1, this correspondence constitutes a formal amended ante litem notice to Chief Halbert and Fulton County, Georgia, in order to make a specific demand for settlement regarding the wrongful death of Anthony J. Mitchell which occurred in Fulton County, GA as a result of an altercation at the Bojangles Restaurant at 5628 Fulton Industrial Blvd. St. SW Atlanta, Georgia 30336 on or around November 16, 2019.

The claims against the Fulton County Police Department are based upon the negligence and excessive force of the police officers who detained Mr. Mitchell prior to his death at the restaurant.   The officers violated Georgia law and the United States and Georgia Constitutional rights of Mr. Mitchell pursuant to Fulton County police customs and practices, which proximately caused his death.

Therefore, pursuant to O.C.G.A. § 36-11-1, as counsel for the above-referenced party, we are representing them for the pre-death pain and suffering, Wrongful Death, funeral and burial expenses, and any other damages allowed under Federal and Georgia law within the twelve-month period required by statute.   Accordingly, we are hereby **specifically demanding** $10,000,000.00 for the value of Anthony J. Mitchell's life on behalf of the estate of Anthony J. Mitchell, against Fulton County, GA and Chief Halbert.

Fulton County Police
Fulton County, Georgia
Ante Litem Notice
April 10, 2020
Page 2

     If you contend this letter does not provide you with sufficient notice pursuant to O.C.G.A. § 36-11-1, or comply with said statute, please advise me immediately in writing, and we will correct any deficiencies.

     Should you have any questions or concerns or if you wish to discuss the matter in further detail please let us know immediately. We look forward to your response.

        Very truly yours,

        Michael D. Harper,
        Attorney at Law

MDH/clj

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

7010 2780 0002 0838 1047

Sent To  Darryl Halbert, chief
Street, Apt. No.; 4704 Fulton Ind. Blvd
or PO Box No.
City, State, ZIP+4  Atlanta, GA 30336

PS Form 3800, August 2006                See Reverse for Instructions



U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

7011 2000 0001 7301 8719

Sent To  Rob Pitts, Chairman
Street, Apt. No.; 141 Pryor St SW, 10th Floor
or PO Box No.
City, State, ZIP+4  Atlanta GA 30303

PS Form 3800, August 2006                See Reverse for Instructions

State Court of Fulton County
**E-FILED**
20EV006691
2/11/2021 3:44 PM
Christopher G. Scott, Clerk
Civil Division

STATE OF CALIFORNIA)

COUNTY OF VENTURA)

**AFFIDAVIT OF JOHN B. EVERLOVE**

John B. Everlove, being duly sworn, deposes and states:

1.

I, John B. Everlove, hold a national paramedic license, paramedic licenses in Michigan and Florida, as well as a State of California license where I am currently employed. During the past 30 years, I have treated and transported thousands of patients in various states of distress with emergent and non-emergent conditions. Serving as an Emergency Medical Technician (EMT), Paramedic, Paramedic Preceptor and Field Training Officer, I have trained and instructed prehospital caregiver personnel regarding emergency medical assessment, emergency medical treatment, emergency medical management of patients, patient transportation and ambulance operations. As an EMT Program Director and Principal Instructor, I have educated, trained and evaluated EMT students regarding the standard of care and transportation of patients in accordance with the Department of Transportation (DOT) and National Highway Traffic Safety Administration (NHTSA) guidelines for Emergency Medical Services personnel. While in the position of Paramedic Associate Supervisor and Paramedic Operations Supervisor, my primary

1   responsibilities included responding to emergency calls for service, as well as the

2   supervision of all employees related to prehospital services and the implementation

3   of training standards related to assessment, treatment and patient transportation.

4   As a Clinical Manager, my duties included investigation of all incidents related to

5   patient care and transportation, as well as the oversight and management of the

6   Clinical Quality Assurance (CQA) and Clinical Quality Improvement (CQI)

7   programs relevant to the standard of care for EMTs and Paramedics during

8   emergency medical responses and prehospital emergency care. I have personally

9   responded to thousands of emergency calls for service and provided emergency

10  medical assessment, emergency medical treatment and emergency medical

11  transportation to patients similar to Anthony Mitchell during the subject event.

12          My curriculum vitae is attached hereto as "Exhibit 1".

13                                      2.

14          As a currently licensed paramedic, employed in that capacity, as well as an

15  EMT Program Director and Primary Instructor, I am familiar with the standard of

16  care for prehospital emergency medical services personnel regarding scene control,

17  consent for emergency medical care, patient assessment, patient treatment, patient

18  transportation and patient care documentation of prehospital patients such as

19  Anthony Mitchell. I can appropriately evaluate the standard of care regarding the

2

1    subject event on November 16, 2019 and November 17, 2019, involving Anthony

2    Mitchell.

3                                              3.

4        The following records regarding the subject event with the decedent,

5    Anthony Mitchell, were submitted for review and analysis:

6        - Video footage of subject event (November 16, 2019) from Bojangles

7            Restaurant, located at 5628 Fulton Industrial Blvd. SW, Atlanta, GA

8            30336

9        - Grady Emergency Medical Services medical records for Anthony Mitchell

10       - City of South Fulton Fire Department National Fire Incident Report for the

11           subject event involving Anthony Mitchell

12       - Fulton County Police Department reports for Anthony Mitchell

13       - Grady Hospital Medical Records for Anthony Mitchell

14       - Fulton County Medical Examiner's Office Autopsy Report for Anthony

15           Mitchell

16                                             4.

17       The aforementioned information states the following: On November 16,

18   2018, law enforcement agency representatives responded to a call for service for an

1    irate customer inside Bojangles Restaurant located at 5628 Fulton Industrial Blvd.

2    SW, Atlanta, GA 30336.   The first Fulton County Police Department (FCPD)

3    officer arrived at the business at approximately 2139 hours. Upon arrival, the

4    officer observed Anthony Mitchell, a 19-year-old male with Autism, sitting against

5    the outside of the restaurant, with obvious traumatic injuries to his face.

6        Review of the video surveillance footage from Bojangles Restaurant shows

7    Mr. Mitchell was involved in an altercation with employees of the restaurant

8    beginning at 2130 hours.  The altercation escalated into a physical fight between

9    Mr. Mitchell and at least 5 employees of the restaurant.  The physical fight resulted

10    in obvious injuries to Mr. Mitchell's face and head, according to FCPD officers.

11    Mr. Mitchell was bleeding from the mouth.  The video footage shows Mr. Mitchell

12    restrained with his arms behind his back using handcuffs, placed by responding

13    officers.  Mr. Mitchell was then walked through the parking lot to the location of

14    an awaiting patrol car and was put on the ground in a prone position.  Also, the

15    responding officers utilized an apron from an employee of the restaurant, tied over

16    the head of Mr. Mitchell in what appears to be a modified hood.

17        The police officers moved Mr. Mitchell to the parking lot at approximately

18    2146 hours. At 2158 hours, 12 minutes later, the City of South Fulton Fire

19    Department (SFFD) Engine 13 (staffed by Captain James Luster, Sergeant

1   Jeremiah Whitehead and Firefighter William Roberts) was dispatched to the

2   restaurant to treat Mr. Mitchell and arrived on scene of the subject event at 2203

3   hours.  Upon arrival on scene, Captain Luster, Sergeant Whitehead and Firefighter

4   Roberts found Mr. Mitchell in the prone position in the parking lot of the business.

5   Captain Luster, Sergeant Whitehead and Firefighter Roberts noted that Mr.

6   Mitchell was the victim of a possible assault and had incurred traumatic injuries,

7   including bleeding they could see.  Based on the information available to Engine

8   13 personnel, Mr. Mitchell was a patient with obvious injuries at the time Captain

9   Luster, Sergeant Whitehead and Firefighter Roberts arrived on scene.

10       Captain Luster recorded in the incident report that they discussed Mr.

11  Mitchell's presentation and negotiated with the FCPD officers to leave the scene

12  without providing Mr. Mitchell with any emergency medical assessment,

13  emergency medical treatment, or emergency medical transportation. Captain

14  Luster, Sergeant Whitehead and Firefighter Roberts did not record any of the

15  information related to the subject event in the appropriate medical legal reporting

16  format indicated for prehospital emergency medical services patients like Mr.

17  Mitchell.  Therefore, the incident report created by Captain Luster represents the

18  only documentation of the encounter with Mr. Mitchell related to the subject event

19  and the Engine 13 personnel.  The separation of the patient/caregiver relationship

1    between Mr. Mitchell and Captain Luster, Sergeant Whitehead and Firefighter

2    Roberts took place when they left the scene; and Mr. Mitchell was left lying on the

3    ground in the parking lot.  Based on their incident report, Engine 13 departed the

4    scene at 2207 hours which means the total time Captain Luster, Sergeant

5    Whitehead and Firefighter Roberts spent on scene was 4 minutes.

6          Approximately 13 minutes after the departure of Captain Luster, Sergeant

7    Whitehead and Firefighter Roberts, Grady Emergency Medical Services (Grady

8    EMS) Ambulance Number 800, staffed by Advanced Emergency Medical

9    Technician (AEMT) James Baumgartner and Paramedic Jeremy Holland, arrived

10   on scene at 2220 hours, approximately 34 minutes after Mr. Mitchell was

11   handcuffed and placed prone on the ground in the parking lot.  The video

12   surveillance from the restaurant parking lot shows the Grady EMS ambulance pull

13   up to the location of the parked patrol vehicles.  Grady EMS AEMT Baumgartner

14   and Grady EMS Paramedic Holland are seen exiting the ambulance without any

15   medical equipment and walking to the location of Mr. Mitchell and the police

16   officers on scene.  The video footage shows AEMT Baumgartner and Paramedic

17   Holland of Grady EMS standing in the parking lot for several minutes, then

18   returning to the ambulance, getting into the driver's seat and passenger seat, and

1   leaving the scene.  The Grady EMS ambulance departed the scene at 2207 hours,

2   approximately 7 minutes after arriving at the restaurant.

3       During their 7 minutes on scene, AEMT Baumgartner and Paramedic

4   Holland of Grady EMS never performed the appropriate prehospital assessment of

5   Mr. Mitchell's condition or traumatic injuries, never provided Mr. Mitchell with

6   indicated medical treatment of his traumatic injuries, and never provided Mr.

7   Mitchell with emergency medical transportation to the closest emergency

8   department staffed and equipped to treat Mr. Mitchell's condition.  Additionally,

9   AEMT Baumgartner and Paramedic Holland of Grady EMS never completed any

10  medical documentation about the call for service regarding Mr. Mitchell and his

11  traumatic injuries.

12      The separation of the patient/caregiver relationship between Mr. Mitchell

13  and AEMT Baumgartner and Paramedic Holland of Grady EMS was never

14  documented in a medical document, and Mr. Mitchell was once again left lying on

15  the ground in the parking lot without any medical care when Grady EMS

16  employees departed the scene.

17      Mr. Mitchell's mother, Shanita Swanson, was contacted by FCPD officers

18  on scene of the subject event.  FCPD officers awaited on scene for Ms. Swanson to

19  arrive at the restaurant to take her son home after the physical fight.  Without any

1    medical caregivers on scene, custody of Mr. Mitchell was transferred to his legal

2    guardian, Ms. Swanson; and both drove back to their residence.

3       The next records related to Mr. Mitchell are from Grady Memorial Hospital,

4    Grady EMS, and the City of South Fulton Fire Department (SFFD).

5    Approximately 10 minutes after arriving home with Mr. Mitchell, Ms. Swanson

6    went to check on Mr. Mitchell and found him unconscious and unresponsive in his

7    bedroom. A 911 call for service was placed from Mr. Mitchell's residence at

8    approximately 2307 hours. The units dispatched to the Mitchell residence were the

9    same City of South Fulton Fire Department (SFFD) Engine 13 personnel, Captain

10    James Luster, and Sergeant Jeremiah Whitehead, Firefighter William Roberts and

11    Grady EMS Ambulance Number 800 employees AEMT James Baumgartner and

12    Paramedic Jeremy Holland. All the first responders listed above were the same

13    EMS personnel who responded to the initial subject event on November 16, 2019

14    at the Bojangles's Restaurant.

15       Upon arrival at Mr. Mitchell's residence, Mr. Mitchell was in cardiac arrest

16    and CPR was in progress by family members. According to the prehospital

17    records, it took 10 minutes for the first EMS personnel to arrive on scene. They

18    were Captain James Luster, Sergeant Jeremiah Whitehead and Firefighter William

19    Roberts with the City of South Fulton Fire Department (SFFD). The Grady EMS

1   ambulance with Grady EMS AEMT James Baumgartner and Grady EMS

2   Paramedic Jeremy Holland did not arrive on scene at Mr. Mitchell's residence until

3   17 minutes after the initial dispatch.  According to the Patient Care Report

4   completed by Grady EMS Paramedic Holland regarding Mr. Mitchell, the Grady

5   EMS employees made patient contact with Mr. Mitchell at 2327 hours, 20 minutes

6   after the initial 911 call.

7       At the time of patient contact, Mr. Mitchell was in cardiac arrest and had no

8   detectable heart rhythm.  Mr. Mitchell was treated by Grady EMS employees and

9   the firefighters from City of South Fulton Fire Department (SFFD), which was

10  similar to the Advanced Cardiac Life Support (ACLS) guidelines according to the

11  Patient Care Report.  During the course of treatment provided by Grady EMS

12  Paramedic Holland for Mr. Mitchell's cardiac arrest event, three separate forms of

13  intravenous (IV) access were established during the treatment and transportation

14  process.  The total time Grady EMS AEMT James Baumgartner and Grady EMS

15  Paramedic Jeremy Holland spent with Mr. Mitchell during the cardiac arrest event

16  was 60 minutes.  The Grady EMS Patient Care Report does not clarify the failures

17  with respect to patient treatment and management, and failure to provide timely

18  transportation to Mr. Mitchell based on the belief by the caregivers that Mr.

19  Mitchell was suffering from a traumatic cardiac arrest event.

9

1    Mr. Mitchell arrived at Grady Memorial Hospital at 0027 hours on
2    November 17, 2019 still in cardiac arrest. According to hospital records, a Trauma
3    Team was activated to manage Mr. Mitchell's care upon his arrival at the
4    emergency department. However, 4 minutes after arrival at the Grady Memorial
5    Hospital Emergency Department, Mr. Mitchell was pronounced dead.

6                                              5.

7    Based upon my review and analysis of the facts outlined supra, my
8    cumulative knowledge, training, and experience, and based on a reasonable degree
9    of medical certainty, it is my professional opinion the prehospital care personnel of
10   Grady Hospital and Grady EMS grossly deviated from the standard of care
11   ordinarily required by emergency medical services personnel, under like
12   conditions, and similar circumstances for a high-risk patient like Anthony Mitchell
13   specifically related to prehospital patient consent, prehospital emergency medical
14   assessment, prehospital emergency medical management, prehospital emergency
15   medical treatment and prehospital emergency medical transportation.

16   I have identified the following specific acts and omissions in support of this
17   opinion:

18   1)   It was a gross deviation from the standard of care for prehospital emergency
19        medical services personnel by failing to establish consent for care for

10

1    Anthony Mitchell, considering Mr. Mitchell was a dependent adult without

2    capacity to consent to, or withhold consent for, emergency medical

3    assessment, treatment and transportation.  Mr. Mitchell was a trauma patient

4    with obvious injuries and a significant mechanism of injury and was known

5    by officers on scene to have a medical history of Autism.

6    2)   It was a gross deviation from the standard of care for prehospital emergency

7    medical services personnel by failing to perform a primary assessment and

8    secondary assessment of Mr. Mitchell's traumatic injuries, which should

9    have included the assessment of the mechanism of injury for Mr. Mitchell,

10   Mr. Mitchell's initial baseline vital signs, pertinent focused assessment of

11   traumatic injuries sustained by Mr. Mitchell, additional vital signs for Mr.

12   Mitchell's condition, and the reassessment of Mr. Mitchell's condition.

13   3)   It was a gross deviation from the standard of care for prehospital emergency

14   medical services personnel by failing to provide any care or treatment to Mr.

15   Mitchell, despite the presence of open wounds and bleeding that was in plain

16   sight at the time of patient contact.

17   4)   It was a gross deviation from the standard of care for prehospital emergency

18   medical services personnel by failing to provide any care or treatment of Mr.

19   Mitchell's known traumatic injuries, as well as the omission of care and

11

1    treatment of any injuries suffered by Mr. Mitchell discovered subsequent to

2    a primary and secondary assessment performed in accordance with the

3    standard of care.

4    5)    It was a gross deviation from the standard of care for prehospital emergency

5    medical services personnel by failing to transport Mr. Mitchell to the

6    appropriate emergency department, staffed and equipped to manage Mr.

7    Mitchell's traumatic injuries.

8    6)    It was a gross deviation from the standard of care for prehospital emergency

9    medical services personnel by failing to release Mr. Mitchell to an

10   appropriate healthcare representative, guardian, conservator or legal

11   representative after the on-scene emergency medical services personnel

12   chose not to transport Mr. Mitchell, despite the presence of traumatic

13   injuries, including bleeding that was in plain sight.

14   7)    It was a gross deviation from the standard of care for prehospital emergency

15   medical services personnel by failing to accurately and appropriately

16   complete a medical legal prehospital patient care report or record for any of

17   the information related to Mr. Mitchell during the subject event.   Mr.

18   Mitchell was a trauma patient with obvious injuries and a significant

19   mechanism of injury.  Moreover, Mr. Mitchell was a dependent adult, who

1    did not receive any assessment, care, treatment, or transportation for his

2    traumatic injuries.  The result of the omission of care was abandonment of

3    Mr. Mitchell by Grady EMS AEMT James Baumgartner and Grady EMS

4    Paramedic Jeremy Holland.

5                                          6.

6    The collective acts and omissions of Grady Hospital, Grady EMS AEMT

7    James Baumgartner and Grady EMS Paramedic Jeremy Holland, during the subject

8    event, was a gross deviation in the standard of care and represented a reckless

9    disregard for Anthony Mitchell.

10                                         7.

11   Based upon my review and analysis of the facts outlined supra, my

12   cumulative knowledge, training, and experience, and based on a reasonable degree

13   of medical certainty, it is my professional opinion the prehospital care personnel

14   Captain James Luster, Sergeant Jeremiah Whitehead and Firefighter William

15   Roberts grossly deviated from the standard of care ordinarily required by

16   emergency medical services personnel under like conditions and similar

17   circumstances for a high-risk patient like Anthony Mitchell specifically related to

18   prehospital patient consent, prehospital emergency medical assessment, prehospital

19   emergency medical management and prehospital emergency medical treatment.

13

1    I have also identified the following specific acts and omissions in support of
2  this opinion:

3  1)   It was a gross deviation from the standard of care for prehospital emergency
4        medical services personnel by failing to establish consent for care for
5        Anthony Mitchell, considering Mr. Mitchell was a dependent adult without
6        capacity to consent to, or withhold consent for, emergency medical
7        assessment, treatment, and transportation.  Mr. Mitchell was a trauma patient
8        with obvious injuries and a significant mechanism of injury and was known
9        by officers on scene to have a medical history of Autism.

10  2)   It was a gross deviation from the standard of care for prehospital emergency
11        medical services personnel by failing to perform a primary assessment and
12        secondary assessment of Mr. Mitchell's traumatic injuries, which should
13        have included the assessment of the mechanism of injury to Mr. Mitchell,
14        Mr. Mitchell's initial baseline vital signs, pertinent focused assessment of
15        traumatic injuries sustained by Mr. Mitchell, additional vital signs for Mr.
16        Mitchell's condition, and the reassessment of Mr. Mitchell's condition.

17  3)   It was a gross deviation from the standard of care for prehospital emergency
18        medical services personnel by failing to provide any care or treatment to Mr.

1    Mitchell despite the presence of open wounds and bleeding that were in

2    plain sight at the time of patient contact.

3    4)   It was a gross deviation from the standard of care for prehospital emergency

4    medical services personnel by failing to provide any care or treatment of Mr.

5    Mitchell's known traumatic injuries, as well as the omission of care and

6    treatment of any injuries suffered by Mr. Mitchell discovered subsequent to

7    a primary and secondary assessment performed in accordance with the

8    standard of care.

9    5)   It was a gross deviation from the standard of care for prehospital emergency

10    medical services personnel by failing to release Mr. Mitchell to an

11    appropriate healthcare representative, guardian, conservator, or legal

12    representative after the on scene emergency medical services personnel

13    chose not to transport Mr. Mitchell, despite the presence of traumatic

14    injuries, including bleeding that was in plain sight.

15    6)   It was a gross deviation from the standard of care for prehospital emergency

16    medical services personnel by failing to accurately and appropriately

17    complete a medical legal prehospital patient care report or record for any of

18    the information related to Mr. Mitchell during the subject event.   Mr.

19    Mitchell was a trauma patient with obvious injuries and a significant

1    mechanism of injury.  Moreover, Mr. Mitchell was a dependent adult, who

2    did not receive any assessment, care, treatment, or transportation for his

3    traumatic injuries.  The result of the omission of care was abandonment of

4    Mr. Mitchell by Captain Luster, Sergeant Whitehead and Firefighter

5    Roberts.

6                                              8.

7    The collective acts and omissions of Captain James Luster, Sergeant

8    Jeremiah Whitehead and Firefighter William Roberts during the subject event,

9    were a gross deviation in the standard of care and represented a reckless disregard

10   for Anthony Mitchell.

11                                             9.

12   This affidavit is not necessarily inclusive of all of the breaches of the

13   standard of care by the aforementioned medical professionals in their medical

14   treatment of Anthony Mitchell; but I understand that for purposes of this Affidavit,

15   I am only required to identify at least one (1) act of malpractice with respect to

16   each Defendant that provided medical care to Anthony Mitchell.

17                                            10.

18   I make this Affidavit under oath after having been duly sworn, on the basis

19   of my education, training and medical experience.  I am of legal age and fully

1   competent to testify to all opinions and conclusions states herein.  This Affidavit is

2   executed for the purpose of being attached to, and used in, support of the Plaintiffs'

3   Complaint as required by O.C.G.A. §9-11-9.1.

4

5        *Further Affiant sayeth not.*

6

7

8   _____

9        **JOHN B. EVERLOVE**

10

11  Sworn and subscribed to before me

12

13  this __29__ day of October, 2020.

14

15

16  _____            

17  Notary Public

18  My commission expires:  *Aug   12, 2023*

17

State Court of Fulton County
**E-FILED**
20EV006691
2/11/2021 3:44 PM
Christopher G. Scott, Clerk
Civil Division

# John B. Everlove, Paramedic/B.A.

**844-810-1917 toll free**

**805-551-4115 cell**

**805-379-4352 fax**

[john@acesfirm.com](mailto:john@acesfirm.com)



## CURRENT LICENSES AND CERTIFICATIONS

- National Paramedic Certification
- State of California Paramedic License
- State of Florida Paramedic License
- State of Michigan Paramedic License
- Ventura County Paramedic Certificate of Accreditation
- Advanced Cardiac Life Support Provider
- Pediatric Advanced Life Support Provider
- Basic Life Support Healthcare Instructor
- Basic Life Support Healthcare Provider
- Drug Abuse Recognition Evaluator
- Federal Emergency Management Agency Emergency Response Team Member
- National Association of EMS Education Instructor
- National Incident Management Systems Provider
- Emergency Vehicle Operations Course Instructor
- National Association of State EMS Officials Member
- California EMS Education Association Member

## EXPERIENCE

### City of Fillmore Fire Department                                    2020-Present

**Paramedic/Firefighter**

Provide primary prehospital emergency care to the citizens of the City of Fillmore in accordance with Ventura County EMS policies and procedures.

### Moorpark College-Health Sciences Department                2019-Present

**Allied Health Sciences Coordinator and EMT Program Director**

Administration and oversight of Allied Health Sciences Division. National Registry of Emergency Medical Technicians Approved Program Director and Credentialed Instructor by the Ventura County Board of Education. Development, implementation, administration and oversight of Allied Health Sciences Education programs at Moorpark College. National EMS Scope of Practice, National EMS Education Standards and industry best practices instruction, as well as data analysis, student remediation and counseling.

1

## American Medical Response (AMR)                                    1997-2020
### Associate Supervisor                                              2018-2020
### Paramedic                                          2007-Current, 1997-1998
Pre-hospital Emergency Medical Care Provider - Ventura County, California; Community Partnership Team Member; Disaster Response Team Member; Strike Team Leader; High Risk Patient Response Team Leader; Community Service Education provider; CPR/First Aid Trainer; Call Intake and Ambulance dispatcher. Community Education coordinator for Drug Abuse Awareness.  Emergency Infectious Disease (EID) Team Leader.  Nepal Earthquake Emergency Medical Response 2015.

### Clinical Manager                                                 2004-2007
Administrator of the Quality Improvement/Quality Assurance programs for AMR Ventura County. Developed and implemented training standards for Paramedics and EMTS. Developed and implemented professional standards and guidelines for Clinical care. Research and implementation of new equipment for prehospital care. (i.e. 12 Lead ECG/EZ IO System/CPAP) National Association of Emergency Medical Services Educators (NAEMSE) Instructor; Multi Casualty Incident Instructor; Basic Life Support Instructor; Bio Terrorism Trainer; Agency Health and Risk Management Program Administrator; Multi agency liaison with voting membership on the Ventura County Emergency Medical Services Pre-Hospital Services Committee, Multi Casualty Incident Committee & Advanced Life Support Clinical Quality Improvement Committee. CAAS Accreditation completion; RFP completion; Conducted Clinical Care investigations and reviewed all Unusual Occurrence Incidents within the organization.

### Paramedic Supervisor                                             1999-2004
Primary Advanced Life Support and Emergency Paramedic responsibilities, and directly supervised a contingent of 36 employees, over an area of approximately 140 square miles, during a 24-hour shift period. Coordinated operational resources during Multi-Casualty Incidents, involving multiple agencies, using a unified Incident Command System. Initiated, Developed and Supervised a Paramedic Mountain Bike Team Program in Ventura County.  Investigations conducted of clinical care, scene management, conduct of Paramedics and EMTs as well as investigations related to patient outcomes.  Participated in the hiring, training and disciplinary process for Paramedics and EMTs

### Field Training Officer                                           1998-1999
Educated and trained new Paramedic and EMT employees, as well as Paramedic and EMT students, in all aspects clinical and operational aspects of pre-hospital emergency care. Liaison between hospitals and other community service agencies relating to clinical Quality Improvement and Quality Assurance.  Development, oversight and implementation of new training standards, policies and procedures as well as utilization of field-based equipment.

## Conejo Valley Adult Education                    2009-2013

### EMT Program Director and Principal Instructor

National Registry of Emergency Medical Technicians Approved Program Director and Credentialed Instructor with the Ventura County Board of Education. Curriculum covered National Standards of Care, data analysis, remediation and student counseling.  Oversight of all aspects of the EMT program regarding implementation of the curriculum, clinical training, clinical evaluation and the standardized testing of EMT students.

## Ventura County Sheriff's Department-Aviation Unit          1994-2010

### Flight Paramedic

Rescue Paramedic and Training Officer. Performed helicopter rescue operations using mountain rescue, hoist rescue, and swift water rescue techniques.  As part of the flight crew, conducted operations related to narcotic reconnaissance, pursuits, surveillance, and fire suppression operations. Drug Abuse Recognition Certificate from California Narcotics Officers Association (CNOA), firearms training, and powers of arrest training. P.O.S.T. Bike Patrol Certified.

## Ventura County Sheriff's Department-East Valley Division SAR     1994-2000

### Search and Rescue Team Member

Probationary Class Captain. Conducted Search and Rescue Operations using navigation methods, tracking, mountain rescue, swift water rescue, winter rescue, confined space rescue, and urban search and rescue techniques.  Chairperson for the Emergency Medical Services committee, oversight of training, patient care analysis, Quality Assurance/Quality Improvement.  Published amendments to the Ventura County Prehospital Policy Manual, as it related to medical care provided by the Search and Rescue team. Conducted searches for missing persons, including investigation and collection of evidence. Led and participated in Emergency Action Planning for disasters and special events.

## Los Robles Regional Medical Center                1994-1996

### Clinical Laboratory Phlebotomist

Obtained blood, serum and culture specimens from adults, children and infants.

## Professional Ambulance                        1992-1994

### Paramedic (EMT-P)

Provided primary prehospital emergency care to the citizens of the City of Glendale. Oversaw community-based events and education.  Provided CPR and First Aid training to public and private organizations.

## Courtesy Ambulance                          1989-1991

### Emergency Medical Technician (EMT)

Provided primary 911 prehospital emergency care to the citizens of the City of Santa Paula, the City of Fillmore and the City of Ventura.

3

## Los Robles Regional Medical Center                                    1989-1989

### Radiology, Cath Lab, Surgery Assistant

Worked in all three departments assisting physicians, nurses and other healthcare team members.

## EDUCATION

## University of California, San Diego                                    1995-1998

### Bachelors of Arts Degree

- Psychology (Physiological) and Law & Society
- Captain of the Crew team 1996-1997

## Mt. San Antonio College, Walnut, CA                                    1991

### Paramedic Training Program

- <u>Clinical Internships</u>: Northridge Hospital Medical Center (Northridge, CA) and Inter-Community Hospital (West Covina, CA)
- <u>Field Internship</u>: Los Angeles City Fire Department Station 81 (Arleta, CA)
- Paramedic Class Captain

## Pierce College, Woodland Hills, CA                                    1990

### Emergency Medical Technician (EMT) Program

## AWARDS & RECOGNITION

- **Higgins & Langley Award for Bravery, 1995** (VCSO East Valley-Swift Water Rescue)
- **Commendation, 1998** (AMR, Service & Professionalism-Medical Call)
- **Commendation, 1998** (AMR, Professionalism & Service-Medical Call)
- **Commendation, 1999** (VCSO Air Unit, Sheriff Brooks Professionalism & Dedication)
- **Commendation, 1999** (VCSO Air Unit, Dedication and Service-Medical Rescue)
- **Commendation, 2000** (AMR, Performance-Medical Call)
- **Commendation 2001** (AMR, Performance-Heavy Rescue Traffic Collision)
- **Commendation, 2001** (AMR, Performance-Traffic Collision/MCI- School Bus)
- **Commendation, 2002** (USSS/White House Medical Staff-Letter of Appreciation for Service & Dedication during Presidential Visit/Motorcade)
- **Commendation, 2003** (USSS/White House Medical Staff-Letter of Appreciation for Service & Dedication during Vice Presidential Visit/Motorcade)
- **Commendation, 2003** (AMR, Dedication and Service during wildfires)
- **Commendation**, **Medical Unit Incident Commander, 2004** (AMR/USSS/White House, "Operation Serenade" Funeral Services for Former President Ronald Reagan)
- **Commendation, 2005** (AMR, Professionalism and Dedication La Conchita Incident)
- **Award for Uncommon Valor, 2006** (VCSO Aviation Unit, Helicopter Rescue)
- **Commendation, 2007** (AMR, Professionalism and Service-Medical Call)
- **Commendation, 2007** (VCSO Air Unit, Professionalism and Service-Medical Call)
- **Commendation, 2008** (AMR, Professionalism and Service-Medical Call)

4

- **Commendation, 2009** (AMR, Successful Resuscitation of Cardiac Arrest Victim)
- **Commendation, 2009** (AMR, Disaster Planning Community Service Event)
- **Commendation, 2009** (VCSO Air Unit, Professionalism and Service-Medical Rescue)
- **Commendation, 2009** (AMR, Disaster Planning Community Service Event)
- **Commendation, 2010** (AMR, Successful Resuscitation of Cardiac Arrest Victim)
- **Commendation, 2010** (AMR, Professionalism and Service-Medical Call)
- **Commendation, 2011** (AMR, Professionalism and Service-Medical Call)
- **Commendation, 2011**(AMR, Professionalism and Service-Medical Call)
- **Commendation, 2011**(Ronald Reagan Library Foundation, Centennial Celebration)
- **Commendation, 2011**(Ronald Reagan Library Foundation, Republican Debates)
- **Commendation, 2013**(AMR, Successful Resuscitation of Cardiac Arrest Victim)
- **Commendation, 2015** (Ronald Reagan Library Foundation, Republican Debates)
- **Commendation, Medical Unit Incident Commander 2016** (AMR, "Operation Rainbow" Funeral Services for Former First Lady Nancy Reagan)

5

State Court of Fulton County
**E-FILED**
20EV006691
11/10/2020 3:38 PM
LeNora Ponzo, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
**Civil Division**

CIVIL ACTION FILE #: _____

*Shanida D. Swanson, Natural Mother and Administrator of the Estate of Anthony J. Mitchell*
*3481 Lakeside Dr NE Suite 2406*
*Atlanta, GA 30326*

Plaintiff's Name, Address, City, State, Zip Code

vs.

*Fulton County GA*
*141 Pryor St SW 10th Floor*
*Atlanta GA 30303*

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [✓] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [✓] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Michael D. Harper

Address: 3481 Lakeside Dr. NE Suite 2407

City, State, Zip Code: Atlanta, GA 30326          Phone No.: (404) 271-6618

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

LeNora Ponzo, Chief Clerk (electronic signature)

_____

**SERVICE INFORMATION:**

Served, this _____ day of _____, 20_____.

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.    _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
20EV006691
11/10/2020 3:38 PM
LeNora Ponzo, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
### Civil Division

CIVIL ACTION FILE #: _____

Shanida D. Swanson, Natural Mother and
Administrator of the Estate of Anthony J. Mitchell
3481 Lakeside Dr NE Suite 2406
Atlanta, GA 30326

Plaintiff's Name, Address, City, State, Zip Code

vs.

Grady Ems LLC
80 Jesse Hill Jr. DR SE
Atlanta, GA 30303

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [✓] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | ************ |
| [✓] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Michael D. Harper

Address: 3481 Lakeside Dr. NE Suite 2407

City, State, Zip Code: Atlanta, GA 30326            Phone No.: (404) 271-6618

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

LeNora Ponzo, Chief Clerk (electronic signature)

_____

**SERVICE INFORMATION:**

Served, this _____ day of _____, 20_____.

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

_____

This _____ day of _____, 20____.    _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

**State Court of Fulton County
**EFILED**
20EV006691
11/10/2020 3:38 PM
LeNora Ponzo, Clerk
Civil Division**

GEORGIA, FULTON COUNTY

## STATE COURT OF FULTON COUNTY
**Civil Division**

DO NOT WRITE IN THIS SPACE

CIVIL ACTION FILE #: _____

*Shanida D. Swanson, Natural Mother and
Administrator of the Estate of Anthony J. Mitchell
3481 Lakeside Dr NE Suite 2406
Atlanta, GA 30326*

Plaintiff's Name, Address, City, State, Zip Code

vs.

*William Roberts
5440 Fulton Ind Blvd
Atlanta, GA 30336*

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [✓] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [✓] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Michael D. Harper

Address: 3481 Lakeside Dr. NE Suite 2407

City, State, Zip Code: Atlanta, GA 30326                     Phone No.: (404) 271-6618

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

LeNora Ponzo, Chief Clerk (electronic signature)

**SERVICE INFORMATION:**

Served, this _____ day of _____, 20_____.    _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

_____

This _____ day of _____, 20_____.   _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
20EV006691
11/10/2020 3:38 PM
LeNora Ponzo, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
**Civil Division**

CIVIL ACTION FILE #: _____

Shanida D. Swanson, Natural Mother and
Administrator of the Estate of Anthony J. Mitchell
3481 Lakeside Dr NE Suite 3406
Atlanta, GA 30326

Plaintiff's Name, Address, City, State, Zip Code

vs.

Jeremiah Whitehead
5440 Fulton Ind. Blvd.
Atlanta, GA 30336

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [✓] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [✓] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Michael D. Harper

Address: 3481 Lakeside Dr. NE Suite 2407

City, State, Zip Code: Atlanta, GA 30326          Phone No.: (404) 271-6618

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

LeNora Ponzo, Chief Clerk (electronic signature)

_____

***SERVICE INFORMATION:***

Served, this _____ day of _____, 20_____.

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20____.   _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

**State Court of Fulton County**
**\*\*E-FILED\*\***
**20EV006691**
**11/10/2020 3:38 PM**
**LeNora Ponzo, Clerk**
**Civil Division**

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
**Civil Division**

CIVIL ACTION FILE #: _____

Shanida D. Swanson, Natural Mother and
Administrator of the Estate of Anthony J. Mitchell
3481 Lakeside Dr NE Suite 2406
Atlanta, GA 30326

Plaintiff's Name, Address, City, State, Zip Code

vs.

James Luster
5240 Fulton Ind Blvd
Atlanta GA 30336

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [✔] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | ************ |
| [✔] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Michael D. Harper

Address: 3481 Lakeside Dr. NE Suite 2407

City, State, Zip Code: Atlanta, GA 30326          Phone No.: (404) 271-6618

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

LeNora Ponzo, Chief Clerk (electronic signature)

_____

**SERVICE INFORMATION:**

Served, this _____ day of _____, 20_____.

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

_____

This _____ day of _____, 20____.   _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

**State Court of Fulton County**
**\*\*EFILED\*\***
**20EV006691**
**11/10/2020 3:38 PM**
**LeNora Ponzo, Clerk**
**Civil Division**

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
**Civil Division**

CIVIL ACTION FILE #: _____

Shanida D. Swanson, Natural Mother and
Administrator of the Estate of Anthony J. Mitchell
3481 Lakeside Dr NE Suite 2406
Atlanta GA 30326

Plaintiff's Name, Address, City, State, Zip Code

vs.

James Baumgartner
80 Jesse Hill Jr Dr SE
Atlanta GA 30303

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [✔] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | *********** |
| [✔] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Michael D. Harper

Address: 3481 Lakeside Dr. NE Suite 2407

City, State, Zip Code: Atlanta, GA 30326          Phone No.: (404) 271-6618

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

LeNora Ponzo, Chief Clerk (electronic signature)

_____

**SERVICE INFORMATION:**

Served, this _____ day of _____, 20_____.

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20____.    _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

**State Court of Fulton County**
**\*\*E-FILED\*\***
20EV006691
11/10/2020 3:38 PM
LeNora Ponzo, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

CIVIL ACTION FILE #: _____

*Shanida D. Swanson, Natural Mother and Administrator of the Estate of Anthony J. Mitchell*
*3481 Lakeside Dr NE Suite 2406*
*Atlanta, GA 30326*

Plaintiff's Name, Address, City, State, Zip Code

vs.

*Jeremy Holland*
*80 Jesse Hill Jr. Dr SE*
*Atlanta, GA 30303*

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [✓] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | \*\*\*\*\*\*\*\*\*\*\*\* |
| [✓] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Michael D. Harper

Address: 3481 Lakeside Dr. NE Suite 2407

City, State, Zip Code: Atlanta, GA 30326      Phone No.: (404) 271-6618

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

LeNora Ponzo, Chief Clerk (electronic signature)

_____

**SERVICE INFORMATION:**
Served, this _____ day of _____, 20____.

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

This _____ day of _____, 20____.   _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
20EV006691
1/14/2021 2:30 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

SHANITA D. SWANSON, Natural Mother and )
Administrator of the Estate of Anthony J. Mitchell, )
    )
*Plaintiff,*     ) Civil Action No: 20EV006691
    )
V.     )
    )
FULTON COUNTY, GA, GRADY EMS, LLC, )
JAMES LUSTER, JEREMIAH WHITEHEAD, )
WILLIAM ROBERTS, JAMES BAUMGARTNER )
and JEREMY HOLLAND,     )
    )
*Defendants.*     )

## WAIVER OF SERVICE

Pursuant to OCGA § 9-11-4(d)(1) the undersigned states the following:

A) I, Ashley J. Palmer, as the attorney and legally authorized representative for Defendant,

Fulton County, GA, hereby waive service of process of the Complaint in this action;

B) I have received a copy of the stamped filed Complaint in this action via first class mail;

C) I have received an extra copy of this Notice and Request, as well as a self-addressed
stamped envelope to return this Waiver of Service to Plaintiff's counsel of record;

D) I acknowledge that I have 30 days from the date of this request, December 18, 2020, to

return this waiver of service.

E) I acknowledge that if I fail to timely comply this request, that the Court shall impose the

costs subsequently incurred in effecting service on me unless good cause for the failure

is shown.

F) I acknowledge that waiving service of a summons does not waive any objection to the

venue or to the jurisdiction of the court over the person of the defendant.

Ashley J. Palmer

Sworn and subscribed to before me
this _10th_ day of _December_ ____

Notary Public
My commission expires:

JENNIFER R BEHARIE
MY COMMISSION EXPIRES
NOTARY
PUBLIC
OCTOBER 17, 2022
GWINNETT COUNTY, GEORGIA

**State Court of Fulton County**
**\*\*E-FILED\*\***
**20EV006691**
**1/14/2021 2:34 PM**
**Christopher G. Scott, Clerk**
**Civil Division**

## <u>WAIVER OF SERVICE OF SUMMONS</u>

To:   Attorney Michael D. Harper

I acknowledge receipt of your request of November 18, 2020, that Grady EMS, LLC; James Baumgartner; and Jeremy Holland waive service of a summons in the action of *Shanita D. Swanson v. Fulton Cunty, GA; Grady EMC, LLC et al.*, which is case number 20EV006691 in the State Court of the State of Georgia in and for the County of Fulton. I have also received a copy of the complaint in the action.

Grady EMS, LLC; James Baumgartner; and Jeremy Holland agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that they be served with judicial process in the manner provided by the Georgia Rules of Civil Procedure.

Grady EMS, LLC; James Baumgartner; and Jeremy Holland will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against Grady EMS, LLC; James Baumgartner; and Jeremy Holland if an answer is not served upon you within 60 days after November 18, 2020, the date the request for waivers of service of summons was sent to Timothy Jefferson of Grady EMS, LLC.

This 8th day of January, 2021.

/s/ *Jeffrey E. Tompkins*
Jeffrey E. Tompkins
Attorney for Grady EMS, LLC;
James Baumgartner; and Jeremy Holland

State Court of Fulton County
**E-FILED**
20EV006691
1/15/2021 2:36 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| SHANITA D. SWANSON, Natural Mother and Administrator of the Estate of Anthony J. Mitchell, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO. 20EV006691 |
| v. | ) ) | |
| FULTON COUNTY, GA, GRADY EMS, LLC, JAMES LUSTER, JEREMIAH WHITEHEAD, WILLIAM ROBERTS, JAMES BAUMGARTNER, and JEREMY HOLLAND, | ) ) ) ) | |
| Defendants. | ) ) ) | |

### DEFENDANT FULTON COUNTY, GEORGIA'S MOTION TO DISMISS

COMES NOW Defendant, Fulton County, Georgia, by and through undersigned counsel, and pursuant to O.C.G.A. § 9-11-12, files this Motion to Dismiss Plaintiff's Complaint and to stay all further proceedings. In support of Defendant's Motion to Dismiss, Defendant relies upon the Brief in Support filed contemporaneously herewith.

Respectfully submitted, this 15th day of January, 2021.

**OFFICE OF THE FULTON COUNTY ATTORNEY**

Patrise Perkins-Hooker
County Attorney
Georgia Bar No. 572378

Kaye Woodard Burwell
Deputy County Attorney
Georgia Bar No. 775060

Ashley J. Palmer
Senior Assistant County Attorney
Georgia Bar No. 603514

1

*/s/ Jonathan Loegel*
Jonathan Loegel
Assistant County Attorney
Georgia Bar No. 755706
jonathan.loegel@fultoncountyga.gov

**Counsel for Defendant**
**Fulton County, GA**

141 Pryor Street, S.W.
Suite 3048
Atlanta, Georgia 30303
404-612-0267 (office)
404-730-6324 (facsimile)

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

SHANITA D. SWANSON, Natural Mother and )
Administrator of the Estate of Anthony J. Mitchell, )
                                          )      CIVIL ACTION FILE NO.
     Plaintiff,                        )      20EV006691
                                          )
v.                                     )
                                          )
FULTON COUNTY, GA, GRADY EMS, LLC, )
JAMES LUSTER, JEREMIAH WHITEHEAD, )
WILLIAM ROBERTS, JAMES BAUMGARTNER,)
and JEREMY HOLLAND,                 )
                                          )
     Defendants.                    )
_____ )

**CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that the undersigned counsel served a copy of the foregoing

**DEFENDANT FULTON COUNTY, GEORGIA'S MOTION TO DISMISS,** using the

Odyssey e-File GA system, which will automatically send email notification of such filing to the

following attorney of record:

Michael D. Harper, P.C.
3481 Lakeside Dr. N.E., Suite 2406
Atlanta, Georgia 30326
Email: mharper@mharperlaw.com

Respectfully submitted, this 15th day of January, 2021.

*/s/ Jonathan Loegel*
Jonathan Loegel
Assistant County Attorney
Georgia Bar No. 755706
jonathan.loegel@fultoncountyga.gov

**OFFICE OF THE FULTON COUNTY ATTORNEY**
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0267 (office)

3

(404) 730-6324 (facsimile)

State Court of Fulton County
**E-FILED**
20EV006691
1/15/2021 2:36 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

SHANITA D. SWANSON, Natural Mother and )
Administrator of the Estate of Anthony J. Mitchell, )
                                                    )        CIVIL ACTION FILE NO.
        Plaintiff,                             )        20EV006691
                                                    )
v.                                                      )
                                                      )
FULTON COUNTY, GA, GRADY EMS, LLC, )
JAMES LUSTER, JEREMIAH WHITEHEAD, )
WILLIAM ROBERTS, JAMES BAUMGARTNER,)
and JEREMY HOLLAND,                       )
                                                      )
        Defendants.                        )
_____ )

## BRIEF IN SUPPORT OF DEFENDANT FULTON COUNTY, GEORGIA'S MOTION TO DISMISS

COMES NOW Defendant Fulton County, Georgia ("Defendant"), by and through undersigned counsel, and pursuant to O.C.G.A. § 9-11-12, files this Brief in Support of its Motion to Dismiss Plaintiff's Complaint, showing this Honorable Court the following:

## INTRODUCTION

Plaintiff Shanita D. Swanson ("Plaintiff") has brought this lawsuit as a result of the untimely death of her son, Anthony J. Mitchell, pursuant to "each and every claim permissible under Georgia law." *See* Complaint ¶ 2. Plaintiff seeks pecuniary damages. *Id.* As set forth more fully below, Plaintiff's claims against Fulton County are barred by sovereign immunity and must be dismissed.

## STATEMENT OF FACTS AS ALLEGED IN THE COMPLAINT

Plaintiff alleges that her son, Anthony Mitchell, was killed as a result of the negligence of Fulton County and the other defendants identified in her lawsuit. *See* Complaint ¶¶ 63-68. She also asserts that Fulton County is vicariously liable for the alleged actions of unidentified Fulton

County Police Officers who were involved in a "chase" as well as the apprehension and treatment of Anthony Mitchell." *Id.* ¶¶ 69-70.

According to Plaintiff's claims, which are taken as true for purposes of this motion, Anthony Mitchell was involved in a dispute and physical altercation with employees of a restaurant located in unincorporated Fulton County on November 16, 2019. *Id.* ¶¶ 13-15. One or more Fulton County Police Officers responded to the scene, restrained Mr. Mitchell and escorted him out of the restaurant where he was allegedly placed on the concrete in a prone position. *Id.* ¶¶ 17-25. Thereafter, Mr. Mitchell was allegedly treated by other non-Fulton County Defendants and released into the custody of his mother, Plaintiff Shanita Swanson. *Id.* ¶¶ 27-46. After returning home with his mother, Anthony Mitchell suffered a cardiac arrest and passed away. *Id.* ¶¶ 47-62.

### STANDARD FOR MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant asserts that this claim must be dismissed because Fulton County is immune from these claims. O.C.G.A. § 9-11-12(b)(6) allows for a responsive pleading to assert that a complaint has failed to state a claim upon which relief can be granted. A motion to dismiss for failure to state a claim upon which relief may be granted should be sustained if: (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint that is sufficient to warrant a grant of the relief sought. Southstar Energy Services, LLC v. Ellison, 286 Ga. 709, 710 (2010). Additionally, a complaint may be dismissed if it is clearly without any merit, and this lack of merit may consist of an absence of law to support a claim of the sort made, or of facts sufficient to make a good claim, or in the disclosure of some fact that

will necessarily defeat the claim.  Rossville Federal Sav. & Loan Ass'n v. Insurance Co. of North America, 121 Ga. App. 435, 438-439 (1970).  Said another way, a motion to dismiss should be granted if the allegations of the complaint, construed most favorably to the plaintiff, disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts. Thomas v. Lee, 286 Ga. 860, 861 (2010).

## ARGUMENT AND CITATION OF AUTHORITY

### I.    Plaintiff's Claims Against Defendant Fulton County are Barred by Sovereign Immunity.

Plaintiff's Complaint for Wrongful Death asserts that it is an action for damages against Fulton County as well as the other identified defendants.  Georgia law is clear that claims against the county are barred by sovereign immunity.  See S. LNG, Inc. v. MacGinnitie, 290 Ga. 204, 207 (2011).  "Under Georgia law, sovereign immunity is an immunity from suit, rather than a mere defense to liability, and is effectively lost if a case is erroneously permitted to go to trial." Board of Regents v. Canas, 295 Ga. App. 505, 507 (2009); see also Cameron v. Lang, 274 Ga. 122, 123 (2001).  Since sovereign immunity is a threshold matter, the general rule is that the court should consider issues of sovereign immunity prior to issues of causation.  Cameron, 274 Ga. at 126.[1]

Sovereign immunity shields the state and counties from suits seeking to recover damages, as well as from any *legal action* unless the government has waived its immunity from suit.  In

---

[1] On November 3, 2020, the voters of Georgia approved an amendment eliminating sovereign immunity for claims "seeking declaratory relief from acts of the state or any agency, authority, branch, board, bureau, commission, department, office, or public corporation of this state or officer or employee thereof or any county, consolidated government, or municipality of this state or officer or employee thereof outside the scope of lawful authority or in violation of the laws or the Constitution of this state or the Constitution of the United States. Sovereign immunity is further waived so that a court awarding declaratory relief pursuant to this Paragraph may, only after awarding declaratory relief, enjoin such acts to enforce its judgment. Such waiver of sovereign immunity under this Paragraph shall apply to past, current, and prospective acts which occur on or after January 1, 2021."  See Ga. H.B 1023.  The Complaint at bar does not seek declaratory relief and both the events and the lawsuit came about before January 1, 2021.  Therefore, the recently approved Amendment does not affect the substance of this motion.

the Interest of A. V. B., 267 Ga. 728 (1997); Layer v. Barrow Cty., 297 Ga. 871 (2015) ("As a general rule, counties enjoy sovereign immunity"); Gilbert v. Richardson, 264 Ga. 744, 747 (1994) ([S]overeign immunity…also appl[ies] to counties).  Article 9, Section 2, Paragraph IX of the Georgia Constitution provides that "[t]he General Assembly may waive the immunity of counties, municipalities, and school districts by law."  However, any "waiver [of sovereign immunity] must be established by the party seeking to benefit from the waiver."  McElmore v. City Council of Augusta, 212 Ga. App. 862, 864 (1994).

"A county is not liable to suit for any cause of action unless made so by statute."  O.C.G.A. § 36-1-4.  There is only one pertinent statute which waives sovereign immunity.  O.C.G.A. § 33-24-51(a) provides that a "county is authorized in its discretion to secure and provide insurance to cover liability for damages on account of bodily injury or death resulting from bodily injury to any person or for damage to property of any person, or for both arising any reason of ownership, maintenance, operation, or use of any motor vehicle by the … county."  Subsection (b) of O.C.G.A. § 33-24-51 creates a limited waiver of sovereign immunity.  Immunity is waived to the extent a county "purchases" insurance "to provide liability coverage for the negligence of any duly authorized officer, agent, servant, attorney, or employee [operating or using a county vehicle while] in the performance of his official duties."  O.C.G.A. § 33-24-51(b).

Here, Plaintiff has neither alleged, nor can Plaintiff prove, any lawful waiver of sovereign immunity.  See City of Lawrenceville v. Macko, 211 Ga. App. 312, 314 (1993).  Plaintiff has not shown that this suit arises out of claims for the negligent use of a covered motor vehicle.  Plaintiff has failed to demonstrate any claims for damages on account of bodily injury or for damage to property arising by reason of ownership, maintenance, operation, or use of any motor

vehicle.  While Plaintiff twice uses the word "chase" in her Complaint (*see* Compl., ¶¶ 69, 71), there are no facts supporting this allegation and no assertion that any vehicle was involved in this matter.  As such, Plaintiff has failed to demonstrate that Defendant has waived its immunity pursuant to O.C.G.A. § 33-24-51.

Plaintiff's allegations that Fulton County was negligent or was responsible for the negligence of unidentified Police Officers fall squarely within the limitations imposed by sovereign immunity.  *See* Gilbert v. Richardson, 264 Ga. 744, 747 (1994) (immunity from tort liability).  Both claims against Fulton County sound in tort.  It is Plaintiff's responsibility to show that a waiver of sovereign immunity exists.  The only applicable statute, namely the one relating to automobile insurance, is clearly inapplicable.  Plaintiff has not and cannot identify any other source of waiver.  Without it, sovereign immunity applies.  Accordingly, Fulton County should be dismissed.

## <u>CONCLUSION</u>

For the aforementioned reasons, Plaintiff's Complaint should be dismissed in its entirety as to Defendant Fulton County because the County is entitled to sovereign immunity.  Thus, Defendant Fulton County respectfully requests that this motion to dismiss be granted in its favor.

Respectfully submitted, this 15th day of January, 2021.

**OFFICE OF THE FULTON COUNTY ATTORNEY**

Patrise Perkins-Hooker
County Attorney
Georgia Bar No. 572358

Kaye Woodard Burwell
Deputy County Attorney
Georgia Bar No. 775060

5

Ashley Palmer
Senior Assistant County Attorney
Georgia Bar No. 603514

***/s/ Jonathan Loegel***
Jonathan Loegel
Assistant County Attorney
Georgia Bar No. 755706
jonathan.loegel@fultoncountyga.gov

***Counsel for Defendant***
***Fulton County, GA***

141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
404-612-0246 (office)
404-730-6324 (facsimile)

6

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

SHANITA D. SWANSON, Natural Mother and )
Administrator of the Estate of Anthony J. Mitchell, )
           )     CIVIL ACTION FILE NO.
      Plaintiff,            )     20EV006691
           )
v.                      )
           )
FULTON COUNTY, GA, GRADY EMS, LLC, )
JAMES LUSTER, JEREMIAH WHITEHEAD, )
WILLIAM ROBERTS, JAMES BAUMGARTNER,)
and JEREMY HOLLAND,            )
           )
      Defendants.           )
_____ )

## <u>CERTIFICATE OF SERVICE</u>

THIS IS TO CERTIFY that the undersigned counsel served a copy of the foregoing

**<u>BRIEF IN SUPPORT OF DEFENDANT FULTON COUNTY, GEORGIA'S MOTION TO</u>**

**<u>DISMISS</u>** using the Odyssey e-File GA system, which will automatically send email notification

of such filing to the following attorney of record:

Michael D. Harper, P.C.
3481 Lakeside Dr. N.E., Suite 2406
Atlanta, Georgia 30326
Email: mharper@mharperlaw.com

Respectfully submitted, this 15th day of January, 2021.

*/s/ Jonathan Loegel*
Jonathan Loegel
Assistant County Attorney
Georgia Bar No. 755706
jonathan.loegel@fultoncountyga.gov

**OFFICE OF THE FULTON COUNTY ATTORNEY**
141 Pryor Street, S.W.
Suite 3048
Atlanta, Georgia 30303
404-612-0234 (office)

7

404-730-6324 (facsimile)

State Court of Fulton County
**E-FILED**
20EV006691
1/15/2021 2:36 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

SHANITA D. SWANSON, Natural Mother and )
Administrator of the Estate of Anthony J. Mitchell, )
                                          )     CIVIL ACTION FILE NO.
      Plaintiff,                    )     20EV006691
                                            )
v.                                        )
                                            )
                                            )
FULTON COUNTY, GA, GRADY EMS, LLC, )
JAMES LUSTER, JEREMIAH WHITEHEAD, )
WILLIAM ROBERTS, JAMES BAUMGARTNER,)
and JEREMY HOLLAND,            )
                                            )
      Defendants.               )
_____)

## DEFENDANT FULTON COUNTY, GEORGIA'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR WRONGFUL DEATH

COMES NOW Defendant Fulton County, Georgia ("Defendant"), by and through undersigned counsel, and files this Answer and Defenses to Plaintiff's Complaint for Wrongful Death.

## FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, by her failure to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred to the extent that Defendant is entitled to sovereign immunity.

## THIRD DEFENSE

Defendant has not committed any act or omission which would make it liable in any way to Plaintiff for any cause of action for damages.

1

## FOURTH DEFENSE

Defendant committed no act or omission which either proximately caused or contributed in any way to any injuries or damages alleged by Plaintiff.

## FIFTH DEFENSE

Defendant did not breach any duty owed to Plaintiff with regard to the event(s) allegedly giving rise to Plaintiff's claims.

## SIXTH DEFENSE

Defendant's acts or omissions with respect to Plaintiff were carried out in good faith, without malice, spite, or conscious, reckless or negligent disregard of Plaintiff's rights, if any, and without improper or ill will of any kind.

## SEVENTH DEFENSE

Plaintiff's claims are barred due to the doctrine of justification.

## EIGHTH DEFENSE

Defendant now responds to the allegations of the Complaint as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

Defendant is without information or knowledge sufficient to form a belief as to the truth of whether Plaintiff is a resident of Fulton County, Georgia and the Natural mother, sole legal guardian, or the Administrator of the Estate of Anthony J. Mitchell.

2.

Defendant asserts that Plaintiff is making a legal conclusion to which no response is required.  Subject to and without limiting her assertion, Defendant denies that Plaintiff has brought a claim or is entitled to any damages.

2

3.

Defendant is without sufficient information to admit or deny that it employs any particular unidentified individual not specifically named in the Complaint.  Defendant admits that it is responsible for the funding of the Fulton County Police Department but is without sufficient information to admit or deny that it is responsible for the "operation" of the Fulton County Police Department, as Defendant is unsure what Plaintiff means by that term.  Defendant admits that it may be served with process through Robert Pitts, Fulton County Commission Chairman, at 141 Pryor Street, SW, 10th Floor, Atlanta, Georgia 30303.  Defendant denies all remaining allegations in Paragraph 3 of the Complaint.

4.

Defendant admits that Plaintiff has attached to her Complaint a document marked as "Exhibit A" that she purports was served upon Defendant.  The document speaks for itself.  To the extent Plaintiff asserts that she has "complied with all conditions precedent to bringing this action against Fulton County," this is a legal conclusion that requires neither an admission nor a denial; to the extent an answer is required, denied.

5.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of Plaintiff's Complaint; to the extent an answer is required, denied.

6.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of Plaintiff's Complaint; to the extent an answer is required, denied.

7.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of Plaintiff's Complaint; to the extent an answer is required, denied.

8.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of Plaintiff's Complaint; to the extent an answer is required, denied.

9.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of Plaintiff's Complaint; to the extent an answer is required, denied.

10.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of Plaintiff's Complaint; to the extent an answer is required, denied.

11.

Paragraph 11 constitutes a legal conclusion regarding jurisdiction and venue, which Defendant denies.  Defendant acknowledges that Plaintiff seeks to invoke the jurisdiction and venue of this Court.  To the extent that further response is required as to the allegations contained in Paragraph 11, they are denied.

## FACTUAL OUTLINE

12.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of Plaintiff's Complaint; to the extent an answer is required, denied.

13.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of Plaintiff's Complaint; to the extent an answer is required, denied.

14.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of Plaintiff's Complaint; to the extent an answer is required, denied.

15.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of Plaintiff's Complaint; to the extent an answer is required, denied.

16.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of Plaintiff's Complaint; to the extent an answer is required, denied.

17.

Defendant is without information or knowledge sufficient to form a belief as to the truth

of the allegations set forth in Paragraph 17 of Plaintiff's Complaint; to the extent an answer is required, denied.

18.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of Plaintiff's Complaint; to the extent an answer is required, denied.

19.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of Plaintiff's Complaint.  To the extent that Plaintiff identifies video surveillance footage of a Bojangles Restaurant, said footage speaks for itself.  To the extent any additional answer is required, denied.

20.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of Plaintiff's Complaint; to the extent any additional answer is required, denied.

21.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of Plaintiff's Complaint; to the extent any additional answer is required, denied.

22.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of Plaintiff's Complaint; to the extent any additional answer is required, denied.

23.

Denied.

24.

Denied.

25.

Denied.

26.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of Plaintiff's Complaint; to the extent any additional answer is required, denied.

27.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of Plaintiff's Complaint; to the extent any additional answer is required, denied.

28.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of Plaintiff's Complaint; to the extent any additional answer is required, denied.

29.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of Plaintiff's Complaint; to the extent any additional answer is required, denied.

30.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of Plaintiff's Complaint; to the extent any additional answer is required, denied.

31.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of Plaintiff's Complaint.  To the extent that Plaintiff identifies an incident report, that document speaks for itself.  To the extent any additional answer is required, denied.

32.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of Plaintiff's Complaint; to the extent any additional answer is required, denied.

33.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of Plaintiff's Complaint.  To the extent that Plaintiff identifies an incident report, that document speaks for itself.  To the extent any additional answer is required, denied.

34.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of Plaintiff's Complaint.  To the extent that Plaintiff makes a legal conclusion in Paragraph 34 of the Complaint, no response is required.  To the extent any additional answer is required, denied.

35.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of Plaintiff's Complaint.  To the extent that Plaintiff identifies an incident report, that document speaks for itself.  To the extent any additional answer is required, denied.

36.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of Plaintiff's Complaint; to the extent any additional answer is required, denied.

37.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of Plaintiff's Complaint.  To the extent that Plaintiff identifies video surveillance footage, said footage speaks for itself.  To the extent any additional answer is required, denied.

38.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of Plaintiff's Complaint.  To the extent that Plaintiff is referencing video surveillance footage, said footage speaks for itself.  To the extent any additional answer is required, denied.

39.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of Plaintiff's Complaint.  To the extent that Plaintiff identifies video surveillance footage, said footage speaks for itself.  To the extent any additional

answer is required, denied.

40.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of Plaintiff's Complaint; to the extent any additional answer is required, denied.

41.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of Plaintiff's Complaint; to the extent any additional answer is required, denied.

42.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of Plaintiff's Complaint; to the extent any additional answer is required, denied.

43.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of Plaintiff's Complaint.  To the extent that Plaintiff makes a legal conclusion in Paragraph 43 of the Complaint, no response is required.  To the extent any additional answer is required, denied.

44.

Admitted.

45.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of Plaintiff's Complaint.  To the extent any additional

10

answer is required, denied.

46.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of Plaintiff's Complaint.  To the extent that Plaintiff makes a legal conclusion in Paragraph 46 of the Complaint, no response is required.  To the extent any additional answer is required, denied.

47.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of Plaintiff's Complaint.  To the extent that Plaintiff identifies an incident report and medical records, those documents speak for themselves.  To the extent any additional answer is required, denied.

48.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 of Plaintiff's Complaint; to the extent any additional answer is required, denied.

49.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 of Plaintiff's Complaint; to the extent any additional answer is required, denied.

50.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 of Plaintiff's Complaint; to the extent any additional answer is required, denied.

51.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51 of Plaintiff's Complaint; to the extent any additional answer is required, denied.

52.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 52 of Plaintiff's Complaint; to the extent any additional answer is required, denied.

53.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 of Plaintiff's Complaint.  To the extent that Plaintiff identifies pre-hospital records, those documents speak for themselves.  To the extent any additional answer is required, denied.

54.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 54 of Plaintiff's Complaint; to the extent any additional answer is required, denied.

55.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55 of Plaintiff's Complaint.  To the extent that Plaintiff identifies a Patient Care Report, that documents speaks for itself.  To the extent any additional answer is required, denied.

56.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56 of Plaintiff's Complaint; to the extent any additional answer is required, denied.

57.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of Plaintiff's Complaint; to the extent any additional answer is required, denied.

58.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 of Plaintiff's Complaint; to the extent any additional answer is required, denied.

59.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59 of Plaintiff's Complaint; to the extent any additional answer is required, denied.

60.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60 of Plaintiff's Complaint.  To the extent that Plaintiff identifies a Patient Care Report, that document speaks for itself.  To the extent any additional answer is required, denied.

61.

Defendant is without information or knowledge sufficient to form a belief as to the truth

of the allegations set forth in Paragraph 61 of Plaintiff's Complaint; to the extent any additional answer is required, denied.

62.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 62 of Plaintiff's Complaint; to the extent any additional answer is required, denied.

### COUNT 1: NEGLIGENCE AGAINST FULTON COUNTY, GEORGIA

63.

To the extent that Plaintiff makes a legal conclusion in Paragraph 63 of the Complaint, neither an admission nor a denial is required; to the extent any additional answer is required, denied.

64.

Denied.

65.

Denied.

66.

Denied.

67.

Denied.

68.

Denied.

14

## COUNT II: VICARIOUS LIABILITY FOR FULTON COUNTY, GA

69.

Denied.

70.

Denied.

71.

Denied.

## COUNT III: NEGLIGENCE AGAINST JAMES LUSTER, JEREMIAH WHITEHEAD, WILLIAM ROBERTS, JAMES BAUMGARTNER and JEREMY HOLLAND

72.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 72 of Plaintiff's Complaint; to the extent any additional answer is required, denied.

73.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 73 of Plaintiff's Complaint; to the extent any additional answer is required, denied.

74.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 74 of Plaintiff's Complaint; to the extent any additional answer is required, denied.

75.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 75 of Plaintiff's Complaint; to the extent any additional

answer is required, denied.

76.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 76 of Plaintiff's Complaint; to the extent any additional answer is required, denied.

77.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 77 of Plaintiff's Complaint; to the extent any additional answer is required, denied.

78.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 78 of Plaintiff's Complaint; to the extent any additional answer is required, denied.

79.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 79 of Plaintiff's Complaint; to the extent any additional answer is required, denied.

80.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 80 of Plaintiff's Complaint; to the extent any additional answer is required, denied.

81.

Defendant is without information or knowledge sufficient to form a belief as to the truth

of the allegations set forth in Paragraph 81 of Plaintiff's Complaint; to the extent any additional answer is required, denied.

82.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 82 of Plaintiff's Complaint; to the extent any additional answer is required, denied.

83.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 83 of Plaintiff's Complaint; to the extent any additional answer is required, denied.

84.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 84 of Plaintiff's Complaint; to the extent any additional answer is required, denied.

85.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 85 of Plaintiff's Complaint; to the extent any additional answer is required, denied.

86.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 86 of Plaintiff's Complaint; to the extent any additional answer is required, denied.

87.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 87 of Plaintiff's Complaint; to the extent any additional answer is required, denied.

88.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 88 of Plaintiff's Complaint; to the extent any additional answer is required, denied.

89.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 89 of Plaintiff's Complaint.  To the extent that Plaintiff identifies an affidavit of John B. Everlove, Defendant admits that such a document is attached to the Complaint as "Exhibit B."  The document speaks for itself.  To the extent any additional answer is required, denied.

## COUNT IV: VICARIOUS LIABILITY FOR GRADY EMS, LLC

90.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 90 of Plaintiff's Complaint; to the extent any additional answer is required, denied.

91.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 91 of Plaintiff's Complaint; to the extent any additional answer is required, denied.

## COUNT V: DAMAGES

### 92.

Denied.

### 93.

Denied.

### 94.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 94 of Plaintiff's Complaint; to the extent any additional answer is required, denied.

### 95.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 95 of Plaintiff's Complaint; to the extent any additional answer is required, denied.

### 96.

Denied.

## GENERAL DENIAL

Defendant denies each and every allegation of Plaintiff's Complaint not specifically admitted, denied, or otherwise contradicted herein. Defendant also denies Plaintiff's "WHEREFORE" Paragraph in its entirety.

**WHEREFORE**, Defendant prays that:

A.  Plaintiff's Complaint be dismissed in its entirety;

B.  All costs of this litigation be paid by Plaintiff;

C.  The Court impanel a jury of twelve should this case be tried; and

19

D.  Any other relief that this court deems just and proper be granted.

Respectfully submitted, this 15th day of January, 2021.

**OFFICE OF THE FULTON COUNTY ATTORNEY**

Patrise Perkins-Hooker
County Attorney
Georgia Bar No. 572358

Kaye Woodard Burwell
Deputy County Attorney
Georgia Bar No. 775060

Ashley Palmer
Senior Assistant County Attorney
Georgia Bar No. 603514

*/s/ Jonathan Loegel*
Jonathan Loegel
Assistant County Attorney
Georgia Bar No. 755706
jonathan.loegel@fultoncountyga.gov

*Counsel for Defendant*
*Fulton County, GA*

141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
404-612-0246 (office)
404-730-6324 (facsimile)

**IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| SHANITA D. SWANSON, Natural Mother and )<br>Administrator of the Estate of Anthony J. Mitchell, )<br>    )<br>     Plaintiff,         )<br>    )<br>v.    )<br>    )<br>    )<br>FULTON COUNTY, GA, GRADY EMS, LLC,    )<br>JAMES LUSTER, JEREMIAH WHITEHEAD,    )<br>WILLIAM ROBERTS, JAMES BAUMGARTNER,)<br>and JEREMY HOLLAND,    )<br>    )<br>     Defendants.     )<br>_____) | CIVIL ACTION FILE NO.<br>20EV006691 |

**CERTIFICATE OF SERVICE**

I certify that I have this day electronically filed **DEFENDANT FULTON COUNTY, GEORGIA'S ANWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR WRONGFUL DEATH** using the Odyssey e-File GA system, which will automatically send email notification of such filing to the following attorney of record:

Michael D. Harper, P.C.
3481 Lakeside Dr. N.E., Suite 2406
Atlanta, Georgia 30326
Email: mharper@mharperlaw.com

This the 15th day of January, 2021.

*/s/ Jonathan Loegel*
Jonathan Loegel
Assistant County Attorney
Georgia Bar No. 755706
jonathan.loegel@fultoncountyga.gov

**OFFICE OF THE FULTON COUNTY ATTORNEY**
141 Pryor Street, S.W.
Suite 3048
Atlanta, Georgia 30303

21

404-612-0234 (office)
404-730-6324 (facsimile)

State Court of Fulton County
**E-FILED**
20EV006691
1/15/2021 3:01 PM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| SHANITA D. SWANSON, Natural Mother and | * | |
| Administrator of the Estate of Anthony J. Mitchell, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION |
| v. | * | |
| | * | FILE NO. 20EV006691 |
| FULTON COUNTY, GA; GRADY EMS, LLC; | * | |
| JAMES LUSTER; JEREMIAH WHITEHEAD; | * | |
| WILLIAM ROBERTS; JAMES BAUMGARTNER; | * | |
| and JEREMY HOLLAND; | * | |
| | * | |
| Defendants. | * | |

## ANSWER OF DEFENDANTS GRADY EMS, LLC.; JAMES BAUMGARTNER; AND JEREMY HOLLAND

COME NOW Grady EMS, LLC ("Grady EMS"), James Baumgartner ("Baumgartner"), and Jeremy Holland ("Holland") (Grady EMS, Baumgartner, and Holland are collectively referred to herein as "Defendants") and, pursuant to Rule 12 of the Georgia Civil Practice Act, O.C.G.A. § 9-11-12, hereby answer plaintiff's Complaint for Wrongful Death as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendants were without fault or negligence of any kind or nature in the incident that forms the basis of Plaintiff's Complaint, with the result that Plaintiff is not entitled to recover any damages whatsoever from Defendants.

## THIRD DEFENSE

No act or omission of Defendants proximately caused or contributed to Plaintiff's alleged injuries and damages, with the result that Plaintiff is not entitled to recover any damages whatsoever from Defendants.

## FOURTH DEFENSE

To the extent the negligence of Plaintiff's decedent was the sole proximate cause of Plaintiff's injuries and damages, Plaintiff is not entitled to recover any damages whatsoever from Defendants.

## FIFTH DEFENSE

Plaintiff's injuries and damages are or may be the result of the acts and/or omissions of third parties over whom Defendants had no control and for whose acts and omissions Defendants are no way responsible.

## SIXTH DEFENSE

Venue is improper as to Baumgartner and this Court lacks personal jurisdiction over Baumgartner by virtue of venue being improper.

## SEVENTH DEFENSE

To the extent as may be shown by the evidence through discovery, Defendants assert the defenses of release, statute of limitations, laches, waiver, failure to avoid consequences, failure to mitigate damages, discharge in bankruptcy, estoppel, fraud, illegality, and *res judicata*, and all other affirmative defenses set forth in O.C.G.A. § 9-11-8(c) and O.C.G.A. § 9-11-12(b), none of which are waived.

<u>EIGHTH DEFENSE</u>
<u>AND BY WAY OF FURTHER RESPONSE</u>

Without waiving any of the defenses set forth above, or any other defenses available in law or equity, Defendants answer the separately numbered paragraphs of Plaintiff's Complaint as follows:

1.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 1 of Plaintiff's Complaint.

2.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 2 of Plaintiff's Complaint.   In further response, Defendants deny any suggestion in Paragraph 2 of Plaintiff's Complaint that Defendants were negligent or are liable to Plaintiff in any way.

3.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 3 of Plaintiff's Complaint.

4.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 4 of Plaintiff's Complaint.

5.

Grady EMS admits, for the purpose of this litigation only, the allegation contained in Paragraph 5 of Plaintiff's Complaint.

6.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 6 of Plaintiff's Complaint.

7.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 7 of Plaintiff's Complaint.

8.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 8 of Plaintiff's Complaint.

9.

In response to Paragraph 9 of Plaintiff's Complaint, Defendants admit that at all relevant times Baumgartner was an Advanced Emergency Medical Services Technician and was involved in the care rendered to Anthony J. Mitchell.  Except as expressly admitted or otherwise stated herein, the allegations contained in Paragraph 9 of Plaintiff's Complaint are denied.

10.

In response to Paragraph 10 of Plaintiff's Complaint, Defendants admit that at all relevant times Holland was a paramedic, was involved in the care rendered to Anthony J. Mitchell on November 16, 2019 and November 17, 2019 and is subject to the jurisdiction of this Court.  Except as expressly admitted or otherwise stated herein, the allegations contained in Paragraph 10 of Plaintiff's Complaint are denied.

11.

In response to Paragraph 11 of Plaintiff's Complaint, Grady EMS and Holland admit the allegation contained therein.  Baumgartner denies said allegation.

12.

In response to Paragraph 12 of Plaintiff's Complaint, defendants admit that Anthony Mitchell was a 19-year-old male. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 12 of Plaintiff's Complaint.

13.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 13 of Plaintiff's Complaint.

14.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 14 of Plaintiff's Complaint.

15.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 15 of Plaintiff's Complaint.

16.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 16 of Plaintiff's Complaint.

17.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 17 of Plaintiff's Complaint.

18.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 18 of Plaintiff's Complaint.

19.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 19 of Plaintiff's Complaint.

20.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 20 of Plaintiff's Complaint.

21.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 21 of Plaintiff's Complaint.

22.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 22 of Plaintiff's Complaint.

23.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 23 of Plaintiff's Complaint.

24.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 24 of Plaintiff's Complaint.

25.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 25 of Plaintiff's Complaint.

26.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 26 of Plaintiff's Complaint.

27.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 27 of Plaintiff's Complaint.

28.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 28 of Plaintiff's Complaint.

29.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 29 of Plaintiff's Complaint.

30.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 30 of Plaintiff's Complaint.

31.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 31 of Plaintiff's Complaint.

32.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 32 of Plaintiff's Complaint.

33.

Defendants are without knowledge or information sufficient to form a belief as to the truth

of the allegation contained in Paragraph 33 of Plaintiff's Complaint.

34.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 34 of Plaintiff's Complaint.

35.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 35 of Plaintiff's Complaint.

36.

In response to Paragraph 36 of Plaintiff's Complaint, Defendants admit that Baumgartner and Holland, operating EMS unit 7800, arrived at the Bojangles restaurant at or about 2220 hours. Except as expressly admitted or otherwise stated herein, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 36 of Plaintiff's Complaint.

37.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 37 of Plaintiff's Complaint.

38.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 38 of Plaintiff's Complaint.

39.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 39 of Plaintiff's Complaint.

40.

Defendants deny, as pled, the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.

In response to Paragraph 41 of Plaintiff's Complaint, Defendants admit that Mr. Mitchell was not transported from the Bojangles restaurant to an emergency department and further show that his mother refused transport. Except as expressly admitted or otherwise stated herein, the allegations contained in Paragraph 41 are denied.

42.

Defendants deny the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.

Defendants deny the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 44 of Plaintiff's Complaint.

45.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 45 of Plaintiff's Complaint.

46.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 46 of Plaintiff's Complaint.

47.

In response to Paragraph 47 of Plaintiff's Complaint, Defendants admit that Mr. Mitchell

received care from Baumgartner and Holland and at Grady Memorial Hospital on November 17, 2019.   Except as expressly admitted or otherwise stated herein, the allegation contained in Paragraph 47 of Plaintiff's Complaint is denied.

48.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 48 of Plaintiff's Complaint.

49.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 49 of Plaintiff's Complaint.

50.

In response to Paragraph 50 of Plaintiff's Complaint, Defendants admit that Baumgartner and Holland, operating EMS unit 7800, were dispatched to a residence that turned out to be the residence of Mr. Mitchell.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 51 of Plaintiff's Complaint.

52.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 52 of Plaintiff's Complaint.

53.

Defendants are without knowledge or information sufficient to form a belief as to the truth

of the allegation contained in Paragraph 53 of Plaintiff's Complaint.

54.

Defendants deny, as pled, the allegation contained in Paragraph 54 of Plaintiff's Complaint.

55.

In response to Paragraph 55 of Plaintiff's Complaint, Defendants admit that the patient care record completed by Holland indicates that Holland and Baumgartner made contact with Mr. Mitchell at 2327 and that the PSAP call had been made at 2307. Except as expressly admitted or otherwise stated herein, the allegation contained in Paragraph 55 of Plaintiff's Complaint is denied.

56.

Defendants admit the allegation contained in Paragraph 56 of Plaintiff's Complaint.

57.

The allegation contained in Paragraph 57 of Plaintiff's Complaint is denied, as plead, to the extent that it relates to Defendants.

58.

In response to Paragraph 58 of Plaintiff's Complaint, Defendants admit that the treatment provided by Holland after Mr. Mitchell's cardiac arrest included three (3) forms of Intravenous (IV) access. Except as expressly admitted or otherwise stated herein, the allegation contained in Paragraph 58 of Plaintiff's Complaint is denied.

59.

Defendants deny, as pled, the allegation contained in Paragraph 59 of Plaintiff's Complaint.

60.

Paragraph 60 of Plaintiff's Complaint is unclear and unintelligible, thereby making a meaningful response impossible. To the extent the allegation contained in said paragraph is

intended to allege any failures, fault, or negligence on the part of Defendants, such allegation is denied. Except as stated herein, the allegation contained in Paragraph 60 of Plaintiff's Complaint is denied.

61.

Defendants admit the allegation contained in Paragraph 61 of Plaintiff's Complaint.

62.

Defendants admit the allegation contained in Paragraph 62 of Plaintiff's Complaint.

*Responding to Count I*

63.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 63 of Plaintiff's Complaint.

64.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 64 of Plaintiff's Complaint.

65.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 65 of Plaintiff's Complaint.

66.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 66 of Plaintiff's Complaint.

67.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 67 of Plaintiff's Complaint.

68.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 68 of Plaintiff's Complaint.

*Responding to Count II*

69.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 69 of Plaintiff's Complaint.

70.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 70 of Plaintiff's Complaint.

71.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 71 of Plaintiff's Complaint.

*Responding to Count III*

72.

Defendants deny the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73.

Defendants deny the allegations contained in Paragraph 73 of Plaintiff's Complaint.

74.

Defendants deny the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75.

Defendants deny the allegations contained in Paragraph 75 of Plaintiff's Complaint.

76.

Defendants deny the allegations contained in Paragraph 76 of Plaintiff's Complaint.

77.

Defendants deny the allegations contained in Paragraph 77 of Plaintiff's Complaint.

78.

Defendants deny the allegations contained in Paragraph 78 of Plaintiff's Complaint.

79.

Defendants deny the allegations contained in Paragraph 79 of Plaintiff's Complaint.

80.

Defendants deny the allegations contained in Paragraph 80 of Plaintiff's Complaint.

81.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 81 of Plaintiff's Complaint.

82.

Defendants deny the allegations contained in Paragraph 82 of Plaintiff's Complaint.

83.

Defendants deny the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84.

Defendants deny the allegations contained in Paragraph 84 of Plaintiff's Complaint.

85.

Defendants deny the allegations contained in Paragraph 85 of Plaintiff's Complaint.

86.

Defendants deny the allegations contained in Paragraph 86 of Plaintiff's Complaint.

87.

Defendants deny the allegations contained in Paragraph 87 of Plaintiff's Complaint.

88.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 88 of Plaintiff's Complaint.

89.

Defendants deny the allegations contained in Paragraph 89 of Plaintiff's Complaint.

*Responding to Count IV*

90.

Defendants deny the allegations contained in Paragraph 90 of Plaintiff's Complaint.

91.

Defendants deny the allegations contained in Paragraph 91 of Plaintiff's Complaint.

*Responding to Count V*

92.

Defendants deny the allegations contained in Paragraph 92 of Plaintiff's Complaint.

93.

Defendants deny the allegations contained in Paragraph 93 of Plaintiff's Complaint.

94.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 94 of Plaintiff's Complaint.

95.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 95 of Plaintiff's Complaint.

96.

Defendants deny the allegations contained in Paragraph 96 of Plaintiff's Complaint.

97.

Any allegation contained in Plaintiff's Complaint which has not been expressly and specifically admitted in this Answer is hereby denied.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendants pray:

a)      that Plaintiffs' Complaint be dismissed with prejudice;

b)      that a jury of twelve (12) be impaneled on any triable issues pursuant to O.G.C.A. § 15-12-122(a)(2);

c)      that a pretrial conference be held at the appropriate time;

d)      that all costs in the defense to this action be taxed against Plaintiffs; and

e)      that this Court grant Defendants such other and further as the Court deems proper.

This 15th day of January, 2021.

Respectfully submitted,
THOMAS KENNEDY SAMPSON & TOMPKINS LLP


*/s/Jeffrey E. Tompkins*
Jeffery E. Tompkins
Georgia Bar No. 714608
Marriah N. Paige
Georgia Bar No. 852228
Attorneys for Defendants
Grady EMS, LLC; James Baumgartner;
  and Jeremy Holland


3355 Main Street
Atlanta, Georgia 30337
(404) 688-4503
j.tompkins@tkstlaw.com
m.paige@tkstlaw.com

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| SHANITA D. SWANSON, Natural Mother and | * | |
| Administrator of the Estate of Anthony J. Mitchell, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION |
| v. | * | |
| | * | FILE NO. 20EV006691 |
| FULTON COUNTY, GA; GRADY EMS, LLC; | * | |
| JAMES LUSTER; JEREMIAH WHITEHEAD; | * | |
| WILLIAM ROBERTS; JAMES BAUMGARTNER; | * | |
| and JEREMY HOLLAND; | * | |
| | * | |
| Defendants. | * | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **Answer of Grady EMS, LLC; James Baumgartner; and Jeremy Holland** was electronically served on all parties of record by filing the same with the Clerk of State Court of Fulton County via the e-file system, which will automatically send an e-mail notification of such filing to all counsel of record, as follows:

> Michael D. Harper, Esquire
> Michael D. Harper, P.C.
> 3481 Lakeside Drive, N.E.
> Suite 2406
> Atlanta, Georgia 30326
> mharper@mharperlaw.com

This 15th day of January, 2021.

> */s/ Marriah N. Paige*
> Marriah N. Paige

**State Court of Fulton County**
**\*\*E-FILED\*\***
**20EV006691**
**1/25/2021 6:25 PM**
**Christopher G. Scott, Clerk**
**Civil Division**

## 1N THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

SHANITA D. SWANSON, Natural Mother and )
Administrator of the Estate of Anthony J. Mitchell, )
     )
*Plaintiff,*      ) Civil Action No: 20EV006691
     )
V.      )
     )
FULTON COUNTY, GA, GRADY EMS, LLC, )
JAMES LUSTER, JEREMIAH WHITEHEAD, )
WILLIAM ROBERTS, JAMES BAUMGARTNER )
and JEREMY HOLLAND, )
     )
*Defendants.*      )

## WAIVER OF SERVICE

Pursuant to OCGA § 9-11-4(d)(1) the undersigned states the following:

A)  I, James Luster, hereby waive service of process of the Complaint

in this action;

B)  I have received a copy of the stamped filed Complaint in this action via first class mail;

C)  I have received an extra copy of this Notice and Request, as well as a self-addressed stamped envelope to return this Waiver of Service to Plaintiff's counsel of record;

D)  I acknowledge that I have 30 days from the date of this request, December 18, 2020 to

return this waiver of service.

E)  I acknowledge that if I fail to timely comply this request, that the Court shall impose the

costs subsequently incurred in effecting service on me unless good cause for the failure

is shown.

F)  I acknowledge that waiving service of a summons does not waive any objection to the

venue or to the jurisdiction of the court over the person of the defendant.

Harvey S. Gray
Georgia Bar No. 305838
GRAY, RUST, ST. AMAND, MOFFETT &
BRIESKE, LLP
950 East Paces Ferry Road, NE
Suite 1700 - Salesforce Tower Atlanta
Atlanta, Georgia  30326
(404) 870-7376
(404) 870-7374 (Fax)
hgray@grsmb.com
*Attorney for Defendant James Luster*

Sworn and subscribed to before me
this 22 day of January, 2021.

Michael J. McCain
Notary Public
My commission expires: 01-01-2022

State Court of Fulton County
**E-FILED**
20EV006691
1/25/2021 6:28 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

SHANITA D. SWANSON, Natural Mother and )
Administrator of the Estate of Anthony J. Mitchell, )
)
*Plaintiff,*                                                      ) Civil Action No: 20EV006691
)
V.                                                                      )
)
FULTON COUNTY, GA, GRADY EMS, LLC,   )
JAMES LUSTER, JEREMIAH WHITEHEAD,   )
WILLIAM ROBERTS, JAMES BAUMGARTNER )
and JEREMY HOLLAND,                                   )
)
*Defendants.*                                                     )

## WAIVER OF SERVICE

Pursuant to OCGA § 9-11-4(d)(1) the undersigned states the following:

A)  I, Jeremiah Whitehead, hereby waive service of process of the Complaint

in this action;

B)  I have received a copy of the stamped filed Complaint in this action via first class mail;

C)  I have received an extra copy of this Notice and Request, as well as a self-addressed
stamped envelope to return this Waiver of Service to Plaintiff's counsel of record;

D)  I acknowledge that I have 30 days from the date of this request, December 18, 2020, to

return this waiver of service.

E)  I acknowledge that if I fail to timely comply this request, that the Court shall impose the

costs subsequently incurred in effecting service on me unless good cause for the failure

is shown.

F)  I acknowledge that waiving service of a summons does not waive any objection to the

venue or to the jurisdiction of the court over the person of the defendant.

Harvey S. Gray
Georgia Bar No. 305838
GRAY, RUST, ST. AMAND, MOFFETT &
BRIESKE, LLP
950 East Paces Ferry Road, NE
Suite 1700 - Salesforce Tower Atlanta
Atlanta, Georgia  30326
(404) 870-7376
(404) 870-7374 (Fax)
hgray@grsmb.com
*Attorney for Defendant Jeremiah Whitehead*

Sworn and subscribed to before me
this 22 day of January

Michael J. McCain
Notary Public
My commission expires: 01.01.20

State Court of Fulton County
**E-FILED**
20EV006691
2/11/2021 3:44 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| SHANITA D. SWANSON, Natural Mother and Administrator of the Estate of Anthony J. Mitchell, | ) ) ) |
| *Plaintiff,* | ) Civil Action No:20EV006691 ) |
| V. | ) ) |
| FULTON COUNTY, GA, GRADY EMS, LLC, JAMES LUSTER, JEREMIAH WHITEHEAD, WILLIAM ROBERTS, JAMES BAUMGARTNER and JEREMY HOLLAND, | ) ) ) ) ) |
| *Defendants.* | ) |

## AMENDED COMPLAINT FOR WRONGFUL DEATH

COME NOW Plaintiff, in the above-styled action and files this Amended Complaint and

demand for jury trial, pursuant to O.C.G.A. § 9-11-15(a), showing the Court the following:

## PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff, Shanita D. Swanson, is a resident of Fulton County, Georgia, and she is the

Natural mother, sole legal guardian, and Estate Administrator of Anthony J. Mitchell, deceased.

2.

Plaintiff intends to bring each and every claim permissible under Georgia law. Plaintiff

seeks all medical expenses, pain and suffering, and all compensatory, special, consequential,

economic, general, and compensation for the value of the life of Anthony J. Mitchell,

and other damages permissible under Georgia law.

3.

Defendant Fulton County, Georgia employs the Fulton County Police Officers involved in this case, and it is responsible for the funding and operation of the Fulton County Police Department.  Defendant Fulton County, Georgia may be served with process through Robb Pitts, Fulton County Commission Chairman at 141 Pryor Street SW10th Floor Atlanta, Georgia 30303, and is subject to the jurisdiction of this court.

4.

On April 10, 2020, Plaintiff gave ante litem notice to Fulton County, GA, and Plaintiff has complied with all conditions precedent to bringing this action against Fulton County, Georgia. (A copy of the ante litem notice is attached as Exhibit "A.")

5.

Defendant Grady EMS, LLC may be served through its registered agent, Timothy Jefferson, at 80 Jesse Hill Jr. Dr. SE, P.O. Box 26145, Atlanta, Georgia 30303, and is subject to the jurisdiction of this court.

6.

Defendant JAMES LUSTER, was a Captain with the City of South Fulton, GA Fire Department at all times relevant to this action, and he was involved with the care, of lack thereof, provided to decedent Anthony J. Mitchell, and is subject to the jurisdiction of this court.

7.

Defendant JEREMIAH WHITEHEAD, was a Sergeant with the City of South Fulton Fire Department at all times relevant to this action, and he was involved with the care, of lack thereof, provided to decedent Anthony J. Mitchell, and is subject to the jurisdiction of this court.

8.

Defendant WILLIAM ROBERTS, was a Firefighter with the City of South Fulton Fire Department at all times relevant to this action, and he was involved with the care, of lack thereof, provided to decedent Anthony J. Mitchel , and is subject to the jurisdiction of this court.

9.

Defendant JAMES BAUMGARTNER was an Advanced Emergency Medical Services Technician (AEMT) with Grady EMS, LLC at all times relevant to this action, and he was involved with the care, of lack thereof, provided to decedent Anthony J. Mitchell, and is subject to the jurisdiction of this court.

10.

Defendant JEREMY HOLLAND was a paramedic with Grady EMS, LLC, at all times relevant to this action, and he was involved with the care, of lack  thereof, provided to decedent Anthony J. Mitchell, and is subject to the jurisdiction of this court.

11.

Jurisdiction and venue are proper as to Fulton County, Georgia.

## FACTUAL SUMMARY

12.

Anthony Mitchell was a 19-year-old male with Autism.

13.

On November 16, 2019, Anthony Mitchell arrived to the Bojangles Restaurant located at 5628 Fulton Industrial Blvd. SW, Atlanta, GA 30336 to have a meal.

14.

While dining at the restaurant, Anthony Mitchell was taunted by Bojangles Restaurant employees.

15.

As a result of being a taunted, a confrontation ensued between the Anthony Mitchell and the restaurant employees.

16.

On November 16, 2019, law enforcement agency representatives responded to a call for service for an irate customer inside Bojangles Restaurant located at 5628 Fulton Industrial Blvd. SW, Atlanta, GA 30336.

17.

The first Fulton County Police Department (FCPD) officer arrived at the business at approximately 2139 hours.

18.

Upon arrival, the officer observed Anthony Mitchell, a 19-year-old male with Autism, sitting against the outside of the restaurant, with obvious traumatic injuries to his face.

19.

Upon review of the video surveillance footage from Bojangles Restaurant, Mr. Mitchell was involved in an altercation with employees of the restaurant beginning at 2130 hours.

20.

The altercation escalated into a physical fight between Mr. Mitchell and at least 5 employees of the restaurant.

4

21.

The physical fight resulted in obvious injuries to Mr. Mitchell's face and head according to FCPD officers.

22.

Mr. Mitchell was bleeding from the mouth as a result of the fight.

23.

Additional officers arrived to the scene and then restrained Mr. Mitchell in handcuffs with his arms behind his back, tied a Bojangles apron around his face (which appeared to be a modified hood) and pressed a police officer's knee into Mr. Mitchell's back, while Mr. Mitchell was inside the restaurant.

24.

The officers then walked Mr. Mitchell out of the restaurant, bypassed a police vehicle that Mr. Mitchell could have been placed in, walked Mr. Mitchell through the parking lot and put Mr. Mitchell on the concrete ground in a prone position with an officer's knee in his back and the apron tied across his face.

25.

The position that Mr. Mitchell was placed in compromised Mr. Mitchell's breathing.

26.

The police officers moved Mr. Mitchell to the parking lot at approximately 2146 hours.

27.

At 2158 hours, , the City of South Fulton County Fire Department (FCFD) Engine 13 staffed by Captain James Luster, Sergeant Jeremiah Whitehead and Firefighter William Roberts,

were dispatched to the restaurant to treat Mr. Mitchell and arrived on scene of the subject event at 2203 hours.

28.

Upon arrival on scene, Captain Luster, Sergeant Whitehead and Firefighter Roberts, found Mr. Mitchell in the prone position in the parking lot of the business.

29.

Captain Luster, Sergeant Whitehead and Firefighter Roberts, noted that Mr. Mitchell was the victim of a possible assault and had incurred traumatic injuries, including bleeding they could see.

30.

Based on the information available to Engine 13 personnel, Mr. Mitchell was a patient with obvious injuries at the time Captain Luster, Sergeant Whitehead and Firefighter Roberts arrived on scene.

31.

Captain Luster recorded in the incident report that they discussed Mr. Mitchell's presentation and negotiated with the FCPD officers to leave the scene without providing Mr. Mitchell with any emergency medical assessment, emergency medical treatment, or emergency medical transportation.

32.

Captain Luster, Sergeant Whitehead and Firefighter Roberts did not record any of the information related to the subject event in the appropriate medical legal reporting format indicated for prehospital emergency medical services patients like Mr. Mitchell.

33.

Therefore, the incident report created by Captain Luster represents the only documentation of the encounter with Mr. Mitchell related to the subject event and the Engine 13 personnel.

34.

The separation of the patient/caregiver relationship between Mr. Mitchell and Captain Luster, Sergeant Whitehead and Firefighter Roberts took place when they left the scene and Mr. Mitchell was left lying on the ground in the parking lot.

35.

Based on their incident report, Engine 13 departed the scene at 2207 hours which means the total time Captain Luster, Sergeant Whitehead and Firefighter Roberts spent on scene was 4 minutes.

36.

Approximately 13 minutes after the departure of Captain Luster, Sergeant Whitehead and Firefighter Roberts, Grady Emergency Medical Services (Grady EMS) Ambulance Number 800, staffed by Advanced Emergency Medical Technician (AEMT) James Baumgartner and Paramedic Jeremy Holland, arrived on scene at 2220 hours, approximately 34 minutes after Mr. Mitchell was handcuffed and placed prone on the ground in the parking lot.

37.

The video surveillance from the restaurant parking lot shows the Grady EMS ambulance pull up to the location of the parked patrol vehicles.

38.

Grady EMS AEMT Baumgartner and Grady EMS Paramedic Holland are seen exiting the ambulance without any medical equipment and walking to the location of Mr. Mitchell and the police officers on scene.

39.

The video footage shows AEMT Baumgartner and Paramedic Holland of Grady EMS standing in the parking lot for several minutes, then returning to the ambulance, getting into the driver's seat and passenger seat, and leaving the scene.

40.

The Grady EMS ambulance departed the scene at 2207 hours, approximately 7 minutes after arriving at the restaurant.

41.

During their 7 minutes on scene, AEMT Baumgartner and Paramedic Holland of Grady EMS never performed the appropriate prehospital assessment of Mr. Mitchell's condition or traumatic injuries, never provided Mr. Mitchell with indicated medical treatment of his traumatic injuries, and never provided Mr. Mitchell with emergency medical transportation to the closest emergency department staffed and equipped to treat Mr. Mitchell's condition.

42.

Additionally, AEMT Baumgartner and Paramedic Holland of Grady EMS never completed any medical documentation about the call for service regarding Mr. Mitchell and his traumatic injuries.

43.

The separation of the patient/caregiver relationship between Mr. Mitchell and AEMT Baumgartner and Paramedic Holland of Grady EMS was never documented in a medical document, and Mr. Mitchell was once again left lying on the ground in the parking lot without any medical care when Grady EMS employees departed the scene.

44.

Mr. Mitchell's mother, Shanita Swanson, was contacted by FCPD officers on scene of the subject event.

45.

FCPD officers awaited on scene for Ms. Swanson to arrive at the restaurant to take her son home after the physical fight.

46.

Without any medical caregivers on scene, custody of Mr. Mitchell was transferred to his legal guardian, Ms. Swanson, and both drove back to their residence.

47.

Incident reports and medical records establish that Mr. Mitchell received care on November 17, 2019 from Grady Memorial Hospital, Grady EMS, and the City of South Fulton County Fire Department.

48.

Approximately 10 minutes after arriving home with Mr. Mitchell, Ms. Swanson went to check on Mr. Mitchell and found him unconscious and unresponsive in his bedroom.

49.

A 911 call for service was placed from Mr. Mitchell's residence at approximately 2307 hours.

50.

The units dispatched to the Mitchell residence were the same City of South Fulton County Fire Department Engine 13 personnel, Captain James Luster, and Sergeant Jeremiah Whitehead, Firefighter William Roberts, and Grady EMS Ambulance 800 employees AEMT James Baumgartner, and Paramedic Jeremy Holland.

51.

All the first responders listed above, were the same EMS personnel that responded to the initial subject event on November 16, 2019 at the Bojangles's Restaurant.

52.

Upon arrival at Mr. Mitchell's residence, Mr. Mitchell was in cardiac arrest and CPR was in progress by family members.

53.

According to the prehospital records, it took 10 minutes for the first EMS personnel to arrive on scene and they were Captain James Luster, and Sergeant Jeremiah Whitehead, Firefighter William Roberts with the City of South Fulton County Fire Department.

54.

The Grady EMS ambulance with Grady EMS AEMT James Baumgartner and Grady EMS Paramedic Jeremy Holland did not arrive on scene at Mr. Mitchell's residence until 17 minutes after the initial dispatch.

55.

According to the Patient Care Report completed by Grady EMS Paramedic Holland regarding Mr. Mitchell, the Grady EMS employees made patient contact with Mr. Mitchell at 2327 hours; 20 minutes after the initial 911 call.

56.

At the time of patient contact, Mr. Mitchell was in cardiac arrest and had no detectable heart rhythm.

57.

Mr. Mitchell was treated by Grady EMS employees and the firefighters from City of South Fulton County Fire Department, which was similar to the Advanced Cardiac Life Support (ACLS) guidelines according to the Patient Care Report.

58.

During the course of treatment provided by Grady EMS Paramedic Holland for Mr. Mitchell's cardiac arrest event, there are three separate forms of Intravenous (IV) access that were established during the treatment and transportation process.

59.

The total time Grady EMS AEMT James Baumgartner and Grady EMS Paramedic Jeremy Holland spent with Mr. Mitchell during the cardiac arrest event was 60 minutes.

60.

The Grady EMS Patient Care Report does not clarify the failures with respect to patient treatment and management, and failure to provide timely transportation to Mr. Mitchell based on the belief by the caregivers that Mr. Mitchell was suffering from a traumatic cardiac arrest event.

61.

Mr. Mitchell arrived at Grady Memorial Hospital at 0027 hours on November 17, 2019 still in cardiac arrest.

62.

According to hospital records, a Trauma Team was activated to manage Mr. Mitchell's care upon his arrival at the emergency department.  However, 4 minutes after arrival at the Grady Memorial Hospital Emergency Department, Mr. Mitchell was pronounced dead.

## COUNT I:

## Liability Under 42 USC § 1983 against Defendant Fulton County, GA for Unconstitutional Ministerial Policies which led to the death of Anthony J. Mitchell.

63.

The Fulton County, GA Police Department had established unconstitutional ministerial policies and procedures regarding treating Anthony J. Mitchell who was autistic physically injured when he was encountered by Fulton County, GA police officers.

64.

Fulton County Police Department failed to establish reasonable policies and procedures, including the training of officers in methods, techniques, and approaches designed to prevent the excessive use of force in responding to situations involving criminal suspects such as Anthony Mitchell who was autistic and physically injured when he was encountered by Fulton County, GA police officers.

65.

The violations of the generally accepted law enforcement custom and practice in this situation and the wrongful death of Mr. Mitchell were direct and foreseeable results clearly

established and grossly inadequate supervisory and training policies and practices on the part of Fulton County.  Fulton County failed to train their employees on how to properly restrain a mentally disturbed person who was also physically injured.

66.

The policies of Defendant Fulton County permitted the police officers to act with deliberate indifference to Mr. Mitchell's constitutional rights.

67.

These actions of Fulton County, GA police officers were pursuant to  Fulton County policy, custom and procedures that were calculated to and did deprive Mr. Mitchell of rights and privileges protected by state and federal law, including 42 USC § 1983.

68.

The following Fulton County Police Department's ministerial policies were with deliberate indifference to Anthony Mitchell's Fourth, Eighth and Fourteenth Amendment Rights, and led to Mr. Mitchell's death:

A.    Fulton County, GA failed to adequately hire, supervise and retain their officers who encountered Anthony Mitchell;

B.    Fulton County, GA failed to adequately train their officers to employ safe, reasonable and necessary techniques designed to prevent the encounter with Anthony Mitchell from becoming volatile or dangerous to Mr. Mitchell.

C.    Fulton County, GA failed to adequately train their deputies to employ safe, reasonable and necessary techniques designed to prevent encounters with autistic and physically injured persons;

13

D.      Fulton County, GA failed to adequately train their deputies in the safe, reasonable, effective, and appropriate modalities and measures of force to be used upon Impaired Persons.

E.      Fulton County Police Department permitted a custom of excessive force by permitting its officers to place a knee in the back of Anthony Mitchell for an extended period of time while he was physically injured.

F.      Fulton County, GA Police Department have policies that permitted the officers to ignore the need for proper medical attention for Mr. Mitchell while he was having a mental health crisis and while he was Physically injured in clear violation of established Constitutional principles and case law;

69.

The policies of the Fulton County, GA Police Department were deliberately indifferent to the Fourth, Eighth and Fourteenth Amendment Rights of Anthony Mitchell, and were the moving force which led to and caused the death of Mr. Mitchell, in violation of clearly established case law.

70.

Fulton County, GA Police Department's deliberate indifference to the Fourth, Eight and Fourteenth Amendment Rights of Impaired Persons through their failure or failures to train as alleged above are failures of policy, widespread practice, and/or custom.

71.

Fulton County, GA's systematic training failure or failures as alleged above proximately

14

caused Anthony Mitchell's death in that they proximately, directly and foreseeably caused the officers to use force that was foreseeably ineffective at subduing him, instead of safely gaining control of him or simply waiting for him to tire or calm down.

72.

Upon Information and belief Fulton County Police Department knew of, ratified and/or condoned the conduct described herein.

73.

Due to the systematic, unconstitutional training practices or policies alleged herein, Fulton County, GA is liable for the Plaintiff's damages.

## COUNT II: NEGLIGENCE AGAINST JAMES LUSTER, JEREMIAH WHITEHEAD, WILLIAM ROBERTS, JAMES BAUMGARTNER and JEREMY HOLLAND

74.

JAMES LUSTER, JEREMIAH WHITEHEAD, WILLIAM ROBERTS, JAMES BAUMGARTNER and JEREMY HOLLAND failed to exercise that degree of skill and care ordinarily required by firefighters in general, under like conditions, and similar circumstances in their treatment of Anthony Mitchell. The prehospital care personnel of Grady Hospital and Grady EMS grossly deviated from the standard of care ordinarily required by emergency medical services personnel, under like conditions, and similar circumstances for a high-risk patient like Anthony Mitchell specifically related to prehospital patient consent, prehospital emergency medical assessment, prehospital emergency medical management, prehospital emergency medical treatment and prehospital emergency medical transportation.

75.

It was a gross deviation from the standard of care for prehospital emergency medical services personnel by failing to establish consent for care for Anthony Mitchell, considering Mr. Mitchell was a dependent adult without capacity to consent to, or withhold consent for, emergency medical assessment, treatment, and transportation.  Mr. Mitchell was a trauma patient with obvious injuries and a significant mechanism of injury and was known by officers on scene to have a medical history of Autism.

76.

It was a gross deviation from the standard of care for prehospital emergency medical services personnel by failing to perform a primary assessment and secondary assessment of Mr. Mitchell's traumatic injuries, which should have included the assessment of the mechanism of injury for Mr. Mitchell, Mr. Mitchell's initial baseline vital signs, pertinent focused assessment of traumatic injuries sustained by Mr. Mitchell, additional vital signs for Mr. Mitchell's condition, and the reassessment of Mr. Mitchell's condition.

77.

It was a gross deviation from the standard of care for prehospital emergency medical services personnel by failing to provide any care or treatment to Mr. Mitchell despite the presence of open wounds and bleeding that was in plain sight at the time of patient contact.

78.

It was a gross deviation from the standard of care for prehospital emergency medical services personnel by failing to provide any care or treatment of Mr. Mitchell's known traumatic injuries, as well as the omission of care and treatment of any injuries suffered by Mr. Mitchell

discovered subsequent to a primary and secondary assessment performed in accordance with the standard of care.

79.

It was a gross deviation from the standard of care for prehospital emergency medical services personnel by failing to transport Mr. Mitchell to the appropriate emergency department, staffed and equipped to manage Mr. Mitchell's traumatic injuries.

80.

It was a gross deviation from the standard of care for prehospital emergency medical services personnel by failing to release Mr. Mitchell to an appropriate healthcare representative, guardian, conservator, or legal representative after the on scene emergency medical services personnel chose not to transport Mr. Mitchell, despite the presence of traumatic injuries, including bleeding that was in plain sight.

81.

It was a gross deviation from the standard of care for prehospital emergency medical services personnel by failing to accurately and appropriately complete a medical legal prehospital patient care report or record for any of the information related to Mr. Mitchell during the subject event.  Mr. Mitchell was a trauma patient with obvious injuries and a significant mechanism of injury.  Moreover, Mr. Mitchell was a dependent adult, who did not receive any assessment, care, treatment, or transportation for his traumatic injuries.  The result of the omission of care was abandonment of Mr. Mitchell by Grady EMS AEMT James Baumgartner and Grady EMS Paramedic Jeremy Holland.

17

82.

The collective acts and omissions of Grady Hospital, Grady EMS AEMT James Baumgartner and Grady EMS Paramedic Jeremy Holland, during the subject event, was a gross deviation in the standard of care and represented a reckless disregard for Anthony Mitchell.

83.

The prehospital care personnel Captain James Luster, Sergeant Jeremiah Whitehead and Firefighter William Roberts, grossly deviated from the standard of care ordinarily required by emergency medical services personnel, under like conditions, and similar circumstances for a high-risk patient like Anthony Mitchell specifically related to prehospital patient consent, prehospital emergency medical assessment, prehospital emergency medical management, and prehospital emergency medical treatment.

84.

It was a gross deviation from the standard of care for prehospital emergency medical services personnel by failing to establish consent for care for Anthony Mitchell, considering Mr. Mitchell was a dependent adult without capacity to consent to, or withhold consent for, emergency medical assessment, treatment, and transportation.  Mr. Mitchell was a trauma patient with obvious injuries and a significant mechanism of injury and was known by officers on scene to have a medical history of Autism.

85.

It was a gross deviation from the standard of care for prehospital emergency medical services personnel by failing to perform a primary assessment and secondary assessment of Mr. Mitchell's traumatic injuries, which should have included the assessment of the mechanism of injury for Mr. Mitchell, Mr. Mitchell's initial baseline vital signs, pertinent focused assessment

of traumatic injuries sustained by Mr. Mitchell, additional vital signs for Mr. Mitchell's condition, and the reassessment of Mr. Mitchell's condition.

86.

It was a gross deviation from the standard of care for prehospital emergency medical services personnel by failing to provide any care or treatment to Mr. Mitchell despite the presence of open wounds and bleeding that was in plain sight at the time of patient contact.

87.

It was a gross deviation from the standard of care for prehospital emergency medical services personnel by failing to provide any care or treatment of Mr. Mitchell's known traumatic injuries, as well as the omission of care and treatment of any injuries suffered by Mr. Mitchell discovered subsequent to a primary and secondary assessment performed in accordance with the standard of care.

88.

It was a gross deviation from the standard of care for prehospital emergency medical services personnel by failing to release Mr. Mitchell to an appropriate healthcare representative, guardian, conservator, or legal representative after the on scene emergency medical services personnel chose not to transport Mr. Mitchell, despite the presence of traumatic injuries, including bleeding that was in plain sight.

89.

It was a gross deviation from the standard of care for prehospital emergency medical services personnel by failing to accurately and appropriately complete a medical legal prehospital patient care report or record for any of the information related to Mr. Mitchell during the subject event.  Mr. Mitchell was a trauma patient with obvious injuries and a significant

mechanism of injury.  Moreover, Mr. Mitchell was a dependent adult, who did not receive any assessment, care, treatment, or transportation for his traumatic injuries.  The result of the omission of care was abandonment of Mr. Mitchell by Captain Luster, Sergeant Whitehead and Firefighter Roberts.

90.

The collective acts and omissions of Captain James Luster, Sergeant Jeremiah Whitehead and Firefighter William Roberts during the subject event, was a gross deviation in the standard of care and represented a reckless disregard for Anthony Mitchell and led to the cardiac issues which caused the death of Anthony J. Mitchell.

91.

The negligence of JAMES LUSTER, JEREMIAH WHITEHEAD, WILLIAM ROBERTS, JAMES BAUMGARTNER and JEREMY HOLLAND, Inc. includes, but is not limited to, the negligent acts and omissions set forth in the affidavit of John B. Everlove filed contemporaneously with this complaint as Exhibit "B," pursuant to the requirements of O.C.G.A. § 9-11-9.1, and is incorporated herein as if fully restated.

## COUNT III: VICARIOUS LIABILITY FOR GRADY EMS, LLC

92.

At all times relevant to this action, JAMES BAUMGARTNER and JEREMY HOLLAND treated Plaintiff while acting as agents or employees of Defendant Grady EMS, LLC.

93.

Defendant Grady EMS, LLC is responsible for their negligence under the doctrine of *respondeat superior*, agency or apparent agency.

20

## COUNT V: DAMAGES

94.

Defendants are liable for the death of Mr. Jackson under the laws of the State of Georgia.

95.

As a proximate and foreseeable result Defendant's actions and negligence, Plaintiff is entitled to recover for the pre-death pain and suffering and the wrongful death of Anthony Mitchell, and all other elements of damages allowed under Georgia law.

96.

Shanita D. Swanson is the Estate Administrator of the Estate of Anthony Mitchell Jackson, and is the proper party to bring the claims for Anthony Mitchell's pre-death pain and suffering, his funeral expenses and his medical expenses.

97.

Shanita D. Swanson is the biological mother and was the sole legal guardian of Anthony Mitchell, and is the proper party to bring a claim for the wrongful death of Anthony Mitchell.

98.

Defendants are liable to Plaintiff for the full value of the life of Anthony J. Mitchell.

**WHEREFORE**, Plaintiff prays that she have a trial on all issues and judgment against Defendants as follows:

(a)    Process issue as provided by law;

(b)    That Plaintiff recovers the full value of the life of the decedent;

(b)    That Plaintiff recovers for the decedent's pre-death mental and physical pain and suffering, funeral expenses and medical expenses;

(c)    That Plaintiff recovers such other and further relief as is just and proper;

(d)    That all issues be tried before a jury.

This 11th day of February, 2021.

Respectfully Submitted,


/s/ Michael D. Harper
MICHAEL D. HARPER
Georgia Bar No. 328378
Attorney for Plaintiff

Michael D. Harper, P.C.
3481 Lakeside Dr. N.E., Suite 2406
Atlanta, Georgia 30326
Telephone: (404) 271-6618
Facsimile: (404) 600-2146
Email: mharper@mharperlaw.com

22

State Court of Fulton County
**E-FILED**
20EV006691
2/19/2021 11:51 AM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| SHANITA D. SWANSON, Natural Mother and Administrator of the Estate of Anthony J. Mitchell, | * * * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION |
| v. | * | |
| | * | FILE NO. 20EV006691 |
| FULTON COUNTY, GA; GRADY EMS, LLC; JAMES LUSTER; JEREMIAH WHITEHEAD; WILLIAM ROBERTS; JAMES BAUMGARTNER; and JEREMY HOLLAND; | * * * * | |
| | * | |
| Defendants. | * | |

## **DEFENDANT GRADY EMS, LLC'S CERTIFICATE REGARDING DISCOVERY**

COMES NOW Grady EMS, LLC and pursuant to Rule 5.2 of the Uniform State Court Rules, hereby shows that on February 19, 2021, the following discovery documents were served upon Plaintiff's counsel:

1. Defendant Grady EMS, LLC's First Interrogatories to Plaintiff; and

2. Defendant Grady EMS, LLC's First Request for Production to Defendant Plaintiff.

This 19th day of February, 2021.

THOMAS KENNEDY SAMPSON & TOMPKINS LLP

*/s/Jeffrey E. Tompkins*
Jeffery E. Tompkins
Georgia Bar No. 714608
Marriah N. Paige
Georgia Bar No. 852228
Attorneys for Defendant
Grady EMS, LLC

3355 Main Street
Atlanta, Georgia 30337
(404) 688-4503
j.tompkins@tkstlaw.com
m.paige@tkstlaw.com

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| SHANITA D. SWANSON, Natural Mother and | * | |
| Administrator of the Estate of Anthony J. Mitchell, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION |
| v. | * | |
| | * | FILE NO. 20EV006691 |
| FULTON COUNTY, GA; GRADY EMS, LLC; | * | |
| JAMES LUSTER; JEREMIAH WHITEHEAD; | * | |
| WILLIAM ROBERTS; JAMES BAUMGARTNER; | * | |
| and JEREMY HOLLAND; | * | |
| | * | |
| Defendants. | * | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **Defendant Grady EMS, LLC's Certificate Regarding Discovery** was served via the United States upon all counsel of record, as follows:

> Michael D. Harper, Esquire
> Michael D. Harper, P.C.
> 3481 Lakeside Drive, N.E.
> Suite 2406
> Atlanta, Georgia 30326
> mharper@mharperlaw.com
>
> Kaye Woodard Burwell, Esquire
> Ashley Palmer, Esquire
> Jonathan Loegel, Esquire
> Office of the Fulton County Attorney
> 141 Pryor Street, S.W.
> Suite 4038
> Atlanta, Georgia 30303

This 19th day of February, 2021.

> /s/ Marriah N. Paige
> Marriah N. Paige

State Court of Fulton County
**E-FILED**
20EV006691
2/22/2021 1:45 PM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| SHANITA D. SWANSON, Natural Mother and Administrator of the Estate of Anthony J. Mitchell, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE |
| v. | ) ) | NO. 20EV006691 |
| FULTON COUNTY, GA, GRADY EMS, LLC JAMES LUSTER, JEREMIAH WHITEHEAD, WILLIAM ROBERTS, JAMES BAUMGARTNER and JEREMY HOLLAND, | ) ) ) ) ) | |
| Defendants. | ) | |

## ANSWER OF JAMES LUSTER AND JEREMIAH WHITEHEAD

Come now James Luster ("Luster") and Jeremiah Whitehead ("Whitehead"), named as defendants in the above-referenced action (Luster and Whitehead may also collectively be referred to herein as "these defendants"), and file their answer and defenses to plaintiff's amended complaint for wrongful death as follows:

## FIRST DEFENSE

For a first defense, these defendants show that the complaint fails to state a claim against them for which relief can be granted.

## SECOND DEFENSE

For a second defense, these defendants show that they breached no legal duty owed to plaintiff or plaintiff's decedent.

## THIRD DEFENSE

For a third defense, these defendants assert the defense of official function, discretionary immunity as provided to them under the Constitution of the State of

Georgia and show that, at no time, did either of these defendants act with actual malice or actual intent to injure plaintiff or plaintiff's decedent equivalent to a deliberate intention to do wrong.

## FOURTH DEFENSE

For a fourth defense, these defendants show that any injuries to plaintiff and/or plaintiff's decedent and the death of plaintiff's decedent was proximately caused by the acts and/or omissions of other persons and/or entities for whom these defendants are not legal responsible.

## FIFTH DEFENSE

For a fifth defense, these defendants respond to the numbered paragraphs of said complaint as follows:

### 1.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

### 2.

In response to the allegations of paragraph 2, these defendants show that they are not required to respond to allegations in which plaintiff merely seeks to identify the claims which she is seeking to pursue against these or any other defendants in this action, and/or the damages which she is seeking to recover herein.  To the extent that a further response is required, these defendants expressly deny that they breached any legal duty owed to plaintiff or plaintiff's decedent and show that they are not liable to plaintiff for

any of the relief being sought herein, under Georgia law or otherwise.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

3.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

4.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

5.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

6.

In response to the allegations of paragraph 6, these defendants show that in November of 2019, Luster was employed as a Captain with the City of South Fulton, Georgia; that he was provided with and executed a waiver of service of summons; and that he is subject to the jurisdiction of this Court.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

7.

In response to the allegations of paragraph 7, these defendants show that in November of 2019, Whitehead was employed as a Sergeant with the City of South Fulton, Georgia; that he was provided with and executed a waiver of service of summons; and that he is subject to the jurisdiction of this Court.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

8.

On information and belief, these defendants admit only that in November of 2019, Roberts was employed with the City of South Fulton, Georgia but is no longer employed by said entity and has not been served with process.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

9.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

10.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

11.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

12.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

13.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

14.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

15.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

16.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

17.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

18.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

19.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

20.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

21.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

22.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

23.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

24.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

25.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

26.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

27.

In response to the allegations of paragraph 27, these defendants admit only that City of South Fulton Fire Department Engine 13 was dispatched to the Bojangles restaurant at approximately 21:58 hours and arrived at approximately 22:03 hours. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

28.

In response to the allegations of paragraph 28, these defendants admit only that Luster prepared a report in which he confirms that Engine 13 was dispatched to the Bojangles restaurant at 21:58 hours, arrived at 22:03 hours and left approximately four

minutes later, at 22:07 hours.  In further response, these defendants admit only that Luster's report, which speaks for itself, confirms that Engine 13 responded to a 19-year-old male patient who had possibly been assaulted; that the patient, later identified as Anthony J. Mitchell (deceased) ("Mitchell"), was in the custody of Fulton County police prior to the arrival of Engine 13; that upon arrival, these defendants observed that Mitchell was lying on his chest, handcuffed on the ground and outdoors in the parking lot; that Engine 13 requested for the patient to be seated up so that he could be assessed but that Mitchell would not allow these defendants or anyone else to get close to him and was spitting blood at personnel who were on the scene; that the Fulton County police on the scene informed these defendants that Mitchell was purposely spitting blood at them and was being aggressive towards them as well; that the Fulton County police took the cover off of Mitchell's head at which time he immediately started spitting blood at these defendants; that these defendants attempted to calm Mitchell down but were unsuccessful; that the Fulton County police who were on the scene and Engine 13 agreed that Mitchell would not allow these defendants to assess him; and that the Fulton County police who were on the scene advised these defendants (a) that Mr. Mitchell's mother was an EMT; (b) that she was on her way to the location; (c) that they were going to release Mitchell to her custody; and (d) and that these defendants could return to service at which time Engine 13 returned to service.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

29.

In response to the allegations of paragraph 29, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 28 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

30.

In response to the allegations of paragraph 30, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 28 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

31.

In response to the allegations of paragraph 31, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 28 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

32.

In response to the allegations of paragraph 32, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 28 above. In further response, these defendants expressly deny that they failed to record information related to the subject event in what plaintiff terms the "appropriate medical legal reporting format indicated for prehospital emergency medical services patients like

Mr. Mitchell." Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

33.

In response to the allegations of paragraph 33, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 28 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

34.

In response to the allegations of paragraph 34, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 28 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

35.

In response to the allegations of paragraph 35, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 28 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

36.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

37.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

38.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

39.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

40.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

41.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

42.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

43.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

44.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

45.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

46.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

47.

In response to the allegations of paragraph 47, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 28 above. In further response, these defendants show that to the extent the allegations of paragraph 47 are directed toward the actions or inactions of Grady Memorial Hospital and/or Grady EMS, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

48.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

49.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

50.

In response to the allegations of paragraph 50, these defendants admit only that on November 16, 2019, they were dispatched to 6200 Bakers Ferry Road at approximately 23:12 hours; that they arrived at said residence at approximately 23:22 hours; and they left the scene on November 17, 2019 at 00:25 hours.  In further response, these defendants

admit only that Luster prepared a report, which speaks for itself, in which he confirms that Engine 13 had been dispatched to the residence regarding a patient (later identified as Anthony J. Mitchell) who had been recently assaulted, was unconscious and was not breathing and that CPR was in progress.  In further response, these defendants admit only that Luster's report, which speaks for itself, confirms that Engine 13 had responded to the same patient an hour earlier and that the patient was in police custody when they exited the scene; that Mr. Mitchell's stepfather advised that Mitchell had been assaulted by at least three individuals at the Bojangles restaurant prior to the arrival of medical personnel at the residence; that Engine 13 was not previously told of the mechanism of injury for the incident at Bojangles; that Engine 13 personnel assisted Grady EMS with the patient; that one firefighter rode in the ambulance to Grady Hospital; and that Engine 13 thereafter returned to service.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

51.

In response to the allegations of paragraph 51, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 28 and 50 above.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

52.

In response to the allegations of paragraph 52, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 50 above.

Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

53.

In response to the allegations of paragraph 53, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 50 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

54.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

55.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

56.

In response to the allegations of paragraph 56, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 50 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

57.

In response to the allegations of paragraph 57, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 50 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

58.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

59.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

60.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

61.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

62.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

63.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

64.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

65.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

66.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

67.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

68.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

69.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

70.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

71.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

72.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

73.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

74.

The allegations of this paragraph are denied to the extent they are directed toward any alleged acts and/or omissions attributed to these defendants.  To the extent the allegations of this paragraph are directed toward the acts and/or omissions of any person or entity other than these defendants, these defendants show that they are without knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and, therefore, these defendants can neither admit nor deny the same.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

75.

The allegations of this paragraph are denied to the extent they are directed toward any alleged acts and/or omissions attributed to these defendants.  To the extent the allegations of this paragraph are directed toward the acts and/or omissions of any person or entity other than these defendants, these defendants show that they are without knowledge or information sufficient to form a belief as to the truth or falsity of said

allegations and, therefore, these defendants can neither admit nor deny the same.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

76.

The allegations of this paragraph are denied to the extent they are directed toward any alleged acts and/or omissions attributed to these defendants.  To the extent the allegations of this paragraph are directed toward the acts and/or omissions of any person or entity other than these defendants, these defendants show that they are without knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and, therefore, these defendants can neither admit nor deny the same.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

77.

The allegations of this paragraph are denied to the extent they are directed toward any alleged acts and/or omissions attributed to these defendants.  To the extent the allegations of this paragraph are directed toward the acts and/or omissions of any person or entity other than these defendants, these defendants show that they are without knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and, therefore, these defendants can neither admit nor deny the same.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

78.

The allegations of this paragraph are denied to the extent they are directed toward any alleged acts and/or omissions attributed to these defendants.  To the extent the allegations of this paragraph are directed toward the acts and/or omissions of any person

or entity other than these defendants, these defendants show that they are without knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and, therefore, these defendants can neither admit nor deny the same. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

79.

The allegations of this paragraph are denied to the extent they are directed toward any alleged acts and/or omissions attributed to these defendants. To the extent the allegations of this paragraph are directed toward the acts and/or omissions of any person or entity other than these defendants, these defendants show that they are without knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and, therefore, these defendants can neither admit nor deny the same. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

80.

The allegations of this paragraph are denied to the extent they are directed toward any alleged acts and/or omissions attributed to these defendants. To the extent the allegations of this paragraph are directed toward the acts and/or omissions of any person or entity other than these defendants, these defendants show that they are without knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and, therefore, these defendants can neither admit nor deny the same. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

81.

The allegations of this paragraph are denied to the extent they are directed toward any alleged acts and/or omissions attributed to these defendants.  To the extent the allegations of this paragraph are directed toward the acts and/or omissions of any person or entity other than these defendants, these defendants show that they are without knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and, therefore, these defendants can neither admit nor deny the same.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

82.

The allegations of this paragraph are denied to the extent they are directed toward any alleged acts and/or omissions attributed to these defendants.  To the extent the allegations of this paragraph are directed toward the acts and/or omissions of any person or entity other than these defendants, these defendants show that they are without knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and, therefore, these defendants can neither admit nor deny the same.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

83.

The allegations of this paragraph are denied.

84.

The allegations of this paragraph are denied to the extent they are directed toward any alleged acts and/or omissions attributed to these defendants.  To the extent the allegations of this paragraph are directed toward the acts and/or omissions of any person

or entity other than these defendants, these defendants show that they are without knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and, therefore, these defendants can neither admit nor deny the same.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

85.

The allegations of this paragraph are denied to the extent they are directed toward any alleged acts and/or omissions attributed to these defendants.  To the extent the allegations of this paragraph are directed toward the acts and/or omissions of any person or entity other than these defendants, these defendants show that they are without knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and, therefore, these defendants can neither admit nor deny the same.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

86.

The allegations of this paragraph are denied to the extent they are directed toward any alleged acts and/or omissions attributed to these defendants.  To the extent the allegations of this paragraph are directed toward the acts and/or omissions of any person or entity other than these defendants, these defendants show that they are without knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and, therefore, these defendants can neither admit nor deny the same.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

87.

The allegations of this paragraph are denied to the extent they are directed toward any alleged acts and/or omissions attributed to these defendants. To the extent the allegations of this paragraph are directed toward the acts and/or omissions of any person or entity other than these defendants, these defendants show that they are without knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and, therefore, these defendants can neither admit nor deny the same. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

88.

The allegations of this paragraph are denied to the extent they are directed toward any alleged acts and/or omissions attributed to these defendants. To the extent the allegations of this paragraph are directed toward the acts and/or omissions of any person or entity other than these defendants, these defendants show that they are without knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and, therefore, these defendants can neither admit nor deny the same. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

89.

The allegations of this paragraph are denied to the extent they are directed toward any alleged acts and/or omissions attributed to these defendants. To the extent the allegations of this paragraph are directed toward the acts and/or omissions of any person or entity other than these defendants, these defendants show that they are without knowledge or information sufficient to form a belief as to the truth or falsity of said

allegations and, therefore, these defendants can neither admit nor deny the same.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

90.

The allegations of this paragraph are denied to the extent they are directed toward any alleged acts and/or omissions attributed to these defendants.  To the extent the allegations of this paragraph are directed toward the acts and/or omissions of any person or entity other than these defendants, these defendants show that they are without knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and, therefore, these defendants can neither admit nor deny the same.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

91.

The allegations of this paragraph are denied to the extent they are directed toward any alleged acts and/or omissions attributed to these defendants.  To the extent the allegations of this paragraph are directed toward the acts and/or omissions of any person or entity other than these defendants, these defendants show that they are without knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and, therefore, these defendants can neither admit nor deny the same.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

92.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

-25-

93.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

94.

The allegations of this paragraph are denied to the extent they are directed toward any alleged acts and/or omissions attributed to these defendants.  To the extent the allegations of this paragraph are directed toward the acts and/or omissions of any person or entity other than these defendants, these defendants show that they are without knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and, therefore, these defendants can neither admit nor deny the same.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

95.

The allegations of this paragraph are denied to the extent they are directed toward any alleged acts and/or omissions attributed to these defendants.  To the extent the allegations of this paragraph are directed toward the acts and/or omissions of any person or entity other than these defendants, these defendants show that they are without knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and, therefore, these defendants can neither admit nor deny the same.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

96.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

97.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

98.

The allegations of this paragraph are denied to the extent they are directed toward any alleged acts and/or omissions attributed to these defendants.  To the extent the allegations of this paragraph are directed toward the acts and/or omissions of any person or entity other than these defendants, these defendants show that they are without knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and, therefore, these defendants can neither admit nor deny the same.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

99.

Any other allegations in the complaint which have not been expressly admitted or otherwise addressed are hereby denied.

## SIXTH DEFENSE

For a sixth defense, these defendants assert the defense of qualified immunity regarding to any federal claims asserted against them and official function, discretionary

immunity regarding any state law claims asserted against them.

SEVENTH DEFENSE

For a seventh defense, these defendants show that any injuries to plaintiff or plaintiff's decedent, including the death of plaintiff's decedent, were proximately caused by the actions or inactions of other persons or entities for whom these defendants are not legally responsible.

EIGHTH DEFENSE

For an eighth defense, these defendants show that they breached no legal duty to plaintiff or plaintiff's decedent, under state law, federal law or otherwise.

NINTH DEFENSE

For a ninth defense, these defendants raise the defense provided under O.C.G.A. § 51-1-29 to the extent the same may have application under the facts of the present case.

Wherefore, these defendants pray that verdict and judgment be entered in their favor regarding all claims asserted against them herein, with all costs cast against plaintiff; that they have a trial by jury of twelve persons with regard to all triable issues; and that they have such other and further relief as this Court deems just and proper in the circumstances.

This 22nd day of February, 2021.

/s/ Harvey S. Gray
Harvey S. Gray
Georgia Bar No. 305838
Alex Joseph
Georgia Bar No. 590921
*Attorneys for Defendants James Luster*
*and Jeremiah Whitehead*

-28-

GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, LLP
950 East Paces Ferry Road, N.E.
Suite 1700 – Salesforce Tower
Atlanta, Georgia  30326
(404) 870-7376 (Gray)
(404) 870-7389 (Joseph)
(404) 870-7374 (Fax)
hgray@grsmb.com
ajoseph@grsmb.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date electronically filed the foregoing **ANSWER OF JAMES LUSTER AND JEREMIAH WHITEHEAD** with the Clerk of the Court using the Odyssey eFileGA system which will automatically send email notification of such filing to all attorneys of record in this action.

This 22nd day of February, 2021.

/s/ Harvey S. Gray
Harvey S. Gray
Georgia Bar No. 305838
Alex Joseph
Georgia Bar No. 590921
*Attorneys for Defendants James Luster
and Jeremiah Whitehead*

GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, LLP
950 East Paces Ferry Road, N.E.
Suite 1700 – Salesforce Tower
Atlanta, Georgia  30326
(404) 870-7376 (Gray)
(404) 870-7389 (Joseph)
(404) 870-7374 (Fax)
hgray@grsmb.com
ajoseph@grsmb.com

-30-

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
**File & ServeXpress**
Transaction ID: 66390916
Case Number: 20EV006691
Date: Mar 04 2021 01:30PM
Christopher G. Scott, Chief Clerk
Civil Division

**STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

**STANDING CASE MANAGEMENT ORDER**
**FOR ALL DIVISION F (JUDGE RICHARDSON) E-FILED CASES**

It is hereby ORDERED that within 30 days of receiving this order, or within 30 days of the filing of the last Defendants' final Answer (whichever is later), all parties shall jointly E-file one of the attached Consent Scheduling Orders, (Order A for Wrongful Death/Medical Malpractice/Complex Cases; Order B for all other cases) setting forth case management deadlines. In any matter in which an extended period of discovery is anticipated, parties shall contact Staff Attorney Trinity Townsend, 404-613-4512 or trinity.townsend@fultoncountyga.gov to schedule a conference.

**SO ORDERED**, this 4th day of March, 2021.

Judge Eric A. Richardson
State Court of Fulton County

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

_____

**Plaintiff**

Civil Action No: _____

_____

**Defendant**

<u>CONSENT CASE MANAGEMENT ORDER "A"</u>
<u>(MEDICAL MALPRACTICE/WRONGFUL DEATH/COMPLEX CASE)</u>

1.

PLAINTIFF'S EXPERT(S) shall be disclosed NO LATER THAN_____.

2.

DEFENSE EXPERT(S) shall be disclosed NO LATER THAN_____.

3.

REBUTTAL EXPERT(S) shall be disclosed NO LATER THAN _____ for

PLAINTIFF and _____ for DEFENSE.

4.

ALL EXPERTS shall be deposed NO LATER THAN _____.

5.

ALL WITNESSES shall be deposed NO LATER THAN _____.

6.

DISCOVERY shall close NO LATER THAN **12 MONTHS** after the last answer is filed, which

date is _____. (This includes, but is not limited to, written discovery and

depositions).

7.

(a)     All PRELIMINARY MOTIONS, including, but not limited to, motions to dismiss, motions regarding venue, service, statute of limitations, or motions to add parties, shall be filed NO LATER THAN _____, absent Court Order.  (No later than 60 days after the entry of this Order).

(b)     All other SUBSTANTIVE MOTIONS, including motions for summary judgment, and DAUBERT MOTIONS shall be filed NO LATER THAN _____ .  (No later than 30 days after the close of discovery).

(c)     Notwithstanding the above, any motions regarding discovery disputes shall be filed within 60 days from the date of the response or event (e.g. deposition) that is the subject of the motion, and in no event later than the close of discovery, absent Court Order.  In the event of a discovery dispute, counsel and parties are ENCOURAGED to contact the Court's Staff Attorney at 404-613-4512 to set up a telephone conference PRIOR TO filing any motion to compel or for protective order.

(d)     There shall be no extensions of these deadlines by agreement of the parties.   Any extension of time to file a motion must be made by Order of this Court.  **If any motion is filed after these deadlines and without this Court's prior written approval by Order, then the motion will be untimely and may not be considered.**  All motions/briefs are LIMITED to no more than **fifteen (15)** pages, double spaced, exclusive of attachments, unless otherwise permitted by the Court in writing.  Absent prior permission by the Court, no party shall file any reply briefs, which are generally disfavored.

8.

MEDIATION shall be scheduled <u>and</u> completed NO LATER THAN _____. (No later than 90 days after the close of discovery).  Counsel and all parties, or their representatives, are to appear and participate in good faith in this mediation.  Attendance by an attorney or other representative who has **full authority to settle all issues** in the action is **<u>REQUIRED</u>**.  If the client has not given such authorization to counsel, the client must also appear.

9.

Parties shall stipulate to this Courts' trial calendar no later than 95 days after discovery closes. Parties desiring a special setting should contact Staff Attorney Trinity Townsend, 404-613-4512 or trinity.townsend@fultoncountyga.gov, NO LATER THAN the close of discovery to make such a request, understanding that a specially set trial date may not be available for approximately 6 months.

10.

**The failure to comply with the deadlines set forth in this Case Management Order may result in the imposition of sanctions, including striking pleadings, assessment of attorney's fees, exclusion of evidence or witnesses, or other sanctions.**

_____
Plaintiff's Counsel


_____
Defendant's Counsel


        **SO ORDERED**, this _____ day of _____, 20__.

                                        _____
                                        Judge Eric A. Richardson
                                        State Court of Fulton County

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

_____

**Plaintiff**

Civil Action No: _____

_____

**Defendant**

CONSENT CASE MANAGEMENT ORDER "B"
(NONSPECIFIC/GENERAL CASES)

1.

DISCOVERY shall close NO LATER THAN **6 MONTHS** after the last answer is filed, which

date is _____. (This includes, but is not limited to, written discovery and

depositions).

2.

(a)   All PRELIMINARY MOTIONS, including, but not limited to, motions to dismiss,

motions regarding venue, service, statute of limitations, or motions to add parties, shall be filed

NO LATER THAN _____, absent Court Order.  (No later than 30 days

after the entry of this Order).

(b)   All other SUBSTANTIVE MOTIONS, including motions for summary judgment, and

DAUBERT MOTIONS shall be filed NO LATER THAN _____ . (No later

than 30 days after the close of discovery).

(c)   Notwithstanding the above, any motions regarding discovery disputes shall be filed

within 60 days from the date of the response or event (e.g. deposition) that is the subject of the

motion, and in no event later than the close of discovery, absent Court Order.  In the event of a discovery dispute, counsel and parties are ENCOURAGED to contact the Court's Staff Attorney at 404-613-4512 to set up a telephone conference PRIOR TO filing any motion to compel or for protective order.

(d)      There shall be no extensions of these deadlines by agreement of the parties.   Any extension of time to file a motion must be made by Order of this Court.  **If any motion is filed after these deadlines and without this Court's prior written approval by Order, then the motion will be untimely and may not be considered.**  All motions/briefs are LIMITED to no more than **fifteen (15)** pages, double spaced, exclusive of attachments, unless otherwise permitted by the Court in writing.  Absent prior permission by the Court, no party shall file any reply briefs, which are generally disfavored.

3.

MEDIATION shall be scheduled <u>and</u> completed NO LATER THAN _____. (No later than 60 days after the close of discovery).  Counsel and all parties, or their representatives, are to appear and participate in good faith in this mediation.  Attendance by an attorney or other representative who has **full authority to settle all issues** in the action is <u>**REQUIRED.**</u>  If the client has not given such authorization to counsel, the client must also appear.

4.

Parties shall stipulate to this Court's trial calendar no later than 95 days after discovery closes.  A CONSOLIDATED PRETRIAL ORDER and any motions in limine shall be E-filed NO LATER THAN 1 week prior to trial.

5.

**The failure to comply with the deadlines set forth in this Case Management Order may result in the imposition of sanctions, including striking pleadings, assessment of attorney's fees, exclusion of evidence or witnesses, or other sanctions.**

_____
Plaintiff's Counsel


_____
Defense Counsel


      **SO ORDERED**, this _____ day of _____, 20__.


                                  _____
                                  Judge Eric A. Richardson
                                  State Court of Fulton County