IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SHANITA D. SWANSON, Natural Mother and Administrator of the Estate of Anthony J. Mitchell, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 1:21-CV-00996-AT |
| FULTON COUNTY, GA, GRADY EMS, LLC, JAMES LUSTER, JEREMIAH WHITEHEAD, WILLIAM ROBERTS, JAMES BAUMGARTNER and JEREMY HOLLAND, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANTS JAMES LUSTER AND JEREMIAH WHITEHEAD'S INITIAL AND EXPERT DISCLOSURES

**(1)** If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an Amended Summons and Complaint reflecting the information furnished in this disclosure response.

<u>Disclosure</u>: No such improperly named parties are known to these defendants at this time.

**(2)** Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If

**defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

<u>Disclosure</u>:  None at this time.

**(3)   Provide a detailed factual basis for the defense or defenses and any counterclaims or cross claims asserted by the defendant in the responsive pleading.**

<u>Disclosure</u>:   On November 10, 2020, Shanita D. Swanson filed the present action, alleging claims arising from the death of her son, Anthony J. Mitchell ("Mitchell").  Plaintiff seeks recovery of the full value of the life of Anthony J. Mitchell, as well as pre-death mental and physical pain and suffering, funeral and burial and medical expenses, from all defendants.  She alleges that officers of the Fulton County Police Department were dispatched to Bojangles based on a report of an altercation between Mitchell and several Bojangles' employees; that they placed Mr. Mitchell in a hood and forced him into a prone position compromising his breathing; and that personnel from the City of South Fulton Fire Department—Luster, Whitehead and Roberts—and personnel from Grady EMS---James Baumgartner and Jeremy Holland---negligently failed to assess and render aid to Mitchell.

Luster prepared a report in which he confirms that Engine 13 was dispatched to the Bojangles restaurant at 21:58 hours, arrived at 22:03 hours and

left approximately four minutes later, at 22:07 hours. Luster's report, which speaks for itself, confirms that Engine 13 responded to a 19-year-old male patient who had possibly been assaulted; that the patient, later identified as Anthony J. Mitchell, was in the custody of Fulton County police prior to the arrival of Engine 13; that upon arrival, Luster, Whitehead and Roberts defendants observed that Mitchell was lying on his chest, handcuffed on the ground and outdoors in the parking lot; that Engine 13 requested for the patient to be seated up so that he could be assessed but that Mitchell would not allow Luster, Whitehead, Roberts or anyone else to get close to him and was spitting blood at personnel who were on the scene; that the Fulton County police on the scene informed Luster, Whitehead and Roberts that Mitchell was purposely spitting blood at them and was being aggressive towards them as well; that the Fulton County police took the cover off of Mitchell's head at which time he immediately started spitting blood at these defendants; that Luster, Whitehead and Roberts defendants attempted to calm Mitchell down but were unsuccessful; that the Fulton County police who were on the scene and Engine 13 agreed that Mitchell would not allow them to assess him; and that the Fulton County police who were on the scene advised (a) that Mr. Mitchell's mother was an EMT; (b) that she was on her way to the location;

(c) that they were going to release Mitchell to her custody; and (d) and that Engine 13 could return to service at which time Engine 13 returned to service.

Later that same evening, Engine 13 was dispatched to 6200 Bakers Ferry Road at approximately 23:12 hours; that it arrived at said residence at approximately 23:22 hours; and that it left on November 17, 2019 at 00:25 hours. Luster prepared a report, which speaks for itself, in which he confirms that Engine 13 had been dispatched to the residence regarding a patient (later identified as Anthony J. Mitchell) who had been recently assaulted, was unconscious and was not breathing and that CPR was in progress.  Luster's report also confirms that Engine 13 had responded to the same patient an hour earlier and that the patient was in police custody when they exited the scene; that Mr. Mitchell's stepfather advised that Mitchell had been assaulted by at least three individuals at the Bojangles restaurant prior to the arrival of medical personnel at the residence; that Engine 13 was not previously told of the mechanism of injury for the incident at Bojangles; that Engine 13 personnel assisted Grady EMS with the patient; that one firefighter rode in the ambulance to Grady Hospital; and that Engine 13 thereafter returned to service.

Count III asserts a state law negligence claim against Luster and Whitehead sounding in alleged malpractice.  No federal claims are asserted against either of

them. Luster and Whitehead assert (a) they breached no legal duty owed to plaintiff or plaintiff's decedent; (b) that they are immune from liability based on official function, discretionary immunity provided to them under the Constitution and laws of the State of Georgia and, at no time, did either of them act with actual malice or actual intent to injure plaintiff or plaintiff's decedent equivalent to a deliberate intention to do wrong; (c) that any injuries to plaintiff and/or plaintiff's decedent and/or the death of plaintiff's decedent was proximately caused by the acts and/or omissions of other persons and/or entities for whom these defendants are not legal responsible; and (d) that they may also have immunity under O.C.G.A. § 51-1-29 to the extent said statute has application under the facts of the present case.

**(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

<u>Disclosure</u>:  Art. I, Sec. II, Para. IX; O.C.G.A. § 51-1-29.

These defendants reserve the right to supplement this disclosure during the course of discovery herein.

**(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the**

subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.).

**Disclosure**: See Attachment A.

(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that Rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

**Disclosure**: No such experts have been retained by these defendants at the present time.

(7) Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C).

**Disclosure**: See Attachment C.

(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and the location of, the documents or other evidentiary material, not

**privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Federal Rule Civil Procedure 34.  (Attach any copies and descriptions to Initial Disclosure as Attachment D.)**

<u>Disclosure</u>:  Not applicable.

**(9)    If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address and telephone number of such person or entity and describe in detail the basis of such liability.**

<u>Disclosure</u>:  Not applicable.

**(10)   Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

<u>Disclosure</u>:  A copy of the declaration page for the applicable coverage agreement between The City of South Fulton and Georgia Interlocal Risk Management Agency will be produced upon reasonable notice to defendants' counsel.

-8-

The undersigned, in accordance with L.R. 7.1 and 5.1 hereby certifies that the typefont used herein is 13-Point Book Antiqua font.

This 9th day of April, 2021.

                                            /s/ Harvey S. Gray
                                            Harvey S. Gray
                                            Georgia Bar No. 305838
                                            Alex Joseph
                                            Georgia Bar No. 590921
                                            *Attorneys for Defendants James Luster*
                                            *and Jeremiah Whitehead*

GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, LLP
950 East Paces Ferry Road, NE
Suite 1700 – Salesforce Tower
Atlanta, Georgia  30326
(404) 870-7376 (Gray)
(404) 870-7389 (Joseph)
(404) 870-7374 (Fax)
hgray@grsmb.com
ajoseph@grsmb.com

## ATTACHMENT A
## DEFENDANTS' INITIAL AND EXPERT DISCLOSURES

The following individuals have or may possess information regarding the incident described in the Complaint:

1. James Baumgartner, Grady EMS;

2. Jeremy Holland, Grady EMS;

3. James Luster (Staff ID #364), City of South Fulton;

4. Jeremiah Whitehead (Staff ID #426), City of South Fulton;

5. William Roberts (Staff ID #1018), City of South Fulton;

6. Employees of Bojangles who interacted with Mitchell;

7. Fulton County Officers who interacted with Mitchell; and

8. All persons identified in any party's initial and expert disclosures herein or during the course of discovery herein.

These defendants reserve the right to supplement this list as discovery progresses.

## ATTACHMENT C
## DEFENDANTS' INITIAL AND EXPERT DISCLOSURES

1. The City of South Fulton Fire Department Incident Report (Report # 19-0015711);

2. Redacted Personnel file of James Luster as maintained by the City of South Fulton;

3. Redacted Personnel file of Jeremiah Whitehead as maintained by the City of South Fulton;

4. Redacted Personnel file of William Roberts as maintained by the City of South Fulton

These defendants reserve the right to supplement this Attachment as discovery progresses.

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the foregoing **DEFENDANTS JAMES LUSTER AND JEREMIAH WHITEHEAD'S INITIAL AND EXPERT DISCLOSURES** by filing the same with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to all parties of record.

This 9th day of April, 2021.

/s/ Harvey S. Gray
Harvey S. Gray
Georgia Bar No. 305838
Alex Joseph
Georgia Bar No. 590921
*Attorneys for Defendants James Luster and Jeremiah Whitehead*

GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, LLP
950 East Paces Ferry Road, N.E.
Suite 1700 – Salesforce Tower Atlanta
Atlanta, Georgia  30326
(404) 870-7376 (Gray)
(404) 870-7389 (Joseph)
(404) 870-7374 (Fax)
hgray@grsmb.com
ajoseph@grsmb.com