# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SHANITA D. SWANSON, Natural Mother and Administrator of the Estate of Anthony J. Mitchell, | )<br>)<br>)<br>) |
| *Plaintiff,* | ) Civil Action No: 1:21-cv-00996-CAP<br>) |
| V. | )<br>) |
| FULTON COUNTY, GA, GRADY EMS, LLC, JAMES LUSTER, JEREMIAH WHITEHEAD, WILLIAM ROBERTS, JAMES BAUMGARTNER and JEREMY HOLLAND, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| *Defendants.* | ) |

## PLAINTIFF'S INITIAL DISCLOSURES

COME NOW, Plaintiffs in the above-styled action, and submits their Initial Disclosures as follows:

1.

*State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.*

**RESPONSE:**

Plaintiffs causes of action are: (1) negligent performance of a ministerial

duties, deliberate indifference and excessive force under 42 U.S.C. § 1983 against Defendant Fulton County and Fulton County Police Department officers ; (2) Medical Negligence against Grady EMC, JAMES LUSTER, JEREMIAH WHITEHEAD, WILLIAM ROBERTS, JAMES BAUMGARTNER and JEREMY HOLLAND, (5) attorney's fees against all Defendants.  Plaintiffs otherwise incorporate the allegations and counts set forth in their Amended Complaint.

On November 16, 2019, Anthony Mitchell was a 19-year-old male with Autism.  On November 16, 2019, Anthony Mitchell arrived to the Bojangles Restaurant located at 5628 Fulton Industrial Blvd. SW, Atlanta, GA 30336 to have a meal.  While dining at the restaurant, Anthony Mitchell was taunted by Bojangles Restaurant employees.  As a result of being a taunted, a confrontation ensued between the Anthony Mitchell and the restaurant employees.  On November 16, 2019, Fulton County, GA police officers JENNIFER JONES, VICTORIA WHALEY,  DOUGLASS HARDNETT, and DESMOND LOWE responded to a call for service for an irate customer inside Bojangles Restaurant located at 5628 Fulton Industrial Blvd. SW, Atlanta, GA 30336.  Officer Douglas Hardnett arrived at the business at approximately 2139 hours.  Upon arrival, officer Hardnett observed Anthony Mitchell, a 19-year-old male with Autism, sitting against the outside of the restaurant, with obvious traumatic injuries to his face.  Upon review

of the video surveillance footage from Bojangles Restaurant, Mr. Mitchell was involved in an altercation with employees of the restaurant beginning at 2130 hours. The altercation escalated into a physical fight between Mr. Mitchell and at least five employees of the restaurant. The physical fight resulted in obvious injuries to Mr. Mitchell's face and head according to the officers. Mr. Mitchell was bleeding from the mouth as a result of the fight. Officers Jennifer Jones, Victoria Whaley and Desmond Lowe arrived to the scene and then restrained Mr. Mitchell in handcuffs with his arms behind his back, tied a Bojangles apron around his face (which appeared to be a modified hood) and Plaintiff believes officer Lowe pressed his knee into Mr. Mitchell's back, while Mr. Mitchell was inside the restaurant. Officers Jones, Whaley, Harnett and Lowe then walked Mr. Mitchell out of the restaurant, bypassed a police vehicle that Mr. Mitchell could have been placed in, walked Mr. Mitchell through the parking lot and put Mr. Mitchell on the concrete ground in a prone position with officer Lowe's knee in his back and the apron tied across his face. The position that Mr. Mitchell was placed in compromised Mr. Mitchell's breathing and contributed to his death. Officers Jones, Whaley and Hardnett watched officer Lowe place and keep his knee in Mr. Mitchell's back for an extended period of time which contributed to the death of Mr. Mitchell. At 2158 hours, the City of South Fulton County Fire Department

(FCFD) Engine 13 staffed by Captain James Luster, Sergeant Jeremiah Whitehead and Firefighter William Roberts, were dispatched to the restaurant to treat Mr. Mitchell and arrived on scene of the subject event at 2203 hours.  Upon arrival on scene, Captain Luster, Sergeant Whitehead and Firefighter Roberts, found Mr. Mitchell in the prone position in the parking lot of the business.   Captain Luster, Sergeant Whitehead and Firefighter Roberts, noted that Mr. Mitchell was the victim of a possible assault and had incurred traumatic injuries, including bleeding they could see.  Based on the information available to Engine 13 personnel, Mr. Mitchell was a patient with obvious injuries at the time Captain Luster, Sergeant Whitehead and Firefighter Roberts arrived on scene.   Captain Luster recorded in the incident report that they discussed Mr. Mitchell's presentation and negotiated with the officers to leave the scene without providing Mr. Mitchell with any emergency medical assessment, emergency medical treatment, or emergency medical transportation.  Captain Luster, Sergeant Whitehead and Firefighter Roberts did not record any of the information related to the subject event in the appropriate medical legal reporting format indicated for prehospital emergency medical services patients like Mr. Mitchell.  Therefore, the incident report created by Captain Luster represents the only documentation of the encounter with Mr. Mitchell related to the subject event and the Engine 13 personnel.  The separation

of the patient/caregiver relationship between Mr. Mitchell and Captain Luster, Sergeant Whitehead and Firefighter Roberts took place when they left the scene and Mr. Mitchell was left lying on the ground in the parking lot. Based on their incident report, Engine 13 departed the scene at 2207 hours which means the total time Captain Luster, Sergeant Whitehead and Firefighter Roberts spent on scene was 4 minutes. Approximately 13 minutes after the departure of Captain Luster, Sergeant Whitehead and Firefighter Roberts, Grady Emergency Medical Services (Grady EMS) Ambulance Number 800, staffed by Advanced Emergency Medical Technician (AEMT) James Baumgartner and Paramedic Jeremy Holland, arrived on scene at 2220 hours, approximately 34 minutes after Mr. Mitchell was handcuffed and placed prone on the ground in the parking lot. The video surveillance from the restaurant parking lot shows the Grady EMS ambulance pull up to the location of the parked patrol vehicles. Grady EMS AEMT Baumgartner and Grady EMS Paramedic Holland are seen exiting the ambulance without any medical equipment and walking to the location of Mr. Mitchell and the police officers on scene. The video footage shows AEMT Baumgartner and Paramedic Holland of Grady EMS standing in the parking lot for several minutes, then returning to the ambulance, getting into the driver's seat and passenger seat, and leaving the scene. The Grady EMS ambulance departed the scene at 2207 hours,

approximately 7 minutes after arriving at the restaurant.  During their 7 minutes on scene, AEMT Baumgartner and Paramedic Holland of Grady EMS never performed the appropriate prehospital assessment of Mr. Mitchell's condition or traumatic injuries, never provided Mr. Mitchell with indicated medical treatment of his traumatic injuries, and never provided Mr. Mitchell with emergency medical transportation to the closest emergency department staffed and equipped to treat Mr. Mitchell's condition.  Additionally, AEMT Baumgartner and Paramedic Holland of Grady EMS never completed any medical documentation about the call for service regarding Mr. Mitchell and his traumatic injuries.  The separation of the patient/caregiver relationship between Mr. Mitchell and AEMT Baumgartner and Paramedic Holland of Grady EMS was never documented in a medical document, and Mr. Mitchell was once again left lying on the ground in the parking lot without any medical care when Grady EMS employees departed the scene.  Mr. Mitchell's mother, Shanita Swanson, was contacted by the officers on scene of the subject event.  The officers awaited on scene for Ms. Swanson to arrive at the restaurant to take her son home after the physical fight.  Without any medical caregivers on scene, custody of Mr. Mitchell was transferred to his legal guardian, Ms. Swanson, and both drove back to their residence.  Incident reports and medical records establish that Mr. Mitchell received care on November 17, 2019 from Grady

Memorial Hospital, Grady EMS, and the City of South Fulton County Fire Department. Approximately 10 minutes after arriving home with Mr. Mitchell, Ms. Swanson went to check on Mr. Mitchell and found him unconscious and unresponsive in his bedroom. A 911 call for service was placed from Mr. Mitchell's residence at approximately 2307 hours. The units dispatched to the Mitchell residence were the same City of South Fulton County Fire Department Engine 13 personnel, Captain James Luster, and Sergeant Jeremiah Whitehead, Firefighter William Roberts, and Grady EMS Ambulance 800 employees AEMT James Baumgartner, and Paramedic Jeremy Holland. All the first responders listed above, were the same EMS personnel that responded to the initial subject event on November 16, 2019 at the Bojangles's Restaurant. Upon arrival at Mr. Mitchell's residence, Mr. Mitchell was in cardiac arrest and CPR was in progress by family members. According to the prehospital records, it took 10 minutes for the first EMS personnel to arrive on scene and they were Captain James Luster, and Sergeant Jeremiah Whitehead, Firefighter William Roberts with the City of South Fulton County Fire Department. The Grady EMS ambulance with Grady EMS AEMT James Baumgartner and Grady EMS Paramedic Jeremy Holland did not arrive on scene at Mr. Mitchell's residence until 17 minutes after the initial dispatch. According to the Patient Care Report completed by Grady EMS

Paramedic Holland regarding Mr. Mitchell, the Grady EMS employees made patient contact with Mr. Mitchell at 2327 hours; 20 minutes after the initial 911 call. At the time of patient contact, Mr. Mitchell was in cardiac arrest and had no detectable heart rhythm. Mr. Mitchell was treated by Grady EMS employees and the firefighters from City of South Fulton County Fire Department, which was similar to the Advanced Cardiac Life Support (ACLS) guidelines according to the Patient Care Report. During the course of treatment provided by Grady EMS Paramedic Holland for Mr. Mitchell's cardiac arrest event, there are three separate forms of Intravenous (IV) access that were established during the treatment and transportation process. The total time Grady EMS AEMT James Baumgartner and Grady EMS Paramedic Jeremy Holland spent with Mr. Mitchell during the cardiac arrest event was 60 minutes. The Grady EMS Patient Care Report does not clarify the failures with respect to patient treatment and management, and failure to provide timely transportation to Mr. Mitchell based on the belief by the caregivers that Mr. Mitchell was suffering from a traumatic cardiac arrest event. Mr. Mitchell arrived at Grady Memorial Hospital at 0027 hours on November 17, 2019 still in cardiac arrest. According to hospital records, a Trauma Team was activated to manage Mr. Mitchell's care upon his arrival at the emergency department.

However, 4 minutes after arrival at the Grady Memorial Hospital Emergency Department, Mr. Mitchell was pronounced dead.

The legal issues to be tried are:

1. Whether the police officers are liable under 42 U.S.C. § 1983 for violations of deliberate indifference and excessive force for Mr. Mitchell's pre-death pain and suffering and death.

2. Whether Fulton County is liable under 42 U.S.C. § 1983 for violations regarding established unconstitutional ministerial policies, which led to Mr. Mitchell's pre-death pain and suffering and death.

4. Whether the firefighters and paramedics breached the standard of care in their medical treatment or lack thereof of Anthony Mitchell, and whether their inactions caused or contributed to the pre-death pain and suffering and death of Anthony Mitchell.

5. The amount of damages to which Plaintiffs are entitled, including statutory attorney's fees.

2.

*Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.*

**RESPONSE:**

a) 42 U.S.C § 1983 (federal civil rights act);

b) 28 U.S.C § 1331 (federal question jurisdiction);

c) 28 U.S.C. § 1343 (jurisdiction for enforcement of civil rights);

d) 28 U.S.C § 1367 (pendant or supplemental jurisdiction of this Court to hear state law claims);

e) 42 U.S.C. § 1988 (attorney's fees and expenses of litigation);

f) Rogers v. Evans, 792 F.2d 1052 (l1th Ci . 1986)

g) Greason v. Kemp, 891 F.2d 829 (ll th Ci . 1990)

h) Woodall v. Foti, 648 F.2d 268 (5th Cir. 1981)

i) Monell v. Dept. of Soc. Services of City of New York, 436 U.S. 658 (1978)

j) Griffin v. City of Opa-Locka, 261 F.3d 1 95 (1lth Cir. 2001)

k) City of St. Louis v. Praprotnik, 485 U.S. 12 (1988)

l) Jones v. NordicTrack, Inc., 274 Ga. 115 (2001)

m) Chrysler Corp. v. Batten, 264 Ga. 723,724 (1994)

n) Certainteed Corp. v. Fletcher, 300 Ga. 327 (2016)

o) Georgia medical malpractice case law.

3.

*Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)*

RESPONSE: See Attachment A.

4.

*Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)*

**RESPONSE:**

Plaintiffs will disclose their expert witness according to the time set forth in the Local Rules of the Northern District of Georgia.

5.

*Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody or control, that you may use to support your claims or defenses unless solely for*

*impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)*

**RESPONSE:** See Attachment C.

6.

*In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)*

**RESPONSE:**

The categories of damages included within Plaintiff's Amended Complaint are the following:

a. Special and compensatory damages against all Defendants for the pre-death pain and suffering and the value of the life of Anthony Mitchell;

b. Punitive damages against all Defendants sued in their individual capacities;

c. Pre-judgment and post-judgment interest;

d. Litigation costs and attorneys' fees under 42. U.S.C. § 1988.

7.

*Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)*

**RESPONSE:**

All applicable insurance agreements are in the Defendants' possession.

8.

*Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.*

**RESPONSE:**

Plaintiffs are not aware of anyone having a subrogation interest at the time of the filing of Plaintiffs' complaint. Plaintiffs will amend this disclosure if information becomes known regarding any claimed subrogation interest.

This 9th day of April, 2021.

Respectfully Submitted,

/s/ Michael D. Harper
MICHAEL D. HARPER
Georgia Bar No. 328378
Attorney for Plaintiff

Michael D. Harper, P.C.
3481 Lakeside Dr. NE, Suite 2406
Atlanta, GA 30326
Telephone: (404) 271-6618
Facsimile:  (404) 600-2146
Email: mharper@mharperlaw.com

## PLAINTIFFS' INITIAL DISCLOSURES

## **ATTACHMENT A**

1. Shanita Swanson, Mother and Administrator of the Estate of Anthony Mitchell C/O Plaintiff's Counsel can testify to the facts of the case, and the life and character of Anthony Mitchell.

2. Family members and individuals who knew Anthony Mitchell C?O Plaintiff's Counsel can testify to the facts of the case, and the life and character of Anthony Mitchell.

3. Any doctor, nurse or medical professional who provided care and treatment to Anthony Mitchell can provide testimony regarding the incident in question.

4. Fulton County Medical Examiner's Office
   Atlanta, GA 30303.  Can provide testimony regarding William Barnett's cause and manner or death.

5. Fulton County Board of Commissioners
   Atlanta, GA 30303
   Can testify regarding oversight and funding of the Fulton County Jail.

6. Defendant Grady EMS LLC
   Can be contacted through Counsel of Record can provide information regarding the incident.

7. Defendant James Luster
   Can be contacted through 'Counsel of Record can provide information regarding the incident.

8. Defendant Jeremiah Whitehead
   Can be contacted through Counsel of Record can provide information regarding the incident.

9. Defendant William Roberts
   Can provide information regarding the incident.

10. Defendant James Baumgartner
    Can be contacted through Counsel of Record Can provide information regarding the incident.

11. Defendant Jeremy Holland
    Can be contacted through Counsel of Record Can provide information regarding the incident.

12. Unnamed employees of Bojangles Restaurant located at 5628 Fulton Industrial Blvd. SW, Atlanta, Georgia 30336 can provide information regarding the incident and any prior incidents involving decedent Anthony Mitchell; can also confirm discoverable information including video recordings.

13. Fulton County Police Officer Desmond Lowe
    Can be contacted through Counsel for Fulton County Can provide information regarding the incident.

14. Fulton County Police Officer Douglas Hardnett
    Can be contacted through Counsel for Fulton County Can provide information regarding the incident.

15. Fulton County Police Officer Jennifer Jones
    Can be contacted through Counsel for Fulton County Can provide information regarding the incident

16. Fulton County Police Officer Victoria Whaley
    Can be contacted through Counsel for Fulton County Can provide information regarding the incident

17. Any law enforcement professionals who investigated the incident in question can potentially provide testimony regarding the incident in question

Plaintiff reserves the right to supplement this response as additional information is obtained in discovery.

## PLAINTIFF'S INITIAL DISCLOSURES

## ATTACHMENT B

Plaintiff will disclose her expert witness according to the time set forth in the Local Rules of the Northern District of Georgia.

# PLAINTIFF'S INITIAL DISCLOSURES

## ATTACHMENT C

1. Fulton County Police use of force training materials and reports

2. Fulton County Police policies and procedures

3. Any and all incidents reports, logs, documents and video footage held by Fulton County Police Jail regarding Anthony Mitchell.

4. Anthony Mitchell's medical records from Grady Hospital

5. Fulton County Police Internal affairs investigation documents

6. Fulton County Police body camera footage

7. Personnel records of police officers involved in this incident.

8. Grady EMS training, policies and procedures

9. City of South Fulton policies and procedures

Plaintiff reserves the right to supplement this response as additional information is obtained in discovery.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in Times New Roman 14-point typeface.

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing **Plaintiff's Initial Disclosures** with the Clerk of Court using the CM/ECF system which will automatically send the Amended Complaint, and email notifications of such filing to the parties and/or attorneys of record.

This 9th day of April, 2021.

                         Respectfully Submitted,

                         /s/ Michael D. Harper
                         MICHAEL D. HARPER
                         Georgia Bar No. 328378
                         Attorney for Plaintiff

Michael D. Harper, P.C.
3481 Lakeside Dr. NE, Suite 2406
Atlanta, GA 30326
Telephone: (404) 271-6618
Facsimile:  (404) 600-2146
Email: mharper@mharperlaw.com