IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHANITA D. SWANSON, *Natural Mother and as administrator of the estate of* Anthony J. Mitchell, | |
| Plaintiff, | CIVIL ACTION NO. 1:21-cv-00996-AT |
| v. | |
| FULTON COUNTY, GA, *et al.*, | |
| Defendants. | |

## ORDER

This matter is before the Court on Defendant Fulton County, Georgia's Motion to Dismiss Plaintiff's Amended Complaint [Doc. 2]; Defendant Fulton County's Motion to Stay Discovery and All Applicable Deadlines [Doc. 6]; and Plaintiff's Motion to Add Jennifer Jones, Victoria Whaley, Douglas Hardnett and Desmond Lowe as Parties [Doc. 10].

### I.   BACKGROUND

On November 10, 2020, Plaintiff filed a Complaint for Wrongful Death in the State Court of Fulton County, alleging a combination of negligence and vicarious liability claims against Fulton County ("the County"), Grady EMS, LLC, and several firefighters and emergency medical services personnel in connection

with the death of her son, Anthony Mitchell.  The County moved to dismiss on January 15, 2021, arguing that Plaintiff failed to state a claim for relief against the County because her claims were barred by the doctrine of sovereign immunity.  *See* (Doc. 3-1 at 3–5).  Instead of responding to the County's Motion to Dismiss, Plaintiff amended the Complaint by removing the negligence and vicarious liability claims against the County and adding a claim against the County for violations of Mitchell's Fourth, Eighth, and Fourteenth Amendment rights under 42 U.S.C. § 1983.  (Doc. 1-4 at 136–39).  The County subsequently removed the case to federal court, (Doc. 1), and moved to dismiss the Amended Complaint, (Doc. 2).  The County also moved to stay discovery on the grounds that it had filed a dispositive motion challenging the legal sufficiency of Plaintiff's claims and that it raised an immunity defense,[1] which the County argued should be resolved before the Parties proceeded with discovery.  (Doc. 6 at 2–4).  Once again, Plaintiff did not respond to the County's motion to dismiss; instead, Plaintiff sought to amend the operative complaint by adding four additional defendants — Fulton County Police Officers Jennifer Jones, Victoria Whaley, Douglas Hardnett, and Desmond Lowe — whom Plaintiff alleged had violated Mitchell's Fourth and Fourteenth Amendment rights under Section 1983.[2]  (Doc. 10 at 1,); (Doc. 10-1 at 21–24).

---

[1] The Court understands the "immunity defense" referenced in the County's Motion to Stay Discovery to mean an anticipated defense of qualified immunity in response to the new Count against the proposed additional defendants in the proposed Second Amended Complaint.

[2] Plaintiff alternatively seeks to join the four officers as necessary parties under Fed. R. Civ. P. 21, (Doc. 10 at 9), but because Plaintiff seeks to add substantive claims against these individuals through a new Count in the proposed Second Amended Complaint, the Court primarily construes Plaintiff's motion as a motion for leave to amend the complaint under Fed. R. Civ. P. 15(a)(2).

**II.     ANALYSIS**

Under Fed. R. Civ. P. 15(a)(2),"a party may amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires"; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962); *Shipner v. Eastern Air Lines, Inc.*, 868 F.2d 401, 406–07 (11th Cir. 1989) ("Rule 15(a) severely restricts the district court's freedom, directing that leave to amend shall be freely given when justice so requires."). The Court may deny leave to amend when there is evidence of undue delay, bad faith, undue prejudice to the Defendant, a repeated failure to cure deficiencies by amendments previously allowed, or futility. *Foman*, 371 U.S. at 182; *Hall v. United States Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) ("[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." (quoting *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir.1999)); *c.f. Bryant v. Dupree*, 252 F.3d 1161, 1163–64 (11th Cir. 2001) (reversing district court's decision to deny leave to amend a complaint because there was no evidence of prejudice to the defendant).

Plaintiff argues that leave to amend should be granted here because the four proposed additional defendants "were involved in the deadly confrontation with Anthony Mitchell and committed excessive force against Mr. Mitchell in violation of the 4th and 14th Amendment of the United States Constitution," and because they are necessary parties under Fed. R. Civ. P. 21. (Doc. 10 at 9). The County responds

3

that leave to amend should be denied "on the grounds of both futility and undue delay." (Doc. 20 at 3).

In support of its futility argument, the County contends that the claims against the County could not survive a motion to dismiss because Plaintiff cannot establish *Monell* liability and the new claims against the proposed additional Defendants would be subject to a defense of qualified immunity. (Doc. 20 at 7–16). But even if that were so, these arguments are best addressed after full briefing on a motion to dismiss, and, for present purposes, it is not apparent to the Court that the proposed Second Amended Complaint would necessarily be "subject to dismissal." *Hall*, 367 F.3d at 1263. Therefore, at least at this stage, the Court lacks sufficient grounds to conclude that Plaintiff's proposed Second Amended Complaint would be futile.

The County also argues that the Plaintiff unduly delayed filing the proposed amendment because the new claims against the proposed additional defendants "were available to Plaintiff at the onset of this litigation months ago." (Doc. 20 at 17). But the County fails to explain how, in the circumstances at issue here, a delay of several months amounts to an "undue delay" for purposes of Rule 15(a)(2). Moreover, Plaintiff contends that she "did not fully learn the full identities of these officers until after the Amended Complaint was filed," (Doc. 25 at 5). At bottom,

4

the County provides no compelling reason why the Court should depart from Rule 15's lenient standard and deny Plaintiff leave to amend.[3]

The Court now turns to the County's motion to stay discovery. The County bases this motion on two arguments: (1) that "[a] favorable ruling" on its pending motion to dismiss would either "render discovery unnecessary" or "simplify the issues to be addressed moving forward"; and (2) that discovery should not proceed before the County's qualified immunity argument is resolved because "proceeding with discovery before a final resolution of the immunity defense would effectively nullify the immunity." (Doc. 6 at 4). The County's first argument does not provide a sufficient ground for staying discovery because, once Plaintiff files its Second Amended Complaint, the County's motion to dismiss will no longer be responsive to an operative complaint — indeed, as of the date of this Order, the Motion to Dismiss will be moot. However, the County's second argument pertaining to its

---

[3] The County does not claim that Plaintiff sought to amend the Complaint in bad faith or that the proposed amendment would be prejudicial to any defendant, and the Court does not find that denial of leave to amend is warranted on either of those grounds. It is difficult to see how the proposed amendment would be prejudicial to the County because, as the County concedes "[t]he factual portion of the proposed Second Amended Complaint is virtually identical to the First Amended Complaint" and "the claims against [the County] in Count I of both documents are identical." (Doc. 20 at 3 n.1). Nor is there any basis for the Court to conclude that allowing the proposed amendment would result in prejudice to the other defendants. Defendants James Luster and Jeremiah Whitehead argue that they "generally refute" Plaintiff's allegations, but they concede that the proposed amendment "does not raise any new allegations" against them, (Doc. 19 at 2), and Defendants Grady EMS, LLC, James Baumgartner, and Jeremy Holland state that because the proposed amendment does not raise any new allegations against them either, they "do not believe they have cause to take a position" on Plaintiff's motion, (Doc. 21 at 2). Both of these sets of defendants also request that they not be required to file a response to the proposed Second Amended Complaint if the amendment is granted. (Doc. 19 at 2); (Doc. 21 at 2). Despite the lack of new allegations against these defendants, the Court does not consider Defendants' future obligation to file a responsive pleading to the proposed Second Amended Complaint to be evidence of prejudice.

anticipated qualified immunity defense is a different matter. Qualified immunity is "an immunity from suit rather than a mere defense to liability," *Pearson v. Callahan*, 555 U.S. 223, 237 (2009), and as the County notes, "a defendant who raises the issue of immunity should not be subject to the burdens of litigation before resolution of the issue," (Doc. 6 at 3) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). The Court therefore finds that a stay of discovery is warranted in light of the County's intent to raise a qualified immunity defense in response to the Second Amended Complaint.

### III.   CONCLUSION

Accordingly, the Court **GRANTS** Plaintiff's Motion to Add Jennifer Jones, Victoria Whaley, Douglas Hardnett and Desmond Lowe as Parties [Doc. 10]. Plaintiff may add these individuals as Defendants by filing the proposed Second Amended Complaint attached to Plaintiff's motion. Further, because Plaintiff's First Amended Complaint will be mooted by Plaintiff's filing of a Second Amended Complaint, the Court therefore **DENIES** the County's Motion to Dismiss Plaintiff's Amended Complaint [Doc. 2]. Finally, in light of the County's intent to raise a qualified immunity defense in response to Plaintiff's Second Amended Complaint, the Court exercises its discretion and **GRANTS** the County's Motion to Stay Discovery and All Applicable Deadlines [Doc. 6]. The Court **ORDERS** that all discovery and pretrial deadlines are temporarily **STAYED** pending further order of the Court.

**IT IS SO ORDERED** this 25th day of June, 2021.

_____
**Honorable Amy Totenberg
United States District Judge**