**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| SHANITA D. SWANSON, Natural Mother and Administrator of the Estate of Anthony J. Mitchell, | ) ) ) | |
| | ) | CIVIL CASE NO. |
| Plaintiff, | ) | |
| | ) | 1:21-cv-00996-AT |
| v. | ) | |
| | ) | |
| | ) | |
| FULTON COUNTY, GA, GRADY EMS, LLC, JAMES LUSTER, JEREMIAH WHITEHEAD, WILLIAM ROBERTS, JAMES BAUMGARTNER, JEREMY HOLLAND, JENNIFER JONES, VICTORIA WHALEY, DOUGLASS HARDNETT, and DESMOND LOWE, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## BRIEF IN SUPPORT OF FULTON COUNTY POLICE OFFICER DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

COME NOW Defendants Jones, Whaley, Hardnett, and Lowe (the "Fulton County Police Officer Defendants"), by and through undersigned counsel, and file this Brief in support of their Motion to Dismiss Plaintiff's Second Amended Complaint.

1

## INTRODUCTION

Plaintiff Shanita Swanson is the mother and Administrator of the Estate of Anthony Mitchell. [Doc. No. 47, ¶ 1]  She has brought a claim for excessive force in violation of 42 U.S.C. § 1983 against four Fulton County Police Officers relating to the death of Mr. Mitchell on November 17, 2019. [Doc. No. 47, Count II] Plaintiff's Second Amended Complaint fails to state a claim against the Fulton County Police Officers because it fails to allege sufficient facts that, even if proven, demonstrate legally excessive force.  Assuming for argument's sake only that Swanson could be said to have demonstrated a colorable claim of excessive force, the officers are entitled to qualified immunity. Thus, Defendants Jones, Whaley, Hardnett and Lowe should be dismissed from this lawsuit pursuant to Federal Rule of Civil Procedure 12(b)(6).

## BACKGROUND

### A. Factual Allegations

Swanson alleges that Mr. Mitchell was involved in a fight at a fast-food restaurant with five of the restaurant's employees on November 16, 2019.  [Doc. No 47, ¶¶ 17-19, 23-24] As a result of the fight, the Fulton County Police Officer Defendants were dispatched to the scene.  [Doc. No. 47, ¶¶ 20-21]  Upon arrival, the Officers restrained Mr. Mitchell, removed him from the building, and held him in a

prone position on the concrete ground, with "an apron tied around his face" (apparently to prevent him from spitting at the officers), while waiting for medical professionals to arrive.  [Doc. No. 47, ¶¶ 27-30]  Swanson alleges that the Officers restrained Mr. Mitchell with handcuffs behind his back and an officer pressed a knee into his back. [Doc. No. 47, ¶ 27] Swanson alleges that the Officers then moved Mr. Mitchell to a location in a parking lot, placed him in a prone position and an officer pressed his or her knee into Mr. Mitchell's back again. [Doc. No. 47, ¶ 29] While awaiting the arrival of fire department personnel from the City of South Fulton and emergency medical personnel from Grady EMS, the police officers contacted Mr. Mitchell's mother, Plaintiff Shanita Swanson. [Doc. No. 47, ¶¶ 32-51] After the arrival of the emergency medical service providers, Swanson took custody of Mr. Mitchell and returned him to their shared residence.  [Doc. No. 47, ¶ 51]

After returning home, Mr. Mitchell became unconscious and unresponsive. [Doc. No. 47, ¶ 53]  Swanson sought emergency medical support for Mr. Mitchell, who was transported to Grady Memorial Hospital, where he passed away.  [Doc. No. 47, ¶¶ 52, 54-67]

**B. Procedural History**

On November 10, 2020, Swanson filed a Complaint against Fulton County and others, alleging negligence and wrongful death.  [Doc. No. 1-4]  On January 15,

2021, Defendant Fulton County moved to dismiss Swanson's claims on the basis that Fulton County was protected by sovereign immunity from state law negligence and wrongful death claims. [Doc. No. 1-4]   On February 11, 2021, Swanson responded with an Amended Complaint dropping the negligence claim and alleging that Fulton County violated 42 U.S.C. § 1983. [Doc No. 1-4, Doc. No. 7]   After removal to federal court on the basis of federal question jurisdiction, Fulton County moved to dismiss Swanson's Amended Complaint on March 10, 2021. [Doc. No. 2]

In lieu of responding, Swanson filed a Second Amended Complaint on June 26, 2021. [Doc. No. 47]   Fulton County's pending Motion to Dismiss asserts that Plaintiff's 42 U.S.C. § 1983 claim against Fulton County, reiterated in the Second Amended Complaint, fails to state a claim upon which relief can be granted and Fulton County should be dismissed from this litigation.   The Second Amended Complaint adds a separate 42 U.S.C. § 1983 claim for excessive force against the newly added Fulton County Police Officer Defendants. [Doc. No. 47 at Count II, ¶¶ 79-88]

Swanson asserts that the Fulton County Police Officer Defendants "used unreasonable and excessive force against Anthony Mitchell by placing a knee in the back of Anthony Mitchell (or by standing by and permitting a fellow officer to place a knee in the back of Anthony Mitchell) for a prolonged period of time which

compromised Mr. Mitchell's breathing and contributed to his death[,]" [Doc. No. 47 at ¶ 79], although the Second Amended Complaint alleges elsewhere that the Fulton County Police Officer Defendants contacted Mr. Mitchell's mother, Shanita Swanson [*id.* at ¶ 49]; she arrived at the scene [*id.* at ¶ 50]; and she drove him "back to their residence" [*id.* at ¶ 51] and only then, "[a]pproximately 10 minutes after arriving home" did Ms. Swanson go "to check on Mr. Mitchell and found him unconscious and unresponsive in his bedroom." [*Id.* at ¶ 53]  There is no allegation, for instance, that Ms. Swanson arrived at the scene to find Mr. Mitchell in need of immediate medical care instead of driving "back to their residence."

Swanson also alleges that the Fulton County Police Officer Defendants "violated Mr. Mitchell's Fourth Amendment [r]ight to be free from unreasonable seizure of his person, and his Fourteenth Amendment right to substantive due process[.]" [Doc. No. 47 at ¶ 85][1]  Swanson contends the Fulton County Police

---

[1]     Fourteenth Amendment excessive force claims pertain to pretrial detainees, a framework that does not apply to Mitchell.  *See Crocker v. Beatty*, 995 F.3d 1232, 1247 (11th Cir. 2021).  Use of force incidents occurring in the course of arrest fall under the purview of the Fourth Amendment. *See Lee v. Ferraro*, 284 F.3d 1188, 1197 (11th Cir. 2002) ("The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest").   In any event, such Fourteenth Amendment claims apply the same objective reasonableness standard as Fourth Amendment claims, *see Crocker*; thus, the same arguments set forth herein as to the Fourth Amendment framework apply equally to the Fourteenth Amendment framework.

Officer Defendants "are not entitled to qualified immunity for the constitutional violations alleged herein … [because] no reasonable officer … would have inflicted the same … force upon Mr. Mitchell[.]" [*Id.*at ¶ 86]

## ARGUMENT AND CITATION TO AUTHORITY

### A. Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 12(b)(6), a claim will be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). The Supreme Court has explained this standard as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). Thus, a claim will survive a motion to dismiss only if the factual allegations in the pleading are "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

The factual allegations in the complaint must be accepted as true and viewed in the light most favorable to the plaintiff when ruling on a motion to dismiss for failure to state a claim. *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1262 (11th Cir. 2004). However, the court need not accept legal conclusions. *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

## B. The Fulton County Police Officer Defendants Did Not Use Excessive Force Given That The Force Used Was De Minimis, Reasonable, And Mitchell Was Actively Resisting

Whether for merely failing to state facts sufficient to state a claim for excessive force or viewed through the lens of qualified immunity, the Second Amended Complaint does not allege sufficient facts to state a claim for excessive force under 42 U.S.C. § 1983 against the Fulton County Police Officer Defendants.

The Fourth Amendment encompasses the right to be free from the use of excessive force during an arrest. *Graham v. Connor*, 490 U.S. 386, 394-95 (1989). An excessive force claim is analyzed under the "objective reasonableness" standard. *McCullough v. Antolini*, 559 F.3d 1201, 1205 (11th Cir. 2009). This Court has

7

recognized that the typical arrest may involve some force and injury and that "the use of force is an expected, necessary part of a law enforcement officer's task of subduing and securing individuals suspected of committing crimes." *Lee v. Ferraro*, 284 F.3d 1188, 1200 (11th Cir. 2002). Because police officers are often required to make split-second judgments "in circumstances that are tense, uncertain, and rapidly evolving," the "reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396-97.

Here, the force used by the officers to subdue an actively resisting suspect was de minimis. As the Eleventh Circuit explained in *Nolin v. Isbell*, 207 F.3d 1253, 1257 (11th Cir. 2000), "the application of de minimis force, without more, will not support a claim for excessive force in violation of the Fourth Amendment."[2] In that case, an officer grabbed an arrestee, shoved him against a car, kneed him in the back, pushed his head against the car, and searched his groin area in an uncomfortable manner. *Id.* at 1255. The arrestee "suffered bruising to his forehead, chests, and wrists." *Id.* Those facts showed only a "minimal amount of force and

---

[2] Even if this Court disagrees that the force used was de minimis, no claim is stated if the force was reasonable. "[T]he court need not find that the injury was de minimis, in order to determine that the force was reasonable." *Smith v. City of Atlanta*, No. CIV.A. 1:08-CV-2618B, 2009 WL 2589633, at *9 (N.D. Ga. Aug. 19, 2009) *citing Scott v. Harris,* 550 U.S. 372, 383 (2007).

injury,…[which] will not defeat an officer's qualified immunity in an excessive force case." *Id.* at 1258. The Eleventh Circuit held that those facts "sound little different from the minimal amount of force and injury involved in a typical arrest." *Id.* at 1258 n. 4; *accord*, *Holmes v. Hale*, 701 F. App'x 751, 754 (11th Cir. 2017) ("Holmes alleged that Billings, who 'weighs between 250-280 pounds, placed his knee on [his] back.' But accepting that as true, it is not enough to state a claim for excessive force."). *See also Crosby v. Monroe County, et al*., 394 F.3d 1328 (11th Cir. 2004) (defendants entitled to qualified immunity from claim that he suffered multiple knees in the back and foot on his head); *Jones v. City of Dothan*, 121 F.3d 1456 (11th Cir. 1997) (slamming non-resisting suspect into a wall, kicking his legs apart, requiring him to raise his hands above his head, and causing him pain for which he received medical treatment amounted only to "minimal" force and was held not to be excessive); *Gold v. City of Miami*, 121 F.3d 1442 (11th Cir. 1997) (finding qualified immunity appropriate where officer applied handcuffs on plaintiff too tightly, left them on plaintiff's hands in that manner for twenty minutes, and caused plaintiff to suffer skin abrasions); *Post v. City of Fort Lauderdale*, 7 F.3d 1552, 1559 (11th Cir. 1993), *modified*, 14 F.3d 583 (11th Cir. 1994) (finding qualified immunity appropriate where officer pushed the plaintiff against a wall and applied a choke hold before placing the plaintiff in handcuffs, although plaintiff was

not resisting arrest); *Wordley v. San Miguel*, 567 F. App'x 719 (11th Cir. 2014) (officer who applied knee to the back, pulled the plaintiff's arm to his back and broke plaintiff's finger entitled to qualified immunity); *Carlyle v. Dejesus*, No. 8:19-cv-701-T-36AEP, 2020 WL 4366080 (M.D. Fla. July 30, 2020) (motion to dismiss granted for failure to state an excessive force claim based on allegations that officers kneed plaintiff in the side, bent back plaintiff's wrist, and struck him in the head).

The only force alleged in the proposed Second Amended Complaint is that Mitchell, like the plaintiffs in *Nolin, Crosby, Holmes, and Worldly*, was restrained by means of a knee applied to his back. He had been involved in a violent altercation (a "physical fight" with "apparent injuries") and admittedly was behaving in a way that required officers to use an impromptu spit shield and to forcibly subdue him. [Doc. No. 47, ¶¶ 27-29]  While, for example, the Ninth Circuit has ruled that "police may not kneel on a prone and *non-resisting* person's back so hard as to cause injury" *Cortesluna v. Leon*, 979 F.3d 645, 655 (9th Cir. 2020) (emphasis added), the only reasonable reading of Swanson's allegations, as discussed in more detail below, is that Mitchell was actively resisting the officers. In this Circuit, according to *Jackson v. Sauls:* "[T]he proper application of the Fourth Amendment reasonableness standard requires careful attention to the facts and circumstances of each particular case, including the severity of the crime involved, whether the suspect posed an

immediate threat to the safety of the officers or others, and *whether the suspect was actively resisting arrest or attempting to evade arrest by flight*."  206 F.3d 1156, 1170-1171 (11th Cir. 2000) (emphasis added).  Thus, to the extent Swanson opposes this Motion by relying on case law in which police officers applied force to a fully subdued, non-resisting arrestee, such reliance would be inapplicable to the case at hand. *See Galvez v. Bruce,* 552 F.3d 1238, 1244 n. 6 (11th Cir.2008) (explaining that if an arrestee is not fully secured, case law concerning nonresistant fully secured arrestees does not control); *Smith v. City of Atlanta*, 2009 WL 2589633 (N.D. Ga. Aug. 19, 2009) ("[Plaintiff] has provided no authority that stands for the proposition that forcefully moving a handcuffed, but resisting, arrestee to the pavement is excessive force.").

The facts alleged in the proposed Second Amended Complaint do not permit a plausible inference of excessive force.  It would likewise be erroneous to conclude the force used was excessive given that Mitchell was handcuffed.  A handcuffed suspect can still be resistant, uncooperative, and pose a threat of harm to officers.  Accordingly, officers were entitled to qualified immunity in *Hurston v. City of LaGrange*, 556 Fed. App'x. 800 (11th Cir. February 18, 2014) (officer permitted K-9 to attack handcuffed suspect); and *Smith v. City of Atlanta*, 2009 WL 2589633 (N.D. Ga. Aug. 19, 2009) (officer allegedly threw handcuffed suspect to ground).

Finally, the suggestion that the amount of force used somehow caused Mitchell's death after leaving the scene and returning home is speculative and does not amount to a factual basis for causation. The Eleventh Circuit, in the context of excessive force claims under an Eighth Amendment standard, has rejected the notion that "unforeseeable injuries can transform a reasonable application of force into an excessive one." *See Patel v. Lanier Cty. Georgia*, 969 F.3d 1173, 1184 (11th Cir. 2020) (citing *Wilkins v. Gaddy*, 559 U.S. 34, 34 (2010), for the general principle that lower courts should decide excessive force claims "based on the nature of the force rather than the extent of the injury"). There is no indication that some other, exceptional, standard for causation would apply to excessive force claims under the Fourth Amendment. For all the foregoing reasons, this Court should rule that the Second Amended Complaint does not allege sufficient facts to state a claim for excessive force under 42 U.S.C. § 1983 against the Fulton County Police Officer Defendants.

### C. Assuming For Argument's Sake Only Excessive Force Was Used, The Force Used Did Not Violate A Clearly Established Constitutional Right And Thus Qualified Immunity Applies To Bar The Claim Against The Fulton County Police Officer Defendants

Even if Swanson could establish that the application of an officer's knee to the back of Mitchell constituted excessive force, which is strictly denied, her claims against the Fulton County Police Officer Defendants are barred because the officers

are entitled to qualified immunity. "Qualified immunity is an immunity from suit rather than a mere defense to liability." *Pearson v. Callahan*, 555 U.S. 223, 237 (2009)(citation and internal quotation omitted). Moreover, qualified immunity "gives government officials breathing room to make reasonable but mistaken judgments." *J.B. ex rel. Brown v. Amerson*, 890 F. Supp. 2d 1299, 1303 (N.D. Ala. 2012), *aff'd*, 519 F. App'x 613 (11th Cir. 2013). Qualified immunity is a question of law for the court. *Post v. City of Ft. Lauderdale*, 7 F.3d 1552, 1557 (11th Cir. 1993).

The qualified immunity analysis consists of two steps. First, the defendant official must prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred. If the defendant makes such a showing, the burden then shifts to the plaintiff to demonstrate that the defendant's actions violated clearly established constitutional law. *Harstfield v. Lemaeks*, 50 F.3d 950, 953 (11th Cir. 1995); *Zeigler v. Jackson*, 716 F.2d 847, 849 (11th Cir. 1983). Only if there is a constitutional violation does the court proceed to determine whether that right was clearly established. *Id.*

"[A] government official can prove he acted within the scope of his discretionary authority by showing objective circumstances which would compel the conclusion that his actions were undertaken pursuant to the performance of his duties

and within the scope of his authority." *Rich v. Dollar*, 841 F.2d 1558, 1564 (11th Cir. 1988) (citations and internal quotations omitted). Swanson does not appear to dispute that the Fulton County Police Officer Defendants were acting within their discretionary authority when they restrained Mitchell, having alleged they "responded to a call for service for an irate customer" inside a restaurant. [Doc. No. 47 at ¶ 20]

The next step in the analysis is to examine whether the officers' conduct rose to the level of a constitutional violation. In order for a plaintiff to meet his or her burden of proof that the right the government official is said to have violated is "clearly established," "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Put differently, "when applied in excessive force cases, "qualified immunity applies unless application of the standard would inevitably lead every reasonable officer in [the position of the defendant officer] to conclude the force was unlawful." *Nolin v. Isbell*, 207 F.3d 1253, 1255 (11th Cir. 2000). There is no such overpowering consensus, whether among police officers or in the case law, that applying a knee in the back of a suspect who is actively resisting, and where, as here, the pressure used does not prevent the suspect from leaving the scene and returning home, is unlawful. Swanson does not

allege, for example, that the pressure applied caused any bruising, broken ribs, or other direct injury of any kind at the scene. Likewise, the cases cited above show the opposite of a "clearly established" right. Rather, they demonstrate that de minimis force, including application of a knee to the back (even in conjunction with other acts of force), has not been clearly prohibited by binding precedent.

Swanson's Second Amended Complaint indicates that Mitchell was acting in a manner such that objectively justified some form of police restraint and was actively resisting the Fulton County Police Officer Defendants' efforts to impose such restraint. "Determining whether the force used to effect a particular seizure is reasonable … requires careful attention to the facts and circumstances of each particular case, including … whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." *Crenshaw v. Lister*, 556 F.3d 1283, 1290 (11th Cir. 2009) (citations and internal quotations omitted).[3]

---

[3]      "In addition, other considerations include: (1) the need for the application of force, (2) the relationship between the need and the amount of force used, (3) the extent of the injury inflicted and, (4) whether the force was applied in good faith or maliciously and sadistically." *Crenshaw v. Lister*, 556 F.3d 1283, 1290 (11th Cir. 2009). All these considerations weigh against Swanson. Mitchell had been in a violent fight with restaurant employees and resisted arrest. Swanson has alleged Mitchell was in need of being put under control (although she disagrees with the manner of control used) and she has not alleged, nor do the totality of the circumstances alleged indicate, the police officers acted with malice.

Swanson has not alleged, for example, that the Fulton County Police Officer Defendants failed to properly identify themselves as police officers or were verbally abusive to Mitchell.  Swanson has also not alleged that the Fulton County Police Officer Defendants should not have, to use her own terms, "subdued" or "controlled" Mitchell or that he should not have been "restrained … in handcuffs with his arms behind his back[.]" [Doc. No. 47 at ¶ 27] Although she objects to the fact that the officers "tied a Bojangles apron around [Mitchell's] face" she does not allege that this constituted excessive force under the circumstances.  As the foregoing law requires, the reasonableness analysis turns on attention to all the facts and circumstances of the case.  Here, Swanson alleges that Mitchell "was involved in an altercation with employees of the restaurant" [*id.*at ¶ 23] which "escalated into a physical fight between Mr. Mitchell and at least 5 employees of the restaurant." [*Id.* at ¶ 24]  Rather than argue a lack of any justification to restrain Mitchell, and in addition to the foregoing context, Swanson describes Mitchell as "autistic" [*Id.* at ¶ 68]; "mentally disturbed" [*id.* at ¶ 70] so as in need of "proper[] restrain[t]" [*id.* at ¶ 70]; an "Impaired Person[]" [*id.* at ¶ 73(D)] and "having a mental health crisis" [*id.* at ¶ 73(F)].[4]  Swanson alleges that Fulton County failed to properly train the officers,

─────────────────────

[4]      The Supreme Court has ruled that "no consensus exists" establishing a constitutional right that police officers must accommodate a criminal suspect's disability or mental illness in the course of a seizure. *City & Cty. of San Francisco,*

thereby causing "the officers to use force that was foreseeably ineffective at subduing him, instead of *safely gaining control of him or simply waiting for him to tire or calm down*." [*Id.* at ¶ 76](emphasis added).[5]  It is evident from this language Swanson is not alleging Mitchell was acting in an obedient, compliant manner toward the officers but rather that Mitchell was actively resisting the efforts to restrain him.

As a result, even if Swanson's allegations stated a claim for excessive force, the Fulton County Police Officer Defendants would be entitled to dismissal on the basis of qualified immunity.

## CONCLUSION

For the foregoing reasons, the Fulton County Police Officer Defendants respectfully ask that their motion to dismiss be granted and that this Court dismiss

---

*Calif. v. Sheehan*, 575 U.S. 600, 617 (2015).  "If anything," the Court observed, "the opposite may be true. See, *e.g., Bates v. Chesterfield County,* 216 F.3d 367, 372 (C.A.4 2000) ("Knowledge of a person's disability simply cannot foreclose officers from protecting themselves, the disabled person, and the general public"); *Sanders v. Minneapolis,* 474 F.3d 523, 527 (C.A.8 2007) (following *Bates, supra* ); *Menuel v. Atlanta,* 25 F.3d 990 (C.A.11 1994) (upholding use of deadly force to try to apprehend a mentally ill man who had a knife and was hiding behind a door)."  *Id.*

[5]     "The Fourth Amendment does not require officers to use the least intrusive or even less intrusive alternatives in search and seizure cases. The only test is whether what the police officers actually did was reasonable." *Menuel v. City of Atlanta*, 25 F.3d 990, 996–97 (11th Cir. 1994).

the Fulton County Police Officer Defendants (Jennifer Jones; Victoria Whaley; Douglass Hardnett, and Desmond Lowe) from this lawsuit.

Respectfully submitted, this 17th day of September, 2021.

**OFFICE OF THE FULTON COUNTY ATTORNEY**

Kaye Woodard Burwell
Interim County Attorney
Georgia Bar No. 775060
kaye.burwell@fultoncountyga.gov

Steven E. Rosenberg
Deputy County Attorney
Georgia Bar No. 614560
steven.rosenberg@fultoncountyga.gov

*/s/  William K. Scott*
 William K. Scott
Assistant County Attorney
Georgia Bar No. 252892
william.scott@fultoncountyga.gov
**Attorneys for Defendant Fulton County, Georgia**

141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (office)
(404) 730-6324 (facsimile)

18

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| SHANITA D. SWANSON, Natural Mother and Administrator of the Estate of Anthony J. Mitchell,    ) ) ) | |
| ) | CIVIL CASE NO. |
| Plaintiff,    ) | |
| ) | 1:21-cv-00996-AT |
| v.    ) | |
| ) | |
| ) | |
| FULTON COUNTY, GA, GRADY EMS, LLC, JAMES LUSTER, JEREMIAH WHITEHEAD, WILLIAM ROBERTS, JAMES BAUMGARTNER, JEREMY HOLLAND, JENNIFER JONES, VICTORIA WHALEY, DOUGLASS HARDNETT, and DESMOND LOWE,    ) ) ) ) ) ) ) ) | |
| ) | |
| Defendants.    ) | |
| _____) | |

**CERTIFICATE OF FONT, TYPE AND SERVICE**

THIS IS TO CERTIFY that on this 17th day of September, 2021, the undersigned counsel presented this document in Times New Roman, 14 point type in accordance with L.R. 5.1(C). I further certify that I electronically filed this certificate of service with the Clerk of Court using the CM/ECF system and served a copy of the foregoing **BRIEF IN SUPPORT OF FULTON COUNTY POLICE OFFICERS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED**

**COMPLAINT FOR DAMAGES** upon Plaintiff by depositing a true and correct copy of same in the United States Mail with adequate postage affixed thereto, addressed as follows:

**MICHAEL D. HARPER, P.C.**
Michael D. Harper
3481 Lakeside Dr. N.E., Suite 2406
Atlanta, Georgia 30326
Email: mharper@mharperlaw.com

**GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, LLP**
Harvey S. Gray
Alex Joseph
950 East Paces Ferry Road, N.E.
Suite 1700 – Salesforce Tower
Atlanta, Georgia 30326
(404) 870-7376 (Gray)
(404) 870-7389 (Joseph)
(404) 870-7374 (Fax)
hgray@grsmb.com
ajoseph@grsmb.com

**THOMAS KENNEDY SAMPSON & TOMPKINS LLP**
Jeffrey E. Tompkins
Marriah N. Paige
3355 Main Street
Atlanta, Georgia 30337
(404) 688-4503
j.tompkins@tkstlaw.com
m.paige@tkstlaw.com

This 17th day of September, 2021.

_/s/  **William K. Scott**_
 William K. Scott
Assistant County Attorney
Georgia Bar No. 252892
William.scott@fultoncountyga.gov

**OFFICE OF THE FULTON COUNTY ATTORNEY**
141 Pryor Street, S.W.
Suite 3048
Atlanta, Georgia 30303
404-612-0234 (office)
404-730-6324 (facsimile)

21