## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| SHANITA D. SWANSON, Natural | ) | |
| Mother and Administrator of the Estate | ) | |
| of Anthony J. Mitchell, | ) | |
| | ) | CIVIL CASE NO. |
| Plaintiff, | ) | |
| | ) | 1:21-cv-00996-AT |
| v. | ) | |
| | ) | |
| FULTON COUNTY, GA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## DEFENDANTS FULTON COUNTY POLICE OFFICERS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

COME NOW Defendants Fulton County Police Officers Jennifer Jones, Victoria Whaley, Douglass Hardnett, and Desmond Lowe ("Defendant Officers"), by and through undersigned counsel, and hereby files this Answer to Plaintiff Shanita D. Swanson's ("Plaintiff) Second Amended Complaint (the "Complaint").

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant Officers upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred to the extent that Defendant Officers are entitled to qualified immunity.

## THIRD DEFENSE

Plaintiff's claims are barred to the extent that Defendant Officers are entitled to official immunity.

## FOURTH DEFENSE

Defendant Officers did not commit any act or omission which would make them liable in any way to Plaintiff for any cause of action.

## FIFTH DEFENSE

Defendant Officers did not subject Plaintiff to the deprivation of any rights, due process or otherwise, privileges or immunities secured by the Constitution or laws of the State of Georgia or the United States of America.

## SIXTH DEFENSE

Defendant Officers did not breach any official duty, any court duty, any court order compelling Defendant Officers to act, or any duty created under the Constitution of the United States compelling Defendant to act with regard to the event(s) allegedly giving rise to Plaintiff's claims.

## SEVENTH DEFENSE

Defendant Officers did not breach any duty owed to Plaintiff with regard to the event(s) allegedly giving rise to Plaintiff's claims.

## EIGHTH DEFENSE

To the extent as may be shown by the evidence, Defendant Officers herein assert all defenses available under Federal Rule of Civil Procedure 12.

## NINTH DEFENSE

Defendant Officers are not liable for attorneys' fees nor are any such fees warranted in this case.

## TENTH DEFENSE

Defendant Officers did not act with any intentional or willful misconduct, wantonness, or an entire want of care entitling Plaintiff to punitive damages.

## ELEVENTH DEFENSE

Plaintiff's claims are barred to the extent that Defendant Officers are entitled to sovereign immunity.

## TWELFTH DEFENSE

Defendant Officers responds to the enumerated allegations of the Complaint as follows:

## Parties, Jurisdiction, and Venue

1.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 1 of the Complaint, and therefore deny the same.

2.

Defendant Officers deny that they committed any wrongdoing as to Plaintiff or Mr. Mitchell, and deny that Plaintiff is entitled to any damages whatsoever from Defendant Officers.

3.

The allegations in Paragraph No. 3 of the Complaint are asserted against a now dismissed defendant, and no response to the same is required.  To the extent a response is required, Defendant Officers deny the same.

4.

The allegations in Paragraph No. 4 of the Complaint are asserted against a now dismissed defendant, and no response to the same is required.  To the extent a response is required, Defendant Officers deny the same.

5.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 5 of the Complaint, and therefore deny the same.

6.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 6 of the Complaint, and therefore deny the same.

7.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 7 of the Complaint, and therefore deny the same.

8.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 8 of the Complaint, and therefore deny the same.

9.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 9 of the Complaint, and therefore deny the same.

10.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 10 of the Complaint, and therefore deny the same.

11.

In response to the allegations contained in Paragraph No. 11 of the Complaint, Defendant Officers admit that Jennifer Jones was a police officer with the Fulton County Police Department and is subject to the jurisdiction of this Court.  Defendant Officers deny the remaining allegations contained in said paragraph.

12.

In response to the allegations contained in Paragraph No. 12 of the Complaint, Defendant Officers admit that Victoria Whaley was a police officer with the Fulton County Police Department and is subject to the jurisdiction of this Court.  Defendant Officers deny the remaining allegations contained in said paragraph.

13.

In response to the allegations contained in Paragraph No. 13 of the Complaint, Defendant Officers admit that Douglass Hardnett was a police officer with the Fulton County Police Department and is subject to the jurisdiction of this Court. Defendant Officers deny the remaining allegations contained in said paragraph.

14.

In response to the allegations contained in Paragraph No. 14 of the Complaint, Defendant Officers admit that Desmond Lowe was a police officer with the Fulton County Police Department and is subject to the jurisdiction of this Court. Defendant Officers deny the remaining allegations contained in said paragraph.

15.

Defendant Officers admit the allegations contained in Paragraph No. 15 of the Complaint.

## **Factual Summary**

16.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 16 of the Complaint, and therefore deny the same.

17.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 17 of the Complaint, and therefore deny the same.

18.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 18 of the Complaint, and therefore deny the same.

19.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 19 of the Complaint, and therefore deny the same.

20.

Defendant Officers admit the allegations contained in Paragraph No. 20 of the Complaint.

21.

Defendant Officers admit the allegations contained in Paragraph No. 21 of the Complaint.

22.

In response to the allegations contained in Paragraph No. 22 of the Complaint, Defendants Officers are without knowledge or information sufficient to form a belief as to the truth of the allegation that Mr. Mitchell had autism or that his injuries were traumatic.   Defendant Officers admit the remaining allegations contained in said paragraph.

23.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 23 of the Complaint, and therefore deny the same.

24.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 24 of the Complaint, and therefore deny the same.

25.

In response to the allegations contained in Paragraph No. 25 of the Complaint, Defendant Officers admit that Mr. Mitchell appeared to have injuries to his face and head.   Defendant Officers are without knowledge or information sufficient to form

a belief as to the truth of the remaining allegations contained in said paragraph, and therefore deny the same.

26.

In response to the allegations contained in Paragraph No. 26 of the Complaint, Defendant Officers admit that Mr. Mitchell was bleeding.  Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore deny the same.

27.

In response to the allegations contained in Paragraph No. 27 of the Complaint, Defendant Officers admit that Mr. Mitchell was restrained and prevented from further injuring himself or others.  Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore deny the same.

28.

Defendants Officers admit the allegations contained in Paragraph No. 28 of the Complaint.

29.

In response to the allegations contained in Paragraph No. 29 of the Complaint, Defendant Officers admit that Mr. Mitchell was restrained and prevented from

further injuring himself or others.   Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore deny the same.

30.

Defendant Officers deny the allegations contained in Paragraph No. 30 of the Complaint.

31.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 31 of the Complaint, and therefore deny the same.

32.

Defendants Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 32 of the Complaint, and therefore deny the same.

33.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 33 of the Complaint, and therefore deny the same.

34.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 34 of the Complaint, and therefore deny the same.

35.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 35 of the Complaint, and therefore deny the same.

36.

In response to the allegations contained in Paragraph No. 36 of the Complaint, Defendant Officers admit that Captain Luster, Sergeant Whitehead, and Firefighter Roberts left the scene after Mr. Mitchell refused medical treatment. Defendants further state that the incident report referenced in said paragraph speak for themselves. Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore deny the same.

37.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 37 of the Complaint, and therefore deny the same.

38.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 38 of the Complaint, and therefore deny the same.

39.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 39 of the Complaint, and therefore deny the same.

40.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 40 of the Complaint, and therefore deny the same.

41.

In response to the allegations contained in Paragraph No. 41 of the Complaint, Defendant Officers admit that Grady EMS EMTs arrived at the scene.  Defendant

Officers are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore deny the same.

42.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 42 of the Complaint, and therefore deny the same.

43.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 43 of the Complaint, and therefore deny the same.

44.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 44 of the Complaint, and therefore deny the same.

45.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 45 of the Complaint, and therefore deny the same.

46.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 46 of the Complaint, and therefore deny the same.

47.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 47 of the Complaint, and therefore deny the same.

48.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 48 of the Complaint, and therefore deny the same.

49.

Defendant Officers admit the allegations contained in Paragraph No. 49 of the Complaint.

50.

Defendant Officers admit the allegations contained in Paragraph No. 50 of the Complaint.

51.

In response to the allegations contained in Paragraph No. 51 of the Complaint, Defendant Officers admit that Mr. Mitchell was released to the care of Plaintiff. Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and therefore deny the same.

52.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 52 of the Complaint, and therefore deny the same.

53.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 53 of the Complaint, and therefore deny the same.

54.

Upon information and belief, Defendant Officers admit the allegations contained in Paragraph No. 54 of the Complaint.

55.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 55 of the Complaint, and therefore deny the same.

56.

Upon information and belief, Defendant Officers admit the allegations contained in Paragraph No. 56 of the Complaint.

57.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 57 of the Complaint, and therefore deny the same.

58.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 58 of the Complaint, and therefore deny the same.

59.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 59 of the Complaint, and therefore deny the same.

60.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 60 of the Complaint, and therefore deny the same.

61.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 61 of the Complaint, and therefore deny the same.

62.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 62 of the Complaint, and therefore deny the same.

63.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 63 of the Complaint, and therefore deny the same.

64.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 64 of the Complaint, and therefore deny the same.

65.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 65 of the Complaint, and therefore deny the same.

66.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 66 of the Complaint, and therefore deny the same.

67.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 67 of the Complaint, and therefore deny the same.

## <u>Count I:</u>
## <u>Liability Under 42 U.S.C. § 1983 against Defendant Fulton County, GA for Unconstitutional Ministerial Policies which led to the death of Anthony J. Mitchell</u>

68.

Defendant Officers deny the allegations contained in Paragraph No. 68 of the Complaint.

69.

Defendant Officers deny the allegations contained in Paragraph No. 69 of the Complaint.

70.

Defendant Officers deny the allegations contained in Paragraph No. 70 of the Complaint.

71.

The allegations in Paragraph No. 71 of the Complaint are asserted against a now dismissed defendant, and no response to the same is required.  To the extent a response is required, Defendant Officers deny the same.

72.

Defendant Officers deny the allegations contained in Paragraph No. 72 of the Complaint.

73.

The allegations in Paragraph No. 73 of the Complaint are asserted against a now dismissed defendant, and no response to the same is required.  To the extent a response is required, Defendant Officers deny the same.

74.

The allegations in Paragraph No. 74 of the Complaint are asserted against a now dismissed defendant, and no response to the same is required.  To the extent a response is required, Defendant Officers deny the same.

75.

Defendant Officers deny the allegations contained in Paragraph No. 75 of the Complaint.

76.

The allegations in Paragraph No. 76 of the Complaint are asserted against a now dismissed defendant, and no response to the same is required.  To the extent a response is required, Defendant Officers deny the same.

77.

Defendant Officers deny the allegations contained in Paragraph No. 77 of the Complaint.

78.

The allegations in Paragraph No. 78 of the Complaint are asserted against a now dismissed defendant, and no response to the same is required.  To the extent a response is required, Defendant Officers deny the same.

**Count II:**
**Action Pursuant to 42 U.S.C. § 1983 in violation of the 4th and 14th Amendments of the United States constitution for Excessive Force against Defendants Jennifer Jones, Victoria Whaley, Douglass Hardnett, and Desmond Lowe**

79.

Defendant Officers deny the allegations contained in Paragraph No. 79 of the Complaint.

80.

Defendant Officers deny the allegations contained in Paragraph No. 80 of the Complaint.

81.

Defendant Officers deny the allegations contained in Paragraph No. 81 of the Complaint.

82.

Defendant Officers deny the allegations contained in Paragraph No. 82 of the Complaint.

83.

Defendant Officers deny the allegations contained in Paragraph No. 83 of the Complaint.

84.

Defendant Officers deny the allegations contained in Paragraph No. 84 of the Complaint.

85.

Defendant Officers deny the allegations contained in Paragraph No. 85 of the Complaint.

86.

Defendant Officers deny the allegations contained in Paragraph No. 86 of the Complaint.

87.

Defendant Officers deny the allegations contained in Paragraph No. 87 of the Complaint.

88.

Defendant Officers deny the allegations contained in Paragraph No. 88 of the Complaint.

## Count III:
## Negligence Against James Luster, Jeremiah Whitehead, William Roberts, James Baumgartner and Jeremy Holland

89.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 89 of the Complaint, and therefore deny the same.

90.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 90 of the Complaint, and therefore deny the same.

91.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 91 of the Complaint, and therefore deny the same.

92.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 92 of the Complaint, and therefore deny the same.

93.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 93 of the Complaint, and therefore deny the same.

94.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 94 of the Complaint, and therefore deny the same.

95.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 95 of the Complaint, and therefore deny the same.

96.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 96 of the Complaint, and therefore deny the same.

97.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 97 of the Complaint, and therefore deny the same.

98.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 98 of the Complaint, and therefore deny the same.

99.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 99 of the Complaint, and therefore deny the same.

100.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 100 of the Complaint, and therefore deny the same.

101.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 101 of the Complaint, and therefore deny the same.

102.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 102 of the Complaint, and therefore deny the same.

103.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 103 of the Complaint, and therefore deny the same.

104.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 104 of the Complaint, and therefore deny the same.

105.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 105 of the Complaint, and therefore deny the same.

106.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 106 of the Complaint, and therefore deny the same.

## Count IV:
## Vicarious Liability for Grady EMC, LLC

107.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 107 of the Complaint, and therefore deny the same.

108.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 108 of the Complaint, and therefore deny the same.

## **Count V:**
## **Damages**

### 109.

Defendant Officers deny that they are liable for the death of Mr. Mitchell under any applicable laws. Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of the Complaint, and therefore deny the same.

### 110.

Defendant Officers deny the allegations contained in Paragraph No. 110 of the Complaint.

### 111.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 111 of the Complaint, and therefore deny the same.

### 112.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 112 of the Complaint, and therefore deny the same.

113.

Defendant Officers deny the allegations contained in Paragraph No. 113 of the Complaint.

## Count VI:
## Attorney's Fees

114.

Defendant Officers deny the allegations contained in Paragraph No. 114 of the Complaint.

115.

In response to the allegations contained in Paragraph No. 115 of the Complaint, Defendant Officers deny that they are liable to Plaintiff for attorney's fees or any other damages.

## GENERAL DENIAL

Defendant Officers deny each and every allegation of Plaintiff's Complaint not specifically admitted, denied, or otherwise contradicted herein.

**WHEREFORE**, Defendant Officers prays that:

A. Plaintiff's Complaint be dismissed in its entirety;

B. All costs of this litigation be paid by Plaintiff; and

C. The Court grant any such further relief it deems just and proper.

Respectfully submitted, this 1st day of April, 2022.

**OFFICE OF THE FULTON COUNTY ATTORNEY**

Y. Soo Jo
County Attorney

Steven E. Rosenberg
Deputy County Attorney
Georgia Bar No. 614560
steven.rosenberg@fultoncountyga.gov

**/s/ *Emilie O. Denmark***
Emilie O. Denmark
Assistant County Attorney
Georgia Bar No. 185110
emilie.denmark@fultoncountyga.gov

*Attorneys for Defendants Fulton County Police Officers Jennifer Jones, Victoria Whaley, and Douglass Hardnett*

141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (Office)
(404) 730-6324 (Facsimile)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| SHANITA D. SWANSON, Natural | ) | |
| Mother and Administrator of the Estate | ) | |
| of Anthony J. Mitchell, | ) | |
| | ) | CIVIL CASE NO. |
| Plaintiff, | ) | |
| | ) | 1:21-cv-00996-AT |
| v. | ) | |
| | ) | |
| FULTON COUNTY, GA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## <u>CERTIFICATE OF SERVICE AND COMPLIANCE</u>

THIS IS TO CERTIFY that on this day, the undersigned counsel presented

**DEFENDANTS FULTON COUNTY POLICE OFFICERS' ANSWER TO**

**PLAINTIFF'S SECOND AMENDED COMPLAINT** in Times New Roman, 14

point type, in accordance with the United States District Court for the Northern

District of Georgia Local Rule 5.1(C), and filed a copy with the Clerk of Court using

the CM/ECF system, which will provide email notification to the following counsel

of record:

Michael D. Harper
Michael D. Harper, P.C.
3481 Lakeside Dr. N.E., Suite 2406
Atlanta, Georgia 30326

Jeffery E. Tompkins
Thomas Kennedy Sampson & Tompkins LLP
3355 Main Street
Atlanta, Georgia 30337

Harvey S. Gray
Alex Joseph
Gray, Rust, St. Amand, Moffett & Brieske, LLP
950 East Paces Ferry Road, N.E.
Suite 1700 – Salesforce Tower
Atlanta, Georgia 30326

This 1st day of April, 2022.

**/s/ *Emilie O. Denmark***
Emilie Denmark
Assistant County Attorney
Georgia Bar No. 185110
emilie.denmark@fultoncountyga.gov

**Office of the Fulton County Attorney**
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (Office)
(404) 730-6324 (Facsimile)